**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.

*Proposed Counsel for the Debtor and Debtor-In-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                                           Chapter 11

FRALEG GROUP, INC.,                                             Case No.: 22-41410-jmm

                                        Debtor.
--------------------------------------------------------X

### DEBTOR'S APPLICATION FOR AN ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND DESIGNATING FORM AND MANNER OF NOTICE

**TO:    THE HONORABLE JIL MAZER-MARINO,
           UNITED STATES BANKRUPTCY JUDGE**

Fraleg Group, Inc., the debtor and debtor-in-possession (the "Debtor"), in this Chapter 11 case, by and through its proposed counsel, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for the Debtor's application (the "Application") for entry of an order, under Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), fixing a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and respectfully sets forth and represents as follows:

### BACKGROUND

1.    On June 17, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code").

2. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in this case.

3. The Debtor is a New York corporation, with its corporate office located at 931 Lincoln Place, Brooklyn, New York 11213.

4. The Debtor is a real estate investment company formed in or around 2017 and its business involves the purchase, ownership, management, rental and/or sale of real estate for profit.

## RELIEF SOUGHT

5. This Application is submitted in support of the entry of an order establishing a bar date (the "Bar Date") for the filing of proofs of claim or interests ("Proofs of Claim") in the Debtor's case and designating the form and manner of notice thereof.

6. The Debtor has filed Schedules of Assets and Liabilities (the "Schedules").

7. Pursuant to Rule 3003(b)(1) of the Bankruptcy Rules, the Schedules filed by the Debtor constitute *prima facie* evidence of the validity of most of the claims of creditors listed therein. For sake of clarity, the Debtor has scheduled certain claims as "disputed," "contingent" and/or "unliquidated." Any creditor whose claim is not scheduled or is scheduled as "disputed," "contingent" or "unliquidated" on the Schedules must file a proof of claim, pursuant to Rule 3003(c)(2) of the Bankruptcy Rules. Any creditors who fail to do so shall not be treated as a creditor for purposes of voting and distribution, as provided by Rule 3003(c)(2) of the Bankruptcy Rules.

8. Rule 3003(c)(3) of the Bankruptcy Rules provides that the Court shall fix the time within which Proofs of Claim may be filed.

9. The Debtor, by and through this Application, hereby requests that pursuant to Rule

3003(c)(3) of the Bankruptcy Rules, this Court fix the time within which the proofs of claim must be filed in this case (the "Bar Date").

10. As set forth in the annexed order establishing the Bar Date, the Debtor intends to give notice (the "Notice"), substantially in the form annexed hereto as **Exhibit "A"**, by serving a copy of the Notice by first-class mail upon: (i) all known creditors of the Debtor, including, but not limited to, all creditors listed in the Schedules; (ii) all persons or entities that have filed Notices of Appearance under Rule 2002 of the Bankruptcy Rules; (iii) all other known holders of claims, if any, pursuant to the Debtor's books and records; (iv) counsel to the official committee, should one be appointed; and (v) the Office of the United States Trustee.

11. The Debtor submits that Notice of the Bar Date, as set forth above, is proper and sufficient notice under Section 102 of the Bankruptcy Code, and in accordance with Rules 2002 and 9007 of the Bankruptcy Rules.

12. In accordance with the foregoing, the Debtor submits that the entry of the annexed order, is in the best interests of the Debtor, its estate and creditors.

13. The forms of proposed order setting the last date to file Proofs of Claim, the procedures thereto, and the Notice, complies with the Procedural Guidelines for Filing Requests for Orders to set the Last Date for Filing Proofs of Claim.

[*Remainder of Page Intentionally Left Blank*]

## NO PREVIOUS REQUEST

14. No previous application or motion has been submitted to this or any other Court for the relief sought herein.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form of the proposed order annexed hereto: (i) establishing a Bar Date and directing notice thereof; together with (ii) such other, further and different relief that this Court may deem just, proper and equitable.

Dated: June 28, 2022  
       Huntington, New York

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**

By: */s/ Avrum J. Rosen*  
Avrum J. Rosen, Esq.  
Alex E. Tsionis, Esq.  
38 New Street  
Huntington, NY 11743  
(631) 423-8527  
arosen@ajrlawny.com  
npizzo@ajrlawny.com

*Proposed Counsel for the Debtor and Debtor-In-Possession*