**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.

*Proposed Counsel for the Debtor and Debtor-In-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                               Chapter 11

FRALEG GROUP, INC.,                                  Case No.: 22-41410-jmm

                            Debtor.
-----------------------------------------------------x

## APPLICATION FOR ENTRY OF AN ORDER SCHEDULING A HEARING ON AN EXPEDITED BASIS SEEKING ENTRY OF AN ORDER: (I) ENFORCING THE AUTOMATIC STAY, AND (II) GRANTING THE DEBTOR AN AWARD FOR DAMAGES FROM VIOLATION OF THE AUTOMATIC STAY

**TO:   THE HONORABLE JIL MAZER-MARINO,
       UNITED STATES BANKRUPTCY JUDGE:**

Fraleg Group, Inc., the debtor and debtor-in-possession (the "Debtor"), in this Chapter 11 case, by and through its proposed counsel, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this application (the "Application") seeking the entry of an Order scheduling a hearing on an expedited basis to consider the entry of an Order of this Court under Sections 105, and 362(a) of Title 11 of the United States Code (the "Bankruptcy Code"), and the Court's inherent power to enforce its orders and the mandates of the Bankruptcy Code: (i) enforcing the automatic stay with respect to the creditor CAF Borrower GS LLC's (the "Lender") motion to void the order of dismissal entered in the Dismissed Bankruptcy case; (ii) granting the Debtor an award for damages against the Lender and its counsel, Polsinelli PC (the "Counsel"), arising from violation of the automatic stay; and (iii) granting such other and further relief as this Court deems just and proper

1

under the circumstances as follows:

## BACKGROUND FACTS

**A.     The Bankruptcy Filing, Procedural Background and Assets**

1.    On June 17, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.    The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in this case.

3.    The Debtor is a real estate investment company formed in or around 2017 and its business involves the purchase, ownership, management, rental and/or sale of real estate for profit. The Debtor is a New York corporation, with its corporate office located at 931 Lincoln Place, Brooklyn, New York 11213.

4.    The Plaintiff is the fee owner of the of the real property commonly known as 112 North Walnut Street, East Orange, New Jersey 07017 (the "Property"). The Property is improved by a 29-unit residential building, which is currently vacant.

5.    In addition, the Plaintiff is also the fee owner of the real property commonly known as 116 North Walnut Street, East Orange, New Jersey 07017 (the "Vacant Lot"). The Vacant Lot is unimproved, is adjacent to the Property, and is used solely as parking for the Property. Currently, the Plaintiff does not own or manage any other real estate.  The full facts of the prior case and this case are set forth in the Debtor's Rule 1007 Affidavit [Dkt. No. 5] and are incorporated herein by reference.

**B.      The Prior Dismissed Bankruptcy Case**

6.      On September 14, 2021, the Plaintiff filed the dismissed bankruptcy case captioned *Fraleg Group, Inc., Chapter 11 Subchapter V Case Number 21-42322-jmm* (the "Dismissed Bankruptcy"). The Plaintiff was represented by Hemmings & Snell LLP in the Dismissed Bankruptcy.

7.      On November 29, 2021, the Lender filed a motion seeking relief from the automatic stay [Dismissed Bankruptcy Dkt. No. 26] (the "Stay Relief Motion"). The Lender's Stay Relief Motion was sought to continue its litigation of the Foreclosure Action.

8.      On January 12, 2022, the Debtor filed an objection to the Lender's Stay Relief Motion [Dismissed Bankruptcy Dkt. No. 35].

9.      On January 19, 2022 the parties appeared at a hearing on the Lender's Stay Relief Motion and the Court ordered a discovery period.

10.     On February 22, 2022, the Lender filed an amended Stay Relief Motion [Dismissed Bankruptcy Dkt. No. 39]. Following a hearing on March 30, 2022, the Court entered an Order granting the Lender's Stay Relief Motion [Dismissed Bankruptcy Dkt. No. 42] with respect to the Property (the "Stay Relief Order").

11.     On May 16, 2022, the Debtor, by and through its then-counsel, filed a motion to voluntarily dismiss the Initial Bankruptcy Case [Dismissed Bankruptcy Dkt. No. 53]. The basis for that motion was that the Debtor had obtained a commitment to pay off the Lender and could only close if the case was dismissed. The commitment for the refinance was an exhibit to the motion to dismiss.

12.     The Court entered an Order dismissing the Dismissed Bankruptcy case on June 3, 2022 [Dismissed Bankruptcy Dkt. No. 59] (the "Order of Dismissal").

