**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.

*Proposed Counsel for the Debtor and Debtor-In-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                          Chapter 11

FRALEG GROUP, INC.,                                             Case No.: 22-41410-jmm

                            Debtor.
--------------------------------------------------------X

**DEBTOR'S MOTION FOR AN ORDER: (I) ENFORCING THE
AUTOMATIC STAY, AND (II) GRANTING THE DEBTOR AN AWARD
<u>FOR DAMAGES FROM VIOLATION OF THE AUTOMATIC STAY</u>**

**TO:    THE HONORABLE JIL MAZER-MARINO,
         UNITED STATES BANKRUPTCY JUDGE**

Fraleg Group, Inc., the debtor and debtor-in-possession (the "<u>Debtor</u>"), in this Chapter 11 case, by and through its proposed counsel, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for the Debtor's motion (the "<u>Motion</u>") pursuant to §§ 362(a) and 105(a) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and the Court's inherent power to enforce its orders and the mandates of the Bankruptcy Code, for the entry of an Order: (i) enforcing the automatic stay with respect to creditor and lender CAF Borrower GS LLC's (the "<u>Lender</u>") motion to void the order of dismissal (the "<u>9024 Motion</u>") entered in the dismissed bankruptcy action captioned *Fraleg Group, Inc., Chapter 11 Subchapter V Case Number 21-42322-jmm* (the "<u>Dismissed Bankruptcy</u>"), pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>"), and (ii) granting the Debtor an award for damages against the Lender and its counsel Polsinelli PC ("<u>Counsel</u>") arising from violation of the automatic stay, and respectfully

1

sets forth and represents as follows:

## PRELIMINARY STATEMENT

1. The Lender, a plaintiff in the state court action captioned *CAF Borrowers GS, LLC, vs. Fraleg Group Inc. A New York Corporation; et. als,* Case Number F001632-20 in the Superior Court of New Jersey, Chancery Division, Essex County (the "Foreclosure Action"), and its Counsel have abjectly failed to comply with the automatic stay to instead pursue the 9024 Motion in furtherance of a foreclosure sale even after the Lender and its Counsel were notified of the pending Chapter 11 Bankruptcy Case.

2. In fact, the Lender and its Counsel admit that there is a stay in place in this case because it filed an *In rem* motion seeking relief from the automatic stay [Dkt. No. 15] (the "*In Rem Motion*"). Before the Lender had exercised its resources to the lift the automatic stay in the instant pending Chapter 11 Bankruptcy case, the Lender first filed the 9024 Motion intentionally violating the automatic stay. The Lender's conduct not only goes against one of the fundamental tenets of bankruptcy, providing the Debtor relief from collection efforts and a fresh start to reorganize, but it is an intentional, willful, and malicious violation of the automatic stay which would warrant an award for actual damages.

## JURISDICTION

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), (B), (C), (E), (G) and (O). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

4. The statutory basis for relief requested herein is §§ 362 and 105(a) of the Bankruptcy Code, and this Court's general civil contempt powers to enforce the provisions of the Bankruptcy Code.

## BACKGROUND

**A.     The Bankruptcy Filing and the Debtor's Business**

5.     On June 17, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6.     The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in this case.

7.     The Debtor is a real estate investment company formed in or around 2017 and its business involves the purchase, ownership, management, rental and/or sale of real estate for profit. The Debtor is a New York corporation, with its corporate office located at 931 Lincoln Place, Brooklyn, New York 11213.

8.     The Plaintiff is the fee owner of the of the real property commonly known as 112 North Walnut Street, East Orange, New Jersey 07017 (the "Property"). The Property is improved by a 29-unit residential building, which is currently vacant.

9.     In addition, the Plaintiff is also the fee owner of the real property commonly known as 116 North Walnut Street, East Orange, New Jersey 07017 (the "Vacant Lot"). The Vacant Lot is unimproved, is adjacent to the Property, and is used solely as parking for the Property. Currently, the Plaintiff does not own or manage any other real estate.  The full facts of the prior case and this case are set forth in the Debtor's Rule 1007 Affidavit [Dkt. No. 5] and are incorporated herein by reference.

