UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

In re:

Fraleg Group, Inc.,                                   Case No. 22-41410-jmm

        Debtor.                              Chapter 11

───────────────────────────────────────────────

# DECLARATION OF DAVID FERGUSON
# IN SUPPORT OF LENDER'S MOTION
# <u>FOR RELIEF FROM THE AUTOMATIC STAY</u>

I, David Ferguson, Esq., hereby declare as follows:

1.      My name is David Ferguson. I am over twenty-one (21) years of age, am admitted to practice in this Court, and in all respects qualified to make this Declaration. I am a shareholder with the law firm of Polsinelli PC, counsel for secured creditor CAF Borrower GS LLC ("**Lender**"). In that capacity, I am familiar with the facts and events described herein. I make this Declaration based on my personal knowledge and my review of the file kept by Polsinelli PC.

2.      Fraleg filed for bankruptcy on the morning of a scheduled foreclosure sale. Lender obtained relief from the automatic stay on April 5, 2022 in the First Bankruptcy filed by Debtor. [Doc. 42.] Debtor did not object to Lender's Motion for Stay Relief and in fact consented to it.

3.      Lender also filed a Proof of Claim in the First Bankruptcy. As noted in the payoff statement attached thereto, interest accrues on the Loan at the per diem rate of $1,706.25.

4.      After Lender obtained stay relief, neither Debtor nor Debtor's counsel contacted Lender or Lender's counsel for a payoff statement.

5.      On May 27, 2022, I contacted Debtor's then-counsel, Francis Hemmings, to inquire about the status of Debtor's purported refinancing and payoff. I did not receive response.

6.  On June 7, 2022, Mr. Hemmings contacted me and represented that the Debtor was looking to close the refinance by June 15, 2022. Mr. Hemmings requested "a final payoff" for the Property. Lender provided an updated payoff that same day, good through June 15, 2022.

7.  Neither Debtor nor Debtor's prior or current counsel contacted Lender or Lender's counsel to dispute the June 7 Payoff Letter or raise any other issue with respect to the amounts therein. Fraleg never paid Lender.

8.  Neither Debtor nor Debtor's prior or current counsel asked Lender or Lender's counsel to adjourn the foreclosure sale on June 21, 2022.

9.  Lender never received any complaint about the June 7 Payoff Letter until Debtor filed the Second Bankruptcy.

10. Neither Lender nor Lender's counsel was ever told that the June 7 Payoff Letter had an impact on Debtor's efforts to close any deal.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 12th day of August, 2022

*/s/ David D. Ferguson*
David Ferguson