# Exhibit C

DENIED – 3/16/2021
Respectfully Recommended
R. 1:34-6 Office of Foreclosure – The note does not list the interest rates of the loan including that of default interest nor does it mention late charges.  A certified true copy of the loan agreement should be provided with the understanding that said loan instrument will have the loan provisions that the note lacks.  The amount due schedule includes a late fee due on maturity of $227,500.00 based on 5% of the principal balance.  This is not mentioned by the note and unless it is specifically provided for by the loan agreement, this amount will have to be removed.  The proposed final judgment and writ of execution list a contract rate of 8.5% on the total unpaid principal balance of $4,550,000.00.  However, this amount should be reduced by the credit for amount in reserve of $1,400,000.00 and therefore the contract interest rate mentioned by the judgment and writ should be $3,150,000.

POLSINELLI PC
Morgan C. Fiander, Esq. (239812017)
600 Third Avenue, 42nd Floor
New York, New York 10016
Phone:  (212) 413-2838
mfiander@polsinelli.com

Attorneys for Plaintiff CAF Borrower
GS LLC

| CAF BORROWER GS LLC<br><br>Plaintiff,<br><br>v.<br><br>FRALEG GROUP INC., a New York corporation; RENHAN LLC, a New Jersey limited liability company and TAM LENDING CENTER INC., a New Jersey corporation,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION:  ESSEX COUNTY<br>DOCKET NO.  SWC-F-001632-20<br><br>*Civil Action*<br><br>**FINAL JUDGMENT IN FORECLOSURE** |
|---|---|

Upon the application to the Court by POLSINELLI PC, attorneys for plaintiff CAF Borrower GS LLC ("**Lender**"); and it appearing that the Summons and the Complaint in Foreclosure (the "**Complaint**") were duly issued and served upon defendant FRALEG GROUP INC. ("**Borrower**"), and defendants Renhan LLC and TAM Lending Center, Inc. (collectively, "**Junior Creditors**") in accordance with the Rules of this Court; and that Borrower and Junior Creditors (collectively, the

"**Defendants**") have failed to file an answer to said Complaint or otherwise appear in this action and its time within which to do so has expired and has not been extended;

And it appearing that Lender's Note and its Mortgage have been presented and marked as Exhibits by the Court; and that proofs have been submitted of the amounts due on Lender's Note and its Mortgage; and that there is presently due and owing to Lender on the Note and the Mortgage more particularly described in the Complaint the aggregate sum of $4,210,055.22 as of January 31, 2021, together with interest at the contract rate of 8.50% percent per annum on the principal balance of $4,550,000 from January 31, 2021, through the date of judgment on _____, 2021, and lawful interest thereafter on all sums due, together with costs to be taxed, including lawful counsel fees;

IT IS on this _____ day of _____ 2021,

ORDERED and ADJUDGED that Lender is entitled to have the sum of $4,210,055.22 as of January 31, 2021, plus interest from January 31, 2021, through the date of this judgment calculated at the contract rate of 8.50% percent per annum on the principal balance of $4,550,000, and lawful interest thereafter on the total sum due Plaintiff until the same be paid and satisfied, plus costs of this suit to be taxed, including attorneys' fees, all to be raised and paid on the first place out of the mortgaged premises and collateral; and it further

ORDERED and ADJUDGED that Lender, its successors and/or assigns or any purchaser at the foreclosure sale duly recover against Borrower, and all parties holding by, through or claiming under Borrower, possession of the premises and collateral mentioned and described in the Complaint with the appurtenances thereon and that a Writ of Possession issue thereon; and it is further

ORDERED and ADJUDGED that said mortgaged premises and collateral be sold to raise and satisfy the several sums due, in the first place, to Lender the sum of $4,210,055.22 as of January 31, 2021, plus interest and lawful interest thereafter to be computed as aforesaid, plus costs to be taxed, with lawful

interest thereon, plus attorneys' fees; and that for that purpose an execution duly issue out of this Court, directed to the Sheriff of Essex County, commanding him/her to make sale, according to law, of the said mortgaged premises and collateral and out of the monies arising from the sale, that the Sheriff pay in the first place to Lender $4,210,055.22, with interest thereon as aforesaid together with the costs of suit, including attorneys' fees, with interest thereon; and in case more money shall be realized by such sale than shall be necessary to satisfy such several payments as aforesaid, that such surplus shall be brought into this Court and deposited with the Clerk to abide the further order of this Court and that the Sheriff aforesaid make a report of the aforesaid sale without delays as required by the Rules of this Court; and it is further

ORDERED and ADJUDGED that this judgment shall not affect the rights of any person protected by the New Jersey Tenant Anti-Eviction Act (N.J.S.A. 2A:18-61.1 et seq.); and it is further

ORDERED and ADJUDGED that Borrower stands absolutely debarred and foreclosed of an from all equity of redemption of, in and to said mortgaged premises and collateral described in the Complaint, when sold aforesaid, by virtue of this judgment, except as provided by 28 U.S.C. Section 2410.

                                                                                    _____
                                                                                                        J.S.C