UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In re:

Fraleg Group, Inc.,                              Case No. 22-41410-jmm

        Debtor.                              Chapter 11

_____

**OPPOSITION OF LENDER TO DEBTOR'S MOTION
FOR AN ORDER: (I) ENFORCING THE AUTOMATIC STAY, (II)
GRANTING THE DEBTOR AN AWARD FOR DAMAGES
<u>FROM VIOLATION OF THE AUTOMATIC STAY</u>**

POLSINELLI PC

David D. Ferguson
Morgan C. Fiander
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199

*Attorneys for CAF Borrower GS, LLC*

# **TABLE OF CONTENTS**

Preliminary Statement ........................................................................................................................ 1

I.    Fact Background. ........................................................................................................................ 3

II.   Argument. ................................................................................................................................... 4

        A.    Lender did not violate the automatic stay by filing its Rule 9024 Motion. ............ 4

        B.    Lender is entitled to simultaneously seek relief under the Rule 9024 Motion in Fraleg's first case while seeking relief from the automatic stay in Fraleg's second case. ........................................................................................................................... 6

        C.    Fraleg's irresponsible claims against Lender are based on false statements of fact and a misunderstanding of basic tenets of New Jersey foreclosure law, and do not absolve Fraleg from Fraleg's fraud on the Court. .................................................... 6

III.  Conclusion. ................................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Statutes**

Bankruptcy Code § 349 ..................................................................................................................5

Bankruptcy Code § 362 ..................................................................................................................4

Bankruptcy Code § 362(d)(3) .................................................................................................1, 3, 6

Bankruptcy Code § 362(d)(3)(B).....................................................................................................3

Code § 350 ......................................................................................................................................5

**Other Authorities**

Chapter 11 .......................................................................................................................................1

Rule 9024 ........................................................................................................................2, 4, 5, 6, 7

**Suspects**

Bankruptcy Code .........................................................................................................................4, 5

CAF Borrower GS LLC ("**Lender**"), for its Opposition to Debtor's Motion for an Order: (I) Enforcing the Automatic Stay, and (II) Granting the Debtor an Award of Damages from Violation of the Automatic Stay (the "**Stay Motion**"), states:

## PRELIMINARY STATEMENT

Lender made a loan to Fraleg Group, Inc. ("**Fraleg**" or the "**Debtor**") in January of 2019. Fraleg's last payment on the loan was in October of 2019—**almost three years ago**. Lender filed a foreclosure action, obtained judgment, and set a foreclosure sale. Fraleg filed this chapter 11 case on the morning of the scheduled foreclosure sale. This case is a single asset real estate case. Fraleg did not file a plan or make any payments to Lender as required under Bankruptcy Code § 362(d)(3). Based on those failures, the Court granted Lender's stay relief motion in this case. Lender then rescheduled the foreclosure sale.

A month after Lender obtained stay relief, Fraleg filed a motion to dismiss this case. [Dkt. No. 53.] In its Motion to Dismiss, Fraleg told the Court that Fraleg "**has secured financing from Fortress Holdings from which the Debtor will satisfy [Lender]**." [*Id.*, ¶ 11. (Emphasis added.).] Fraleg stated in its motion that the financing secured from Fortress Holdings would be used to make Lender whole by paying Lender in full. [*Id.*, ¶¶ 8, 14.] Fraleg also told the Court that "**In the event that the Debtor is unable to complete the refinancing process, the secured creditor will be free to proceed with a foreclosure sale**." [*Id.*, ¶ 14 (Emphasis added.).]

Lender later learned that Fraleg did not, in fact, have any secured financing with Fortress Holdings or any other lender. Fraleg knew that it had no financing when it filed its Motion to Dismiss. Fraleg had no ability or intention of paying Lender upon dismissal of Fraleg's case. Rather, Fraleg dismissed this case so that Fraleg could then file *another* bankruptcy case to restart the § 362(d)(3) clock and prevent Lender from foreclosing. Accordingly, Fraleg procured the order

dismissing this case by fraud on the Court. Lender filed a Motion to Void Order of Dismissal Pursuant to Rule 9024 of the Bankruptcy Rules [the "**Rule 9024 Motion**", Dkt. No. 65.]

