UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

In re:

Fraleg Group, Inc.,                         Case No. 22-41410-jmm

         Debtor.                            Chapter 11

───────────────────────────────────────────────

### DECLARATION OF MORGAN FIANDER
### IN OPPOSITION TO DEBTOR'S STAY VIOLATION MOTION

I, Morgan C. Fiander, Esq., hereby declare as follows:

1.       My name is Morgan Fiander. I am over twenty-one (21) years of age, am admitted to practice in this Court, and in all respects qualified to make this Declaration. I am an associate with the law firm of Polsinelli PC, counsel for secured creditor CAF Borrower GS LLC ("**Lender**"). In that capacity, I am familiar with the facts and events described herein. I make this Declaration based on my personal knowledge and my review of the file kept by Polsinelli PC. I am admitted to practice law in this Court and am also admitted to practice in the Courts of the State of New Jersey, bar number 239812017.

2.       On or about January 30, 2020, Lender filed a complaint for foreclosure against Fraleg Group, Inc. ("**Debtor**") in the Superior Court of New Jersey, General Equity Division, Docket No. SWC-F-001632-20 (the "**Foreclosure Action**"), the subject property of which is 112 N. Walnut Street, East Orange, New Jersey (the "**Building**"). A copy of the Foreclosure Action docket is attached hereto as **Exhibit A**. I, along with another associate at Polsinelli and a former shareholder of Polsinelli, prosecuted the Foreclosure Action on behalf of Lender. I have personal knowledge of all facts and events which occurred therein and which are described herein by virtue of my appearance in that Foreclosure Action. This was based on Lender's loan to Debtor in 2019

to buy a small apartment building. The Foreclosure Action was filed due to Debtor's default; Debtor has not made any payment to Lender since October 2019.

3. Debtor was served with a copy of the Summons and Complaint on July 13, 2020. Specifically, the Summons and Complaint were served on VCorp Services, LLC, at 820 Bear Tavern Road, West Trenton, New Jersey 08628. VCorp Services, LLC was, at the relevant time, the registered agent for service of Debtor. An individual named Ebony Hill, whose title is "Intake Specialist" at VCorp, accepted service at 2:49 p.m. on July 13, 2020. A true and correct copy of the Affidavit of Service, as filed in the Foreclosure Action, is attached hereto as **Exhibit B**.

4. Debtor failed to respond to the complaint in the Foreclosure Action within the time permitted by the relevant rules. Lender therefore requested default and moved for final judgment on February 22, 2021 (the "**First Final Judgment Motion**").

5. On March 16, 2021, the Office of Foreclosure denied the First Final Judgment Motion. The reasoning was that the Note did not list the interest rate or identify default interest or late charges, and the court wanted to review the Loan Agreement as that document would have those provisions. Additionally, the Court questioned the maturity late fee as not being mentioned by the Note, and would need to be removed *unless* provided for by the Loan Agreement. Finally, the Court thought the credit for amounts in reserves should be applied to the unpaid principal balance before the contract interest rate is applied. A true and correct copy of this Order is attached hereto as **Exhibit C**.

6. On March 17, 2021, Aaron Davis of Polsinelli, on behalf of Lender, filed a letter with the Court detailing the status of the action and seeking a determination by the Court that the Property is vacant. A true and correct copy of this letter is attached hereto as **Exhibit D**.

7. On March 29, 2021, I filed, on behalf of Lender, the Motion to Declare Property Vacant. A true and correct copy of this Motion is attached hereto as **Exhibit E**.

8. Also on March 29, 2021, I filed, on behalf of Lender, a renewed Motion for Final Judgment (the "**Second Final Judgment Motion**"). A true and correct copy of the Second Final Judgment Motion is attached hereto as **Exhibit F**.

9. On April 26, 2021, the Court granted the Motion to Declare Property Vacant. This is noted on the docket. [See Exhibit A.]

10. On April 22, 2021, the Court denied the Second Final Judgment Motion, noting the same questions as in its prior order. A true and correct copy of this order is attached hereto as **Exhibit G**. Thereafter, on April 26, 2021, the Court issued an order vacating the order denying the Second Final Judgment Motion, and formally granting the Second Final Judgment Motion. This order specifically states that the reason for the initial denial was correct. A true and correct copy of this order is attached hereto as **Exhibit H**.

11. The Loan Agreement was attached as an exhibit to the Second Final Judgment Motion, for the Court's review. Additionally, Lender submitted the Certification of Erica Medrano of Amount Owed, which clearly cited to the portions of the Loan Agreement that answered and resolved the Court's prior issues. Paragraph 9 of the Certification and footnotes 1 through 5 in the Statement of Amount Due submitted with the Certification. [See Exhibit F.]

12. On April 26, 2021, the Court entered both an Uncontested Order for Final Judgment and Taxed Cost Sheet, and a Writ of Execution. [See Exhibit A.]

13. Debtor was aware of the Foreclosure Action at least as early as July of 2020. Not only was Debtor served with the Summons and Complaint, but Debtor was also in contact with Lender and Lender's counsel regarding the foreclosure and a desire reinstatement of the Loan.

14. On July 20, 2020, Debtor contacted Lender directly. This email came from Ronald Fraser. Andy Alege was also a recipient. Lender responded, directing Debtor to contact their foreclosure counsel, Polsinelli PC. On July 21, 2020, Fraser and Alege sent an email to Amy Hatch of Polsinelli PC, regarding a potential reinstatement. Several emails were exchanged between these parties, and Debtor indicated at that time it was attempting a refinance. A true and correct copy of this email chain is attached hereto as **Exhibit I**.

15. Debtor never appeared in the Foreclosure Action. Debtor did not complete the refinance or any forbearance or other agreement with Lender.

16. On March 2, 2021, an attorney representing Debtor contacted the undersigned and represented the Debtor was again working through refinancing and asked if Lender would adjourn its First Final Judgment Motion. The undersigned told this attorney to send a written proposal and evidence of the purported refinance. Neither Debtor nor their attorney ever sent this requested information.

17. Then, on June 24, 2021, a new attorney Darlene Snell contacted the undersigned. She represented that the prior attorney had been discussing settlement and potential resolution with my law firm; that was not the case, which I informed Ms. Snell of. Ms. Snell indicated that Debtor wanted to avoid the impending Sheriff's Sale of the Property and could provide a commitment on refinancing.

18. The undersigned sent an email to Ms. Snell on June 25, 2021. The email explained that Debtor had gone down this road multiple times with Lender but had never produced evidence of refinancing. The email requested a proposal in writing which would be provided to Lender, and which would require a large payment or deposit to be applied to the debt. Ms. Snell responded on June 25, 2021 that she would advise Debtor of these terms and get back in touch. Ms. Snell never

contacted the undersigned after that date. A true and correct copy of this email exchange is attached hereto as **Exhibit J**.

19. Debtor thereafter used its two statutorily permitted adjournments of the scheduled Sheriff's Sales.

20. Following dismissal of the First Bankruptcy, neither Debtor nor Debtor's prior or current counsel contacted Lender or Lender's counsel to dispute the June 7 Payoff Letter or raise any other issue with respect to the amounts therein.

21. Neither Debtor nor Debtor's counsel contacted Lender or Lender's counsel asking for an adjournment of the June 21, 2022 foreclosure sale.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 12th day of August, 2022

                                                                                                Morgan C. Flander