**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.

*Proposed Counsel for the Debtor and Debtor-In-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                             Chapter 11

FRALEG GROUP, INC.,                                             Case No.: 22-41410-jmm

                                Debtor.
---------------------------------------------------------X

**DEBTOR'S REPLY TO THE OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER: (I) ENFORCING THE
AUTOMATIC STAY, AND (II) GRANTING THE DEBTOR AN AWARD
<u>FOR DAMAGES FROM VIOLATION OF THE AUTOMATIC STAY</u>**

**TO:    THE HONORABLE JIL MAZER-MARINO,
          UNITED STATES BANKRUPTCY JUDGE**

Fraleg Group, Inc., the debtor and debtor-in-possession (the "<u>Debtor</u>"), in this Chapter 11 case, by and through its proposed counsel, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for the Debtor's reply ('Reply") to the opposition ('Opposition") to the Debtor's motion (the "<u>Motion</u>") pursuant to §§ 362(a) and 105(a) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and the Court's inherent power to enforce its orders and the mandates of the Bankruptcy Code, for the entry of an Order: (i) enforcing the automatic stay with respect to creditor and lender CAF Borrower GS LLC's (the "<u>Lender</u>") motion to void the order of dismissal (the "<u>9024 Motion</u>") entered in the dismissed bankruptcy action captioned *Fraleg Group, Inc., Chapter 11 Subchapter V Case Number 21-42322-jmm* (the "<u>Dismissed Bankruptcy</u>"), pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>"), and (ii) granting the Debtor an award for damages against the Lender and

1

its counsel Polsinelli PC ("Counsel") arising from violation of the automatic stay, and respectfully sets forth and represents as follows:

1. The Lender and its Counsel[1] have engaged in doublespeak in defending the Motion and seeking to justify their actions by incorporating their arguments and citation to New Jersey case law in the related motions, to assert that they were permitted to assert their inflated claims as a defense to this Motion. While a full determination of the exact amount of their claim is not presently before this Court, enough will be discussed herein to show that they are wrong on the law and the facts.

2. At the outset, they are correct that there is not much case law on the applicability of the stay from one bankruptcy proceeding to another in a similar factual context. But that is because no one has been so audacious as to attempt what they are attempting. In one breath they state that they are *not* attempting to take action against property of the estate and they are just making a motion in a still open bankruptcy case to vacate an order. But then a few paragraphs later they admit that "If the Court grants Lender's Rule 9024 Motion, then Lender can immediately proceed with its foreclosure . . ." [Dkt. 33 page 6].

3. In other words, their intent is to use their motion to take action against the Debtor's property, despite the existence of the stay in the present case. In doing so, they acknowledge that the Debtor has a statutory right to have the stay remain in place for at least ninety (90) days unless they convince this Court that there is "cause" to lift it sooner. [2] The end result of their intended action is to auction off

---

[1] All capitalized terms have the meanings defined in the Motion, Opposition and this Reply.
[2] The Debtor will not use this Reply to file an improper Sur-Reply to the other Replies filed by the Lender. But that

2

        the Debtor's property without prevailing on a motion to lift the stay in the current case.

4. This admission as to their intent, proves the Debtor's point. Their further defense is basically "so what". Maybe we are violating the stay, but what are their damages, they would have to respond to our *In Rem* action in the new case anyway? Such a cavalier attitude towards the law from a respected and well known firm should not be countenanced. The fact that this Reply is being filed on a Sunday, when their Opposition was filed at the last possible minute on Friday, is some evidence of the damages suffered by the Debtor. This Court has inherent power to administer the cases before it and to supervise attorney conduct. Such tactics should not be tolerated.

