**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.

*Counsel for the Debtor and Debtor-In-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                    Chapter 11

FRALEG GROUP, INC.,                                         Case No.: 22-41410-jmm

                              Debtor.
---------------------------------------------------------X

## DEBTOR'S SUPPLEMENTAL MEMORANDUM OF LAW
## IN REPLY AND OPPOSITION TO THE:
## (I) DEBTOR'S MOTION FOR AN ORDER ENFORCING
## THE AUTOMATIC STAY AND GRANTING THE DEBTOR AN AWARD FOR
## DAMAGES FROM VIOLATION OF THE AUTOMATIC STAY;
## (II) CAF BORROWER GS LLC'S MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY AND IN REM RELIEF; AND
## <u>(III) CAF BORROWER GS LLC'S MOTION TO VOID THE ORDER OF DISMISSAL</u>

**Law Offices of Avrum J. Rosen, PLLC**

Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.
38 New Street
Huntington, NY 11743
(631) 423-8527
arosen@ajrlawny.com
npizzo@ajrlawny.com

*Counsel for the Debtor*
*and Debtor-In-Possession*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

THE FORECLOSURE JUDGMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

THE PROOF OF CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

# TABLE OF AUTHORITIES

**Cases**

*79-83 Thirteenth Ave., Ltd. v. De Marco*,
    79 N.J. Super. 47, 190 A.2d 391 (Super. Ct. 1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Anron Air Sys. v Columbia Sussex Corp.*,
    202 AD2d 460, 609 NYS2d 49 (2d Dept 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Aurora Loan Servs., LLC v Lopa*,
    88 AD3d 929, 932 NYS2d 496 (2d Dept 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Brunswick Bank & Tr. v. Affiliated Bldg. Corp.*,
    440 N.J. Super. 118, 111 A.3d 710 (Super. Ct. App. Div. 2015). . . . . . . . . . . . . . . . . . .6, 7

*Brunswick Bank & Tr. v. Heln Mgmt. LLC*,
    453 N.J. Super. 324, 181 A.3d 1030 (Super. Ct. App. Div. 2018). . . . . . . . . . . . . . . . . 6-9

*Brunswick Bank & Tr. v. Affiliated Bldg. Corp.*,
    2022 N.J. Super. Unpub. LEXIS 804 (Super. Ct. App. Div. May 13, 2022). . . . . . . . . . . . 6

*CDR Creances S.A. v. Euro-American Lodging Corp.*,
    2007 NY Slip Op 4366, 43 A.D.3d 45, 837 N.Y.S.2d 33 (App. Div. 1st Dept.). . . . . . . . . 9

*Central Trust Co. v Dann*,
    85 NY2d 767, 651 NE2d 1278, 628 NYS2d 259 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Dollar Dry Dock Bank v Piping Rock Bldrs.*,
    181 AD2d 709, 581 NYS2d 361 (2d Dept 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Ekstein v. Polito Assocs. LLC*,
    2022 U.S. Dist. LEXIS 45961 (S.D.N.Y. Mar. 15, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . .9

*First Union Nat. Bank v. Penn Salem Marina, Inc.*,
    190 N.J. 342, 921 A.2d 417 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hometown Bank of Hudson Val. v Belardinelli*,
    127 AD3d 700, 7 NYS3d 289 (2d Dept 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Hyun Kim v. Brothers*,
    2020 N.J. Super. Unpub. LEXIS 506 (Super. Ct. App. Div. Mar. 12, 2020) . . . . . . . . . . . .7

*In re Karagiannis*,
    453 B.R. 548 (Bankr. D.N.J. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*In re Roach*,
  824 F.2d 1370, (3d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Murray v. Pearce*,
  95 N.J.L. 104 (E. & A. 1920) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*NC Venture I, L.P. v Complete Analysis, Inc.*,
  49 AD3d 514, 851 NYS2d 888 (2d Dept 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Old Republic Natl. Tit. Ins. Co. v Conlin*,
  129 AD3d 804, 13 NYS3d 99 (2d Dept 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Orchard Hotel, LLC v. Zhavian*,
  2012 NY Slip Op 50180(U), 34 Misc. 3d 1219(A), 950 N.Y.S.2d 492 (Sup. Ct.). . . . . . .10