13. On June 7, 2022 the Debtor's then-counsel requested a pay-off letter from the Lender's Counsel for a closing scheduled for June 15, 2022. Simultaneously, the adjourned foreclosure sale was scheduled for June 21, 2022. That pay-off letter [Exhibit "B" to the Rule 1007 Affidavit] was for approximately $800,000.00 more than the amount actually due pursuant to the Judgment of Foreclosure and Sale [Exhibit "F" to the 1007 Affidavit].

C. **The Lender's Violation of the Automatic Stay**

14. On July 13, 2022, approximately twenty-six (26) days after the automatic stay was in place in the instant bankruptcy case, the Lender filed the 9024 Motion in the Dismissed Bankruptcy seeking, among other things, an Order voiding the Order of Dismissal, reinstating the Dismissed Bankruptcy case, and declaring the Stay Relief Order to be in effect against the Debtor.

D. **The Action Taken in the Instance Bankruptcy Proceeding**

15. On the Petition Date (June 17, 2022), immediately after filing the Chapter 11 Petition in the instant bankruptcy, the Debtor, by and through the undersigned counsel, notified the Lender of the active bankruptcy case filing and the automatic stay.

16. On June 23, 2022, the Rule 1007 Affidavit was filed [Dkt No. 5] which clearly set forth the allegations against the Lender and its Counsel for filing a false claim and lift stay motion in the Dismissed Case and in persisting its demand for approximately $800,000.00 more than the amount due pursuant to the Foreclosure Judgment. It must be noted that in none of the pleadings filed by the Lender, has it disputed those calculations.

17. On July 14, 2022, the Lender filed the *In Rem* Motion.

18. On July 25, 2022, the Debtor commenced an adversary proceeding against the Lender in the instant bankruptcy case, styled as *Fraleg Group, Inc., against CAF Borrower GS LLC and Polsinelli PC*, Adversary Proceeding Number 22-01060-jmm (the "Adversary

Proceeding"). The Debtor seeks, *inter alia*, damages and contempt based on the defendants' alleged fraud and abuse of process.

## EXPEDITED RELIEF NECESSARY

19. The Trustee seeks a hearing on the Application on an expedited basis due to the fact there are several matters already set to be heard by this Court on August 17, 2022, which are intricately related to the Debtor's Application.

20. On August 17, 2022, the Court will hear: (i) the Lender's 9024 Motion; (ii) the Lender's *In Rem* Motion; and (iii) the adjourned initial status management conference [Dkt. No. 13].

21. The Debtor's Application asserts that the Lender's 9024 Motion was the action that violated the stay. The Application further seeks to enforce the automatic stay as to the Lender's 9024 Motion by denying its relief sought. Thus, it is reasonable that those matters should be heard together on August 17, 2022.

22. Additionally, the Debtor's Application, which the Debtor seeks this expedited relief for, are related to the facts and the relief sought in the Lender's motions (the 9024 Motion and the *In Rem* Motion).

23. In further support, the Debtor's Application seeks relief against the Lender and its Counsel, which are the parties that filed the applications set to be heard, and are expected to appear, on August 17, 2022. The hearing of the Debtor's Application on an expedited basis with the matters scheduled for August 17, 2022 is beneficial, both in reason and economics, to the parties and this Court because all matters will be heard together.

24. Lastly, at the initial status management conference held before this Court on August 3, 2022, the undersigned first informed this Court and all parties who appeared, including Lender's

Counsel, that the instant motion will be filed. The Debtor further asserts that there is sufficient time for the Lender, Lender's Counsel and any other party with standing to prepare a response.

25. Therefore, the Debtor, under equity, seeks an expedited hearing in order to enforce the automatic stay with respect to the Lender's motion to void the order of dismissal entered in the Dismissed Bankruptcy.

26. Absent this immediate relief, the estate will be harmed because the Lender will continue to violate the stay at the detriment to the Debtor and its creditors.

27. Therefore, obtaining expedited approval of the Application for authority to enforce the automatic stay, and award the Debtor damages is material and critical to the estate and the Debtor's creditors.

28. It is for these reasons that the Debtor seeks an expedited hearing to consider the attached Application.

**WHEREFORE**, the Debtor respectfully requests that this Honorable Court enter an Order: (i) scheduling a hearing on an expedited basis to consider the Debtor's Application; together with (ii) such other and further relief as this Court may deem just and proper.

Dated: August 4, 2022                  Respectfully submitted,
       Huntington, New York

                                                       **Law Offices of Avrum J. Rosen, PLLC**

                                    By:     */s/ Avrum J. Rosen*
                                                     Avrum J. Rosen, Esq.
                                                     Nico G. Pizzo, Esq.
                                                     38 New Street
                                                     Huntington, NY 11743
                                                     (631) 423-8527
                                                     arosen@ajrlawny.com
                                                     npizzo@ajrlawny.com

                                                     *Proposed Counsel for the Debtor*
                                                     *and Debtor-In-Possession*