**B.     The Prior Dismissed Bankruptcy Case**

10.     On September 14, 2021, the Plaintiff previously filed the Dismissed Bankruptcy. The Plaintiff was represented by Hemmings & Snell LLP in the Dismissed Bankruptcy.

11. On November 29, 2021, the Lender filed a motion seeking relief from the automatic stay [Dismissed Bankruptcy Dkt. No. 26] (the "Stay Relief Motion"). The Lender's Stay Relief Motion was sought to continue its litigation of the Foreclosure Action.

12. On January 12, 2022, the Debtor filed an objection to the Lender's Stay Relief Motion [Dismissed Bankruptcy Dkt. No. 35].

13. On January 19, 2022 the parties appeared at a hearing on the Lender's Stay Relief Motion and the Court ordered a discovery period.

14. On February 22, 2022, the Lender filed an amended Stay Relief Motion [Dismissed Bankruptcy Dkt. No. 39]. Following a hearing on March 30, 2022, the Court entered an Order granting the Lender's Stay Relief Motion [Dismissed Bankruptcy Dkt. No. 42] with respect to the Property (the "Stay Relief Order").

15. On May 16, 2022, the Debtor, by and through its then-counsel, filed a motion to voluntarily dismiss the Initial Bankruptcy Case [Dismissed Bankruptcy Dkt. No. 53]. The basis for that motion was that the Debtor had obtained a commitment to pay off the Lender and could only close if the case was dismissed.

16. The Court entered an Order dismissing the Dismissed Bankruptcy case on June 3, 2022 [Dismissed Bankruptcy Dkt. No. 59] (the "Order of Dismissal").

17. On June 7, 2022 the Debtor's then-counsel requested a pay-off letter from the Lender's Counsel for a closing scheduled for June 15, 2022. Simultaneously, the adjourned foreclosure sale was scheduled for June 21, 2022. That pay-off letter [Exhibit "B" to the Rule 1007 Affidavit] was for approximately $800,000.00 more than the amount actually due pursuant to the Judgment of Foreclosure and Sale [Exhibit "F" to the 1007 Affidavit].

**C.     The Lender's Violation of the Automatic Stay**

18.     On July 13, 2022, approximately twenty-six (26) days after the automatic stay was in place in the instant bankruptcy case, the Lender filed the 9024 Motion in the Dismissed Bankruptcy seeking, among other things, an Order voiding the Order of Dismissal, reinstating the Dismissed Bankruptcy case, and declaring the Stay Relief Order to be in effect against the Debtor.

**D.     The Action Taken in the Instance Bankruptcy Proceeding**

19.     On the Petition Date (June 17, 2022), immediately after filing the Chapter 11 Petition in the instant bankruptcy, the Debtor, by and through the undersigned counsel, notified the Lender of the active bankruptcy case filing and the automatic stay.

20.     On June 23, 2022, the Rule 1007 Affidavit was filed [Dkt No. 5] which clearly set forth the allegations against the Lender and its Counsel for filing a false claim and lift stay motion in the Dismissed Case and in persisting its demand for approximately $800,000.00 more than the amount due pursuant to the Foreclosure Judgment. It must be noted that in none of the pleadings filed by the Lender, has it disputed those calculations.

21.     On July 14, 2022, the Lender filed the *In Rem* Motion.

22.     On July 25, 2022, the Debtor commenced an adversary proceeding against the Lender in the instant bankruptcy case, styled as *Fraleg Group, Inc., against CAF Borrower GS LLC and Polsinelli PC*, Adversary Proceeding Number 22-01060-jmm (the "Adversary Proceeding"). The Debtor seeks, *inter alia*, damages and contempt based on the defendants' alleged fraud and abuse of process.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

23. By this Motion, the Debtor seeks the entry of an Order enforcing the automatic stay of the Lender's 9024 Motion, together with damages for the Lender's willful violation of the automatic stay.