Lender filed its Rule 9024 Motion in this case (rather than in Fraleg's second bankruptcy case) because this case remains open, and the Court entered the dismissal order *in this case*. Fraleg, without citing any authority, advances the novel procedural argument that Lender was required to seek stay relief from this Court before seeking relief from this Court under the Rule 9024 Motion. Fraleg's position is that Lender must obtain stay relief in Fraleg's second bankruptcy case before asking the Court *in this case* to vacate the dismissal order.

Fraleg is wrong. The automatic stay is not a cloak to protect debtors who obtain relief in violation of Bankruptcy Rule 9024. Moreover, Fraleg's Stay Motion is nothing more than a wasteful exercise in procedural sophistry. Presumably Fraleg would agree that Lender could file the Rule 9024 Motion in Fraleg's *second case* without violating the automatic stay, just as Lender was able to file its stay relief motion in the second case without violating the stay. Ultimately, Fraleg must face the consequences of its fraud, whether in its first case or its second case. It makes more sense for the Court to address the Rule 9024 Motion in this case because the Court entered that order in this case. Nevertheless, to the extent the Court believes that Lender's Rule 9024 Motion should be heard in Fraleg's second case, Lender will promptly withdraw its Rule 9024 Motion and refile it in Fraleg's second case.

Lender's Rule 9024 Motion seeks, among other things, relief that would cause *this Court's* stay relief order to be reinstated in this case so that Lender can foreclose on Fraleg's property as permitted under the Court's stay relief order and as promised by Fraleg in its motion to dismiss. Lender has taken no further action in the foreclosure proceeding and will not do so absent relief from this Court.

Fraleg attempts to bolster its position by making grossly false and inaccurate statements concerning the amount Fraleg owes to Lender. Fraleg's wild claims are sanctionable. As explained in detail below, Fraleg's over-the-top accusations are based on false statements of fact by Fraleg's president and on Fraleg's failure to understand the basic tenets of New Jersey foreclosure law.

**I.      Fact Background.**

Lender loaned money to Fraleg in 2019 to buy a small apartment building, taking a mortgage to secure the loan. [Declaration of Morgan Fiander (the "**Fiander Declaration**", ¶ 2).] Within a few months of the loan being made, Fraleg defaulted, and Lender commenced a foreclosure action, obtaining a judgment of foreclosure in that action. [Id., ¶ 2.] Fraleg filed this bankruptcy case on the morning of the scheduled foreclosure sale. [Declaration of David Ferguson (the "**Ferguson Declaration**"), ¶ 2.] Lender filed a stay relief motion to complete the foreclosure, and Fraleg consented to Lender's motion. [Id., ¶ 2.] This case is a single asset real estate case. [Petition, Dkt. No. 1.] The Court granted Lender's stay relief motion pursuant to Bankruptcy Code § 362(d)(3) based on Fraleg's failure to file a bankruptcy plan or make payments to Lender as required under § 362(d)(3)(B). [Order grating stay relief motion, Dkt. No. 42.]

Shortly after the Court granted Lender's stay relief motion, Fraleg filed a motion to dismiss this case. [Dkt. No. 53.] Fraleg told the Court in its motion to dismiss that Fraleg would pay Lender's claim in full after dismissal of the case and make Lender whole. [*Id*., ¶¶ 8, 14.] Fraleg promised the Court in its motion to dismiss that if Fraleg failed to pay Lender then Lender would be permitted to complete Lender's pending foreclosure on Fraleg's property. [*Id*., ¶ 14.] Based on Fraleg's statements to the Court, the Court granted Fraleg's motion to dismiss. [Order of dismissal, Dkt. No. 58.]

3

Fraleg did not pay Lender after the bankruptcy case was dismissed. After the dismissal, Lender scheduled a foreclosure sale so the building could be sold if Fraleg did not pay Lender as promised in the motion to dismiss. [Fiander Declaration, ¶ 21.] After the dismissal, Lender also provided a payoff letter to Fraleg and inquired about Fraleg's plans to pay Lender. [Ferguson Declaration ¶ 6.] Fraleg did not respond. [*Id*., ¶ 5-6.]