5. The Lender and its Counsel also incorporate their arguments as to their alleged legal basis for their claim in the last case and in the pay-off letter, and now in this case, as a defense to this Motion, so a Reply to those arguments is fair game. A reading of the cases they cite and the operative Loan Documents shows that they are just plain wrong. First, their reliance on using New Jersey law to discuss their rights pursuant to the Loan Documents is misplaced. The Mortgage itself, which is attached to the Motion for a Default Judgment [Dkt. No. 32-6 Exhibit "F" Article X, pg.44] makes it crystal clear that the law of the state where the real property is located is to apply to any action to liquidate that collateral, but all other documents and claims are to be brought in New York Court and according to New York Law. The Loan Agreement, which they failed to include as an Exhibit, and which is annexed hereto as Exhibit "A" also states:

---

silence should not be taken as agreement with their arguments.

      10.22.2   ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST LENDER OR ANY RESTRICTED PARTY ARISING OUT OF OR RELATING TO THE LOAN DOCUMENTS (OTHER THAN ANY ACTION IN RESPECT OF THE CREATION, PERFECTION OR ENFORCEMENT OF A LIEN OR SECURITY INTEREST CREATED PURSUANT TO ANY LOAN DOCUMENTS NOT GOVERNED BY THE LAWS OF THE STATE OF NEW YORK) MAY BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN NEW YORK, NEW YORK. BORROWER AND LENDER HEREBY (i) IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BYAPPLICABLE LAW, ANY OBJECTION THAT THEY MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY SUCH SUIT, ACTION OR PROCEEDING BROUGHT IN SUCH A COURT AND ANY CLAIM THAT ANY SUCH PROCEEDING BROUGHT IN SUCH A COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM, (ii) IRREVOCABLY SUBMIT TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUCH SUIT, ACTION OR PROCEEDING, AND (iii) IRREVOCABLY CONSENT TO SERVICE OF PROCESS BY MAIL, PERSONAL SERVICE OR IN ANY OTHER MANNER PERMITTED BY APPLICABLE LAW, AT THE ADDRESS SPECIFIED IN SECTION 10.1 HEREOF (AND AGREES THAT SUCH SERVICE AT SUCH ADDRESS IS SUFFICIENT TO CONFER PERSONAL JURISDICTION OVER ITSELF IN ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY SUCH COURT, AND OTHERWISE CONSTITUTESEFFECTIVE AND BINDING SERVICE IN EVERY RESPECT).

6. A review of the New Jersey cases cited by the Lender and its Counsel simply do not apply in this context. In the first instance, their main reliance is on *First Union Nat. Bank v. Penn Salem Marina, Inc.*, 190 N.J. 342, 921 A.2d 417 (2007). However, that case is based on the fact that New Jersey, unlike New York[3], does not require an election of remedies in suing on a note and a mortgage, and both cases can be brought simultaneously in two different divisions of the New Jersey Courts. *Id.* at 352. The *First Union* case addressed that issue and held that there could be two actions *based upon the language in the loan documents* with certain important restrictions. However, at the outset, the entire analysis is not that the Lender can just seek additional amounts in the foreclosure, rather an entirely

---

[3] N.Y. Real Prop. Acts. Law § 1371 (Consol., Lexis Advance through 2022 released Chapters 1-481)(Deficiency judgment based upon the judgment of foreclosure and sale, only after a sale of the collateral on certain conditions). When a borrower defaults, the creditor "must elect between pursuing a legal remedy or foreclosing on the property, but may not prosecute both actions without leave of court," *Manufacturers Hanover Trust Co. v. 400 Garden City Assocs.,* 150 Misc.2d 247, 249, 568 N.Y.S.2d 505, 507 (Sup. Ct. Nassau County 1991) (Docket No. 41, Pl. Memo. at 4). Another commentator observed that "a mortgagee may not commence an action seeking the second remedy until it has exhausted all of its efforts on the first remedy," Deborah L. Kelly, "Pursuing Separate Action for Mortgage Debt," LEXIS, RPAPL § 1301, Practice Insights (2021).

different action is needed, and New Jersey Courts look the language of the loan documents determine what the partys' rights are in such action. *Id.* at 345-6.