*Silvestri v. Wells Fargo Bank Minnesota, N.A.*,
  2005 WL 2810698 (Ch. Div. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Valley Nat'l Bank v. Spitzer*,
  2011 NY Slip Op 50926(U), 31 Misc. 3d 1232(A), 932 N.Y.S.2d 764 (Sup. Ct.). . . . . . .10

*Valley Sav. Bank v Rose*,
  228 AD2d 666, 646 NYS2d 349 (2d Dept 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Virginia Beach Fed. v. Bank of New York*,
  299 N.J. Super 181 (App. Div. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 5

*Washington Mut., F.A. v. Wroblewski*,
  396 N.J. Super. 144, 933 A.2d 32 (Super. Ct. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Wells Fargo Bank, Nat'l Ass'n v. Pena*,
  2016 NY Slip Op 26003, 51 Misc. 3d 241, 24 N.Y.S.3d 865 (Sup. Ct.). . . . . . . . . . . . . . .10

**Other Authorities**

CPLR §3211(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

N.J. Court Rules, R.4:42-11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

N.Y. Real Prop. Acts. Law § 1371. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

NY CLS RPAPL § 1301. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fraleg Group, Inc., the debtor and debtor-in-possession (the "Debtor"), in this Chapter 11 case, by and through its counsel, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for the Debtor's supplemental memorandum of law (the "Supplemental Response") to supplement the Debtor's: (i) reply to the Debtor's application enforcing the automatic stay and seeking award for damages from CAF Borrower GS, LLC's ("CAF") alleged violation of the automatic stay [Dkt. No. 22]; and (ii) opposition to CAF's (a) motion for in rem relief from the automatic stay from the Property[1] [Dkt. No. 15], and (b) motion to void a dismissal order entered in the Debtor's previous dismissed bankruptcy[2] to address the central issue in all of these matters, to wit, how much is owed to CAF in this case. The Debtor respectfully sets forth and represents as follows:

## PRELIMINARY STATEMENT

It is not contested that New Jersey law applied to the Judgment of Foreclosure and Sale pursuant to the Loan Documents. Under New Jersey law, when a foreclosure takes place, the note and mortgage merge into the judgment upon entry of the judgment. A review of New Jersey law also demonstrates that while New Jersey does not require an election of remedies as to an action on the note or in foreclosure, it does hold that whichever judgment is obtained first constitutes issue preclusion or *res judicata* as to any element of damages adjudicated in the first action. Moreover, New Jersey law also holds that any further accrual of interest from the first judgment is at the New Jersey judgment rate and not the contract rate of interest in the note. New Jersey law also caps the amount of attorneys' fees at the amount that was determined in the first judgment.

---

[1] Capital Terms shall have the meaning defined in the Debtor's motion enforcing the automatic stay [Dkt. No. 22].
[2] The Debtor previously filed a Chapter 11 Subchapter V petition on September 14, 2021 captioned *Fraleg Group, Inc.*, Chapter 11 Subchapter V, Case Number 21-42322-jmm (the "Dismissed Bankruptcy"). The Dismissed Bankruptcy was voluntarily dismissed on June 3, 2022. On July 13, 2022, approximately twenty-six (26) days after the Petition Date, CAF filed a motion in the Dismissed Bankruptcy seeking, among other things, an order voiding the Order of dismissal, reinstating the Dismissed Bankruptcy case, and declaring the Court's stay relief Order to be in effect against the Debtor.

What is permitted to be recovered in a second action, is any class of expenses that were not part of the first judgment. For example, post judgment real estate taxes and insurance are recoverable. New Jersey also requires a second action to obtain a personal judgment against the mortgagor and any guarantor because in New Jersey, unlike in New York, there is an absolute right, to a "fair value" defense by the defendants to have the judgment determined by the "fair value" of the property in commercial foreclosures.

Lastly, under the Loan Documents, the second action would have been an *in personum* action and would have been governed by New York Law. However, while New York law does not require an election of remedies in a foreclosure action, when the property is not located in New York, New York will not permit a second action to be filed for the same relief that is being sought in an action in a different state. These principals have been expressly applied to New Jersey foreclosures and supplementary actions on a note.