**A.  The Automatic Stay Must Be Enforced**

24. Section 362(a) of the Bankruptcy Code acts as an automatic stay of:

> . . . (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; or
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11 U.S.C. §362(a)(2) – (a)(3)

25. The automatic stay, codified in § 362(a) of the Bankruptcy Code, is one of the most essential safeguards provided by the Bankruptcy Code. *In re Enron Corp*., 306 B.R. 465, 475 (Bankr. S.D.N.Y. 2004). The automatic stay is construed broadly and any exceptions are construed narrowly. *Id*.

26. The automatic stay allows debtor to have "a breathing spell" from creditors, and it prevents creditors from dissecting the bankruptcy estate before the bankruptcy trustee can distribute the assets equally. *Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994). The stay promotes an organized and systematic method for administration of the debtor's estate. *In re Colonial Realty Co*., 980 F.2d 125, 133 (2d Cir. 1992).

27. The Lender's 9024 Motion violates the Debtor's automatic stay pursuant to both sections 362(a)(2) and 362(a)(3) of the Bankruptcy Code.

28. The Lender violates the automatic stay pursuant to section 362(a)(2), because the 9024 Motion ultimately seeks to enforce the foreclosure judgment entered in the pre-petition Foreclosure Action to recover property of the estate (i.e., the Property).

29. Additionally, the Lender violates the automatic stay pursuant to section 362(a)(3), because the 9024 Motion seeks to void the Dismissal Order and exercise control over property of the estate (i.e., the Property).

30. The Lender has presented its arguments in the 9024 Motion in a manner and attempt to distracts this Court from the fact that the automatic stay applies in this instance and to the Lender's claims. Instead, the Lender misdirects the Court by stating "Lender is filing a companion motion in the second bankruptcy case for stay relief" [9024 Motion ¶7].

31. Although the Lender subsequently filed an *In Rem* Motion from relief from the automatic stay on June 14, 2022 (the "*In Rem* Motion"), the hearing on the Lender's *In Rem* Motion is set to be heard on August 17, 2022.

32. Therefore, the automatic stay is still in effect and will remain in effect through the hearing on the Lender's 9024 Motion, making it a clear violation to the stay pursuant to sections 362(a)(1) and (2) of the Bankruptcy Code

**B.    The Debtor Should be Awarded Costs for the Lender's Failure
       to Comply with the Automatic Stay**

33. The Lender's blatant disregard for the automatic stay imposed by this Chapter 11 case and affirmative steps in the Foreclosure Action against the Debtor was willful and intentional, and warrants an award of actual damages.

34. When a potential stay violation is at issue, the creditor must file a motion with the bankruptcy court seeking permission, rather than make its own determination, to continue the litigation thereby forcing the debtor to seek a protective order from the bankruptcy court. *See, In re Killmer*, 501 B.R. 208 (Bankr. SDNY 2013). The Lender did not do that.

35. Instead, the Lender continued to press this Court in the Dismissed Bankruptcy case by filing the 9024 Motion, seeking to void the Order of Dismissal, reinstate the Dismissed

Bankruptcy Case, (while the instant bankruptcy is pending) and declare the Stay Order in the Dismissed Bankruptcy is in effect once again.

36. The Lender carelessly ignores several of the legal issues such relief would raise, including the most offensive being a stay is currently in effect as of the Petition Date of the instant Bankruptcy.

37. The Lender's actions were intentional and willful in its efforts to further its collection efforts of the Foreclosure Action notwithstanding knowing that the automatic stay applies. In fact, the Lender knew that a stay was in place because the Lender sought relief from the stay when it filed the *In Rem* Motion in the instant bankruptcy case.

38. While an individual debtor may seek actual and punitive damages for a creditor's violation of the automatic stay pursuant to section 362(k) of the Bankruptcy Code, relief for damages to a corporate debtor resulting from violation of the automatic stay lies with the court's contempt power and section 105. *Maritime Asbestosis Legal Clinic v. LTV Steel Co.* (*In re Chateaugay Corp.*), 920 F.2d 183, 186 (2d Cir. 1990).