Fraleg did not pay Lender as Fraleg stated in its motion to dismiss. [*Id*., ¶ 7.] After Fraleg failed to communicate with Lender regarding payment, Lender moved forward with foreclosure. [Fiander Declaration, ¶ 20-21.] But Fraleg, instead of allowing Lender to complete the foreclosure as Fraleg had promised to the Court in Fraleg's motion to dismiss, filed a *second* bankruptcy case to stall the foreclosure. [Petition, Dkt. No. 1 in Case No., 22-41410.] Fraleg filed the new case without ever communicating with Lender regarding Fraleg's efforts to pay Lender. [Ferguson Declaration, ¶ 7-10; Fiander Declaration, ¶ 20-21.] Lender then filed its Rule 9024 Motion.

**II.     Argument.**

    **A.     Lender did not violate the automatic stay by filing its Rule 9024 Motion.**

Fraleg, without citing any authority, claims that Lender's Rule 9024 Motion violates the automatic stay. Fraleg is wrong. The automatic stay was not intended as a shield to protect debtors from the consequences of obtaining relief *from the bankruptcy court* by fraud. Lender has not moved forward with the foreclosure. Rather, Lender has come to this Court with its Rule 9024 Motion. The Rule 9024 Motion seeks to reinstate the stay relief order previously granted by the Court in Fraleg's First Bankruptcy. In that respect, the Rule 9024 Motion is similar to a motion for relief from the automatic stay. There is no precedent requiring Lender to seek permission under Bankruptcy Code § 362 to request relief *in a bankruptcy case*, and Fraleg has cited none. The Bankruptcy Code itself does not require Lender to file a motion for relief from stay before seeking relief in a bankruptcy case. Fraleg's motion should be denied.

4

Fraleg is arguing a strained and novel procedural point, perhaps believing that the Rule 9024 Motion should have been filed in Fraleg's second bankruptcy case rather than its pending first bankruptcy case. Fraleg is, again, wrong. Bankruptcy Code § 349 governs the effect of the dismissal of a bankruptcy case. Section 349, by its plain terms, does not preclude a bankruptcy court from ruling on a motion to vacate an order entered by the court prior to the dismissal of the case. Further, § 349 does not preclude a bankruptcy court from vacating an order dismissing a case. Moreover, as § 350 makes obvious, a bankruptcy court clearly has jurisdiction over a bankruptcy case until the case is closed. Fraleg's First Bankruptcy Case remains an open case.

Further, Lender's Rule 9024 Motion seeks relief *from the bankruptcy court*, and the Rule 9024 Motion is not an act against Fraleg's property. This Court already granted relief from the automatic stay in Fraleg's first bankruptcy case, and Lender's Rule 9024 Motion would simply operate to reinstate the effectiveness of the Court's order. Lender's Rule 9024 Motion is similar to a motion to reinstate the stay relief order that the Court already granted. In other words, Lender ultimately seeks by the Rule 9024 Motion to vacate relief from the automatic stay.

The Bankruptcy Code very plainly permits creditors to seek relief from the automatic stay. Further, this Court could entertain Lender's Rule 9024 Motion if it were filed in *this* case. Fraleg's argument ultimately addresses a distinction without a difference. In one of Fraleg's two open bankruptcy cases this Court is entitled to address the abuse of the Court's jurisdiction and the procurement of an order of the Court by fraud. Fraleg's goal is to insulate itself from the consequences of its fraud on the Court based on a novel and ultimately meaningless procedural interpretation of the Code.

Finally, Fraleg has suffered no damages because of Lender's Rule 9024 Motion. Fraleg would be required to address the consequences of its fraud, whether in this bankruptcy case or Fraleg's first bankruptcy case—the one in which Fraleg fraudulently obtained an order from the Court. Fraleg's first case is the appropriate forum for Lender's Rule 9024 Motion. But even if the Court prefers for that Motion to be heard as part of Fraleg's second case, Fraleg will incur the exact same costs to defend its fraudulent behavior.