7. In the case at bar, the Loan Agreement reserves no right to bring and such action, (see section 8.25 and more importantly, even if it did, that is an *in personum* action not related to the foreclosure action and which would be governed by New York law, which does require an election of remedies and applies *res judicata* to foreclosure judgments. *In re Koloch*, 416 B.R. 375 (Bankr. E.D.N.Y. 2009)( Attorney's fees in excess of judgment amount disallowed under New York merger doctrine). As a result, the claim must be computed according to the foreclosure judgment and not the Loan Documents.

8. Even if *First Union* did apply, the holding of that case is the first judgment constitutes issue preclusion as to the amounts computed in any categories in the first judgment as to any claims raised in the second action. That court remanded the case for the judgment amount to be lowered and recomputed applying that analysis. *Id.* at 353-4. Thus, even under the Lender's cited authority, virtually all of the amounts awarded in the foreclosure judgment are *res judicata.*

9. The other cases cited by the Lender and its Counsel also miss the mark. In *Hyun Kim v. Brothers*, No. A-6024-17T1, 2020 N.J. Super. Unpub. LEXIS 506 (Super. Ct. App. Div. Mar. 12, 2020), the Lender asserts that this case supports its contention that it can seek post-judgment attorney's fees. However, what that case really stands for is the fact that in New Jersey foreclosure actions, attorney's fees are capped at $7,500.00. In order to sue on the note, instead of foreclosing, the plaintiff has to prove that the value of the property is far below the amount of

10.     the loan and that suing on the note, which does not have any such limitation on fees, is warranted. *Id.* at *8. Here, the Lender has not disputed the appraisal submitted by the Debtor, which shows a value in the Property far in excess of the amount of the Judgment.

10. Likewise, *Silvestri v. Wells Fargo Bank Minnesota, N.A.*, 2005 WL 2810698 concerned an action to compel a satisfaction from a lender, whose judgment had been paid in full and the mortgage was satisfied as a matter of law. The Court held there was no basis to compel the lender to do that as it still had not been paid in full. Again, this loan is governed by New York law, which has no such rights.

11. Lender and its counsel also rely on *79-83 Thirteenth Ave., Ltd. v. De Marco*, 79 N.J. Super. 47, 190 A.2d 391 (Super. Ct. 1963), which actually supports the Debtor's position that the amount of the foreclosure judgment is the maximum amount of the Lender's claim. In that case the court held that "However, generally in an action at law for a deficiency, the amount of the mortgage debt found due and owing in the foreclosure suit is *res judicata*. That amount, less the sum realized at the sale, determines the amount of the deficiency. In the deficiency the only matters to be considered by the court are the amount of the debt as adjudged by the chancery court and the amount by which it has been reduced by the application to it of the proceeds of the foreclosure sale. *Murray v. Pearce*, 95 *N.J.L.* 104 (*E. & A.* 1920). *Id* at 396.

12. The foregoing analysis demonstrates the depth of the Lender's and Counsel's lack of candor with this Court in ignoring the fact that New York law applies to many of these issues and using snippets from cases, without any real analysis to attempt

6

to evade their responsibility for seeking far more than they were entitled to from this Debtor. To make matters worse, they attempted to go forward with the sale by violating the stay in making the motion to vacate the dismissal motion.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form of the proposed order annexed to the Motion: (i) enforcing the automatic stay with respect to the Lender's 9024 Motion filed in the Dismissed Bankruptcy case; (ii) granting the Debtor an award for damages against the Lender; together with (iii) such other, further and different relief that this Court may deem just, proper and equitable.

Dated: August 14, 2022  Respectfully submitted,
      Huntington, New York

**Law Offices of Avrum J. Rosen, PLLC**

By: */s/ Avrum J. Rosen*
    Avrum J. Rosen, Esq.
    Nico G. Pizzo, Esq.
    38 New Street
    Huntington, NY 11743
    (631) 423-8527
    arosen@ajrlawny.com
    npizzo@ajrlawny.com

    *Proposed Counsel for the Debtor*
    *and Debtor-In-Possession*