As a result, the proper amount of CAF's judgment is the calculation of the New Jersey Judgment through the Petition Date, plus any additional advances for taxes, insurance and additional costs to preserve the Property, that it can prove. Those calculations are set forth below.

## THE FORECLOSURE JUDGMENT

At the outset, the calculation of the Foreclosure judgment is set forth below, as it was presented in the Debtor's Rule 1007 Affidavit (with some typos corrected) [Dkt. No. 5];

The Judgment, which was attached as Exhibit F to the Debtor's 1007 Affidavit, awarded a total due in the sum of $4,140,055.22 as of January 31, 2021. The Judgment further allowed only

contract rate interest on the principal balance of $4,550,000 from January 31, 2021 through April 26, 2021.  That amount computed as follows:

$4,550,000.00 (*principal balance*) x 8.5% (*contract rate interest*) = $386,750.00

$386,750.00 / 365 (*days in a year*) = $1,059.59 (*daily interest value*)

$1,059.59 x 85 (*days between 1/31/21 and 4/26/21*) = $90,065.06 (*value of interest CAF is entitled to between 1/31/21 and the date of the Judgment 4/26/21*)

$90,065.06 + $4,140,055.22 (*Judgment value as of 1/31/21*) = $4,230,120.28.

The $4,230,120.28 figure represents the principal and interest owed to CAF as of the date of the Judgment, April 26, 2021. The Judgment then called for the costs and lawful counsel fees to be added, which were assessed as $8,600.00 for a total of $4,238,720.28.  This sum was then to be charged with lawful interest. Lawful interest on a New Jersey judgment is 3.50%[3]. An up-to-date interest calculation is computed as follows:

$4,238,720.28 (*principal, interest & counsel fees as of 4/26/21*) x 3.5% = $148,355.20

$148,355.20 / 365 (*days in a year*) = $406.45 (*daily interest value*)

$406.45 x 415 (*days between April 26, 2021 to June 15, 2022*)[4] = $168,677.84

$168,677.84 + 4,238,720.28 (*principal, interest & counsel fees 4/26/21*) = $4,407,398.12.

## **THE PROOF OF CLAIM**

CAF filed several pay off statements in both of the Debtor's bankruptcy cases that are not consistent. The latest payoff statement, which was filed as Exhibit 6 to CAF's filed proof of claim [Claim No. 5] (the "POC"), is annexed hereto as **Exhibit "A"**. As noted previously, the POC filed in this case continues to run interest at the default rate in the Note.  It also continues to run contract

---

[3] For the calendar year 2021, the post-judgment interest rate was 3.5%. For 2022 the rate is currently set at 2.25%. *See* N.J. R.4:42-11.  The rate when the judgment was entered applies.
[4] The interest calculation ends on June 15, 2022 because that was the date when the Loan would have been paid off at the scheduled closing if the correct pay-off had been provided.

3

rate and default rate interest on the "Holdback Reserve" that was never advanced, nor even segregated and which even if it has been advanced, the Loan Documents do not permit Default Rate interest on that reserve. As the Mortgage was merged into the Judgment, there is no further Holdback Reserve and no basis to accrue interest upon it. The issue of the 5% maturity fee was resolved in the Foreclosure Judgment as was how the interest was to be calculated.

The "Fee Details" section of the pay-off statement currently shows a "FC Attorney Cost" of $109,556.03 and a "FC Attorney Fee" of $26,311.50. The difference between the two is not explained. Moreover, as set forth below, these fees and expenses, even if they were reasonable, which they are not, are barred by the fee award in the Foreclosure Judgment. Likewise, any late fee, if it accrued pre-judgment, was included in that Judgment. No post-judgment late fee is permitted under the merger doctrine. If the $4,000.00 for the appraisal was done post-judgment, it might be allowable. The same is true of the $595.00 for the Vacant Property registration and the $465.00 for the BPO and the $35.00 for the Inspections. Lastly, there is an escrow advance claimed of $38,578.84. Again, if these advances were post-judgment, they may be allowable. However, without the back-up on these expenses they cannot be allowed.