39. To hold a party in contempt for violation of the automatic stay, the court must find "maliciousness or lack of a good faith argument and belief that the party's actions were not in violation of a bankruptcy stay." *Id*. at 187 (citing *Crysen/Motenay Energy Co. v. Esselen Assocs.* (*In re Crysen/Montenay Energy Co.*), 902 F.2d 1098, 1104 (2d Cir. 1990). *See also Fidelity Mortg. Investors*, 550 F.2d at 50-51, 57 (allowing imposition of costs, including reasonable attorney's fees under civil contempt powers for acts which bankruptcy judge found were done with knowledge of automatic stay and "deliberate[]" disregard of bankruptcy rules regarding requirements for relief); *Drywall Tapers and Pointers of Greater N.Y., Local 1974 v. Local 530*, 889 F.2d 389, 394-95 (2d Cir. 1989) (knowledge of violation and terms of injunction required to hold party in civil

contempt).

40. In this matter, the criteria for contempt for violation of the automatic stay and an award of actual damages are satisfied.

41. Here, the Lender had actual knowledge of the instant Chapter 11 Bankruptcy case because on the Petition Date a copy of the notice of bankruptcy filing was sent electronically to its counsel before the proposed sale date of the Property. The notice and the electronic correspondence notified the Lender that the automatic stay is in effect.

42. In accordance with that electronic notice, and after the Lender had actual knowledge of the instant chapter 11 filing and the automatic stay, the proposed auction sale was discontinued. The Debtor then filed a detailed Rule 1007 Affidavit that set forth all of the issues with the Lender's and its counsel's actions in the Dismissed Case and in providing an inflated pay off letter the was the direct cause of the second filing. Knowing that there were serious legal issues with their actions, which may well turn out to have violated criminal statutes, they went on a blunderbuss attack of filing multiple motions in two different cases and never really addressing whether or not those motions should have been filed before getting a determination of the propriety of their actions. Sometimes the best defense in not a good (or bad) offense. Sometimes it is just offensive. This is one of those times.

43. Then, after the Petition Date and after notice that the automatic stay was in effect, the Lender violated the automatic stay by willfully filing the 9024 Motion. The Lender knew it was violating the Debtor's stay because in the 9024 Motion it acknowledged the stay and stated "Lender is filing a companion motion in the second bankruptcy case for stay relief" [9024 Motion ¶7].

44. Moreover, the Lender acted maliciously because despite knowing the stay was in

effect, and acknowledging it needed to file a motion for stay relief, it filed the 9024 Motion first before the *In Rem* Motion can be heard. Prudence would have dictated obtaining relief from the stay in this case before taking any action in the Dismissed Case.

45. As a result, the Debtor was forced to incur actual damages by responding to the 9024 Motion and making the instant Motion based on the Lender's and its Counsel's malicious and bad faith violation of the automatic stay.

46. The Debtor respectfully requests that this Court direct the Lender to make payment to the Debtor for costs and legal expenses in an amount to be determined by the Court.[1]

[*Remainder of Page Intentionally Left Blank*]

---

[1] To the extent that this Court determines that an award of actual damages are appropriate, consistent with this Court's practices, the Debtor asks that the Court reserve judgment on the amount of actual damages pending additional submissions by the Debtor. *See*, *In re Grinspan*, 597 B.R. 725, 745 (Bankr. E.D.N.Y. 2019).

## NO PREVIOUS REQUEST

47. No previous application or motion has been submitted to this or any other Court for the relief sought herein.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form of the proposed order annexed hereto: (i) enforcing the automatic stay with respect to the Lender's 9024 Motion filed in the Dismissed Bankruptcy case; (ii) grant the Debtor an award for damages against the Lender; together with (iii) such other, further and different relief that this Court may deem just, proper and equitable.

Dated: August 4, 2022  
      Huntington, New York

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**

By: */s/ Avrum J. Rosen*  
Avrum J. Rosen, Esq.  
Nico G. Pizzo, Esq.  
38 New Street  
Huntington, NY 11743  
(631) 423-8527  
arosen@ajrlawny.com  
npizzo@ajrlawny.com

*Proposed Counsel for the Debtor  
and Debtor-In-Possession*