**B.     Lender is entitled to simultaneously seek relief under the Rule 9024 Motion in Fraleg's first case while seeking relief from the automatic stay in Fraleg's second case.**

Lender prefers that the Court vacate the order dismissing Fraleg's first case. The Court in the first case already considered and ruled on Lender's stay relief motion, finding that relief was appropriate due to Fraleg's failure to file a plan or make payments to Lender pursuant to Bankruptcy Code § 362(d)(3). If the Court grants Lender's Rule 9024 Motion, then Lender can immediately proceed with its foreclosure *as Fraleg promised would be the case in Fraleg's motion to dismiss*.

Fraleg, by contrast, desperately wants Lender to be limited to seeking stay relief in Fraleg's second case. That way, Fraleg gets an additional "free" 90-day window before having to file a plan or make payments to Lender consistent with Bankruptcy Code § 362(d)(3). In other words, Fraleg needs the Court to rule that Lender's Rule 9024 Motion is a "stay violation" because otherwise Fraleg won't realize the fruits of its fraudulent scheme to stall Lender's foreclosure by restarting the 90-day clock under § 362(d)(3).

**C.     Fraleg's irresponsible claims against Lender are based on false statements of fact and a misunderstanding of basic tenets of New Jersey foreclosure law, and do not absolve Fraleg of Fraleg's fraud on the Court.**

Fraleg spent a considerable portion of its pleading arguing that Lender has committed "fraud" by "inflating" Lender's proof of claim and providing a payoff letter to Fraleg which,

6

according to Fraleg, is also improperly "inflated." Lender debunked Fraleg's wild accusations in Lender's reply in further support of its stay relief motion filed in Fraleg's second bankruptcy case, and those arguments are incorporated here by reference. In short, Fraleg's claims of "fraud" and "inflated claim amount" all stem from Fraleg's (or its counsel's) failure to become familiar with basic concepts of New Jersey foreclosure law.

Moreover, Lender gave its payoff letter to Fraleg on June 7, 2022, *weeks* after Fraleg filed its May 16, 2022 Motion to Dismiss Fraleg's first bankruptcy case. Fraleg somehow imagines that Lender's June 7, 2022 payoff letter (which was correct in all respects) could justify Fraleg's fraud on this Court which occurred on May 16, 2022, when Fraleg filed its Motion to Dismiss. Fraleg's phony "inflated claim" argument is wrong, and in any event does not provide cover for Fraleg's fraud on the Court.

### III.  Conclusion.

Lender did not violate the automatic stay. Fraleg has cited no case authority requiring a party in Lender's circumstances to file a motion for stay relief from a bankruptcy court as a precondition for asking that very same bankruptcy court for relief against the very same debtor. Fraleg's novel argument is especially strained because Lender's Rule 9024 Motion was filed in an open bankruptcy case seeking relief relating to an order issued by the Court *in that case*. The relief Lender seeks in its Rule 9024 Motion must be addressed in one of the two pending bankruptcy cases filed by Fraleg. Thus, Fraleg's Stay Motion is, ultimately, a frivolous "make-work" endeavor that has unnecessarily cost the Lender extra legal fees and consumed resources of the Court. Lender requests that the Court deny Fraleg's Stay Motion.

Lender respectfully requests this Court deny Fraleg's Stay Motion in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: August 12, 2022

    Respectfully submitted,

    POLSINELLI PC


By:   */s/ David D. Ferguson*
    MORGAN C. FIANDER
    600 Third Avenue, 42nd Floor
    New York, New York 10016
    (212) 684-0199
    mfiander@polsinelli.com

    DAVID D. FERGUSON
    900 West 48th Place, Suite 900
    Kansas City, Missouri 64112
    (816) 360-4311
    dferguson@polsinelli.com

ATTORNEYS FOR CAF BORROWER GS LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August, 2022, a true and correct copy of the foregoing *Opposition of Lender to Debtor's Motion for an Order: (I) Enforcing the Automatic Stay, (II) Granting the Debtor and Award for Damages from Violation of the Automatic Stay* was served by ECF notification from the court to Debtor's counsel, the U.S. Trustee and the parties who have requested notice in this case.

                                                               */s/ David D. Ferguson*