As noted, CAF has decided to persist in filing another inflated claim that the Debtor asserts is not permitted under the law and the Debtor reserves its rights to seek damages for this inflated claim.

## ARGUMENT

It is not contested that New Jersey law applied to the Judgment of Foreclosure and sale pursuant to the Loan Documents. As CAF cited in its Reply Brief, "It is well settled that the mortgage merges into the final judgment of foreclosure." *Washington Mut., F.A. v. Wroblewski*, 396 N.J. Super. 144, 149 933 A.2d 32 (Super. Ct. 2007)(emphasis added) (citing *Virginia Beach*

*Fed. v. Bank of New York*, 299 N.J. Super 181, 188 (App. Div. 1998))*; see also, e.g.*, *Silvestri v. Wells Fargo Bank Minnesota, N.A.*, 2005 WL 2810698 (Ch. Div. 2005) ("It is well settled law that upon entry of a final judgment of foreclosure, a mortgage merges into the final judgment"); *In re Roach*, 824 F.2d 1370, 1377-78 (3d Cir. 1987) ("the final judgment in an action to foreclose real estate mortgage fixes the amount due under the mortgage and directs the sale of the real estate").

A review of New Jersey law also demonstrates that while New Jersey does not require an election of remedies as to an action on the note or in foreclosure, it does hold that whichever judgment is obtained first constitutes issue preclusion or *res judicata* as to any element of damages adjudicated in the first action. *First Union Nat. Bank v. Penn Salem Marina, Inc.*, 190 N.J. 342, 345, 921 A.2d 417, 419 (2007). ("Except for amounts accruing after the first judgment and for different categories of damages, the amounts of the judgment entered in each action should be identical"). That court remanded the case for the judgment amount to be lowered and recomputed applying that analysis. *Id.* at 353-4. However, that case is based on the fact that New Jersey, unlike New York, does not require an election of remedies in suing on a note and a mortgage, and both cases can be brought simultaneously in two different divisions of the New Jersey Courts. *Id*. at 352. The *First Union* case addressed that issue and held that there could be two actions based upon the language in the loan documents with certain important restrictions. However, at the outset, the entire analysis is not that the CAF can just seek additional amounts in the foreclosure, rather an entirely different action is needed, and New Jersey Courts look to the language of the loan documents to determine what the party's rights are in such action. *Id.* at 345-6. Thus, even under the CAF's cited authority, virtually all of the amounts awarded in the foreclosure judgment are *res judicata*.

Moreover, New Jersey law also holds that any further accrual of interest from the first

judgment is at the New Jersey judgment rate and not the contract rate of interest in the note. The law set forth in the *First Union* case was applied by the New Jersey appellate courts in great detail in the same case that went up on appeal three times over twelve years. Those cases were *Brunswick Bank & Tr. v. Affiliated Bldg. Corp.*, 440 N.J. Super. 118, 111 A.3d 710 (Super. Ct. App. Div. 2015)(*Brunswick I*); *Brunswick Bank & Tr. v. Heln Mgmt. LLC*, 453 N.J. Super. 324, 181 A.3d 1030 (Super. Ct. App. Div. 2018)(*Brunswick II*) and the last case decided earlier this year, *Brunswick Bank & Tr. v. Affiliated Bldg. Corp.*, No. A-2929-20, 2022 N.J. Super. Unpub. LEXIS 804 (Super. Ct. App. Div. May 13, 2022)(*Brunswick III*).

In *Brunswick I* that court addressed the unusual situation wherein a plaintiff with multiple mortgages and notes on several development projects elected to sue on the notes first and then foreclose later. Much larger foreclosure judgements were issued on default after the first judgments. The defendants alleged that the plaintiff had actually collected far more than it was owed on the first judgments, pursuant to the later judgments. The court agreed and remanded to apply the *First Union* standards to determine the correct amount owed and any additional damages after the first judgments. *Id.* at 127.

However, that court did find that "certain pieces of the puzzle are already in place". *Id.* That court held that:

> [f]irst, the Law Division judgment fixed the total amount of the principal indebtedness on four of the five loans at $2,059,141.84, as of August 18, 2010, the date judgment was entered; the certification submitted by plaintiff in support of the entry of that default judgment designates—and caps—the amount due on each of the four loans involved. That default judgment also awarded plaintiff post-judgment interest on the adjudicated principal, thus fixing the accrual of interest on any unpaid portion of that judgment—for however long it remained unpaid—at the rule-based interest rate contained in Rule 4:42-11(a).

*Id.*

This is identical to the Foreclosure judgment in the case at bar which also fixed the post-

judgment rate at the statutory rate of 3.5% in the Judgment. This constitutes the greatest discrepancy between the Judgment amount and the amount in the proof of claim which continues to run the default rate interest of 13% in contravention of the Foreclosure Judgment.

In *Brunswick II*, the court again emphasized that the judgment rate of interest applied. *Brunswick,* 453 N.J. Super. at 327-8. In *Brunswick III* the court remanded for a third time, but finally exercised original jurisdiction to determine that the plaintiff had been overpaid and remanded for a determination of the damages due to the defendants. *Brunswick,* No. A-2929-20, 2022 N.J. Super. Unpub. LEXIS 804 at *10.

New Jersey law also caps the amount of attorneys' fees at the amount that was determined in the first judgment. In *Brunswick I* the court was faced with a first judgment and found the defendants liable for attorneys' fee, but did not set forth an amount. This issue was remanded for the lower court to "determine whether plaintiff's failure to quantify its attorney's fees when applying for the default judgment in the Law Division constituted a waiver of that category of damages in the Chancery Division matters or whether it is more equitable to permit the later determinations in the foreclosure judgments to constitute awards for the unspecified attorney fee permitted by the Law Division judgment." *Id.* at 127, Fn. 11. Thus it is clear, that when there is an initial determination of an attorney's fee award, that issue cannot be revisited in a second proceeding.

CAF asserted that *Hyun Kim v. Brothers*, No. A-6024-17T1, 2020 N.J. Super. Unpub. LEXIS 506 (Super. Ct. App. Div. Mar. 12, 2020), supports its contention that it can seek post-judgment attorney's fees. However, what that case really stands for is the fact that in New Jersey foreclosure actions, attorney's fees are capped at $7,500.00. In order to sue on the note, instead of foreclosing, the plaintiff has to prove that the value of the property is far below the amount of the

7

loan and that suing on the note, which does not have any such limitation on fees, is warranted. *Id.* at \*8. Here, the CAF has not disputed the appraisal submitted by the Debtor, which shows a value in the Property far in excess of the amount of the Judgment. And as stated above, the determination in the first judgment is preclusive on that issue.

CAF also relies on *79-83 Thirteenth Ave., Ltd. v. De Marco*, 79 N.J. Super. 47, 190 A.2d 391 (Super. Ct. 1963), which actually supports the Debtor's position that the amount of the foreclosure judgment is the maximum amount of the CAF's claim. In that case, the court held that:

> [h]owever, generally in an action at law for a deficiency, the amount of the mortgage debt found due and owing in the foreclosure suit is *res judicata.* That amount, less the sum realized at the sale, determines the amount of the deficiency. In the deficiency the only matters to be considered by the court are the amount of the debt as adjudged by the chancery court and the amount by which it has been reduced by the application to it of the proceeds of the foreclosure sale. *Murray v. Pearce*, 95 N.J.L. 104 (E. & A. 1920).

*De Marco,* 79 N.J. Super. at 55.[5]

What is permitted to be recovered in a second action, is any class of expenses that were not part of the first judgment. For example, post judgment real estate taxes and insurance are recoverable. *Brunswick II* is instructive on this point: "[t]he judge will also need to consider other costs that may have been incurred by Brunswick Bank in the interim and whether they should be added to defendants' obligation or in good conscience borne by Brunswick Bank if it obtained greater compensation than that to which it was entitled. We are mindful that the evidentiary hearing occurred in August 2015 and the matter decided by the chancery judge in September 2015. Costs and expenses regarding the properties in question have undoubtedly accrued since." *Brunswick*, 453 N.J. Super. at 327-8. Thus, the categories of additional expenses are limited to the costs of

---

[5] This case predates the more recent cases addressing "Fair Value" addressed *infra.*

maintaining the premises.

New Jersey also requires a second action to obtain a personal judgment against the mortgagor and any guarantor because in New Jersey, unlike in New York, there is an absolute right to a "fair value" defense by the defendants to have the judgment determined by the "fair value" of the property in commercial foreclosures. *Brunswick II,* 453 N.J. Super. at 330. This right has been recognized by courts in the Second Circuit. *See Ekstein v. Polito Assocs. LLC*, 2022 U.S. Dist. LEXIS 45961 (S.D.N.Y. Mar. 15, 2022)(discovery granted of lender to determine highest and best use of property for "Fair Value" defense). It has also been recognized by Bankruptcy Courts in New Jersey. *See In re Karagiannis*, 453 B.R. 548 (Bankr. D.N.J. 2011)(Exhaustive analysis of New Jersey law of foreclosure and "Fair Hearings", finding a right to same and limiting any recovery in a deficiency judgement to the difference between the amount of the foreclosure judgment and the "Fair Value" of the property).

Under the Loan Documents, the second action would have been an *in personum* action and would have been governed by New York Law.[6] In the initial response to the In Rem Motion, the Debtor asserted that the New York election of remedies would have precluded a second suit in New York. The Debtor now understands, through further research provided herein, that this was not accurate. Case law in New York has determined that this statute does not apply when the real property at issue is not located in New York. *CDR Creances S.A. v. Euro-American Lodging Corp.*,

---

[6] 10.22.2 ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST LENDER OR ANY RESTRICTED PARTY ARISING OUT OF OR RELATING TO THE LOAN DOCUMENTS (OTHER THAN ANY ACTION IN RESPECT OF THE CREATION, PERFECTION OR ENFORCEMENT OF A LIEN OR SECURITY INTEREST CREATED PURSUANT TO ANY LOAN DOCUMENTS NOT GOVERNED BY THE LAWS OF THE STATE OF NEW YORK) MAY BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN NEW YORK, NEW YORK. BORROWER AND LENDER HEREBY (i) IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY OBJECTION THAT THEY MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY SUCH SUIT, ACTION OR PROCEEDING BROUGHT IN SUCH A COURT AND ANY CLAIM THAT ANY SUCH PROCEEDING BROUGHT IN SUCH A COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM, (ii) IRREVOCABLY SUBMIT TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUCH SUIT, ACTION OR PROCEEDING, AND (iii) IRREVOCABLY CONSENT TO SERVICE OF PROCESS BY MAIL, PERSONAL SERVICE OR IN ANY OTHER MANNER PERMITTED BY APPLICABLE LAW, AT THE ADDRESS SPECIFIED IN SECTION 10.1 HEREOF (AND AGREES THAT SUCH SERVICE AT SUCH ADDRESS IS SUFFICIENT TO CONFER PERSONAL JURISDICTION OVER ITSELF IN ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY SUCH COURT, AND OTHERWISE CONSTITUTES EFFECTIVE AND BINDING SERVICE IN EVERY RESPECT).

2007 NY Slip Op 4366, 43 A.D.3d 45, 837 N.Y.S.2d 33 (App. Div. 1st Dept.).

However, New York will not permit a second action to be filed for the same relief that is being sought in an action in a different state. These principals have been expressly applied to New Jersey foreclosures and supplementary actions on a note. In *Wells Fargo Bank, Nat'l Ass'n v. Pena*, 2016 NY Slip Op 26003, 51 Misc. 3d 241, 24 N.Y.S.3d 865 (Sup. Ct.) the court was faced with a very similar case to the case at bar. There, a lender sought to commence actions in New York on notes related to a New Jersey foreclosure action pending in New Jersey. The court denied the motion to dismiss the complaint as violative of N.Y. Real Prop. Acts. Law § 1371, ruling that "In the present action, the mortgaged property that is the subject of plaintiff's foreclosure action is located in New Jersey, thus precluding the application of RPAPL 1301 (3) (*see Valley Natl. Bank v Spitzer*, 31 Misc 3d 1232[A], 932 NYS2d 764, 2011 NY Slip Op 50926[U], *4 [Sup Ct, Kings County 2011]). *Id.* at 248.

However, that court did grant similar relief:

However, while pursuant to the above cited cases relied upon by plaintiff in opposition to defendants' motion RPAPL 1301 (3) is not technically applicable to this case, the court considers its underlying legislative purpose and policy: to avoid the duplication of claims by the same party and multiple litigation simultaneously addressing the same issues (*see Central Trust Co. v Dann*, 85 NY2d 767, 772, 651 NE2d 1278, 628 NYS2d 259 [1995]; *Aurora Loan Servs., LLC v Lopa*, 88 AD3d 929, 930, 932 NYS2d 496 [2d Dept 2011]; *NC Venture I, L.P. v Complete Analysis, Inc.,* 49 AD3d 514, 515, 851 NYS2d 888 [2d Dept 2008]; *Valley Sav. Bank v Rose*, 228 AD2d 666, 667, 646 NYS2d 349 [2d Dept 1996]; *Anron Air Sys. v Columbia Sussex Corp.*, 202 AD2d 460, 462, 609 NYS2d 49 [2d Dept 1994]; *Dollar Dry Dock Bank v Piping Rock Bldrs.*, 181 AD2d 709, 710, 581 NYS2d 361 [2d Dept 1992]; *Orchard Hotel LLC v. Zhavian*, 2012 NY Slip Op 50180(U), 34 Misc. 3d 1219(A), 950 N.Y.S.2d 492 (Sup. Ct.), RPAPL 1301 seeks "to protect the mortgagor 'from the expense and annoyance' of simultaneously defending against two independent actions to recover the same mortgage debt" (*Old Republic Natl. Tit. Ins. Co. v Conlin,* 129 AD3d 804, 805, 13 NYS3d 99 [2d Dept 2015], *quoting Central Trust Co.*, 85 NY2d at 772; *see also Hometown Bank of Hudson Val. v Belardinelli*, 127 AD3d 700, 701, 7 NYS3d 289 [2d Dept 2015]; NC I., 49 AD3d 514, 515, 851 NYS2d 888 [2d Dept 2008]). This policy would be contravened if this action were permitted to simultaneously proceed with the New Jersey action (I,

10

>   34 Misc 3d 1219, 2012 NY Slip Op 50180).

*Wells Fargo Bank v. Pena,* 51 Misc. 3d at 248-9.

That court went on to hold that it was authorized to stay the New York action, pursuant to section 3211(a)(4) of the New York Civil Practice and Rules (the "CPLR"), on the ground that another action is presently pending in New Jersey between the same parties based upon the same debt. *Id*. at 250. "Thus, the court finds that CPLR §3211(a)(4) is applicable to this action since it is undisputed that there is a pending mortgage foreclosure action by plaintiff on the same debt. Plaintiff has made its decision to foreclose on the mortgages and should not be permitted to commence a second simultaneous action attempting to recover the same debt before the New Jersey court has made a determination." *Id.* at 251. That Court then stayed the New York action pending a determination if there was to be any deficiency judgment *based upon the New Jersey judgment.*

[*Remainder of Page Intentionally Left Blank*]

Thus, even in New York, a lender does not get a new opportunity to get a claim for a different amount. The mortgagor's liability is based upon the amount determined in the foreclosure judgment. *Id.* at 254.

## **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form of the proposed order determining that the New Jersey Foreclosure Judgment is determinative of the CAF's Claim and denying CAF's motions on that basis and granting the Debtor's Motion; together with such other, further and different relief that this Court may deem just, proper and equitable.

Dated: September 9, 2022  
       Huntington, New York

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**

By: */s/ Avrum J. Rosen*  
Avrum J. Rosen, Esq.  
Nico G. Pizzo, Esq.  
38 New Street  
Huntington, NY 11743  
(631) 423-8527  
arosen@ajrlawny.com  
npizzo@ajrlawny.com  

*Counsel for the Debtor  
and Debtor-In-Possession*