**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.

*Attorneys for the Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                                  Chapter 11

FRALEG GROUP, INC.,                                        Case No.: 22-41410-jmm

                                    Debtor.
-----------------------------------------------------------X

**APPLICATION FOR THE ENTRY OF:**
**(I) AN ORDER SCHEDULING A HEARING TO APPROVE THE ADEQUACY**
**OF THE DEBTOR'S DISCLOSURE STATEMENT; AND**
**(II) AN ORDER: (a) SCHEDULING THE PLAN CONFIRMATION HEARING;**
**(b) ESTABLISHING VOTING AND OBJECTION DEADLINES**
**TO THE PLAN; AND (c) APPROVING THE BALLOTING,**
**SOLICITATION, NOTICING AND VOTING PROCEDURES**

**TO:    THE HONORABLE JIL MAZER-MARINO,**
**          UNITED STATES BANKRUPTCY JUDGE:**

Fraleg Group, Inc., the debtor and debtor-in-possession (the "Debtor"), by and through its

counsel, the Law Offices of Avrum J. Rosen, PLLC, submits this application (the "Application")

seeking entry of: (i) an order (the "Disclosure Statement Order") scheduling a hearing to consider

approving the adequacy of the Debtor's disclosure statement [Dkt. No. 43] (the "Disclosure

Statement") with respect to the Debtor's Chapter 11 plan [Dkt. No. 42] (the "Plan")[1] (the proposed

Disclosure Statement Order is attached hereto as **Exhibit "A"**; and (ii) an order (the "Plan

Confirmation Order") scheduling a hearing to consider: (a) confirmation of the Plan (the

"Confirmation Hearing"); (b) establishing voting and objection deadlines to the Plan; and (c)

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan.

approving the Debtor's proposed balloting, solicitation, noticing and voting procedures (the proposed Plan Confirmation Order is attached hereto as **Exhibit "B"**), and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      By this Application, the Debtor seeks the Court's approval of various substantive and procedural matters central to the Plan confirmation process.

2.      As a threshold matter, the Debtor seeks approval of the Disclosure Statement as providing "adequate information" within the meaning of section 1125(a)(1) of the Bankruptcy Code. As will be shown below, the Debtor submits, among other things, that the Disclosure Statement contains adequate information and that the facts and circumstances of this case warrant approval.

3.      In addition, if the Court determines that any class is impaired and is entitled to vote, the Debtor submits that the proposed solicitation and confirmation procedures are fair and appropriate, comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules, and should be approved.

4.      For these reasons, and for those set forth below, the Debtor respectfully requests that the Court grant the Application.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory predicates for the relief sought herein include sections 105, 502, 1125, 1126 and 1128 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002,

3017, 3018, 3020, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Local Rules 3017-1, 3018-1 and 3019-1 of the E.D.N.Y. Local Bankruptcy Rules (the

"Local Rules").

## BACKGROUND

7.      On June 17, 2022 (the "Filing Date"), the Debtor filed a voluntary petition for relief

pursuant to Chapter 11 of the Bankruptcy Code.

8.      The Debtor continues to operate its business and manage its property as a debtor-

in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner

or committee has been appointed in this case.

9.      On September 15, 2022, the Debtor filed its Disclosure Statement and Plan with

the Court. *See* Dkt. Nos. 42 and 43 respectively (as the same may hereafter be modified, amended,

or supplemented).

## LEGAL STANDARD

### I.      The Court Should Approve the Disclosure Statement

#### A.      The Standard of Approval for a Disclosure Statement

10.     Pursuant to section 1125 of the Bankruptcy Code, the solicitation of votes on a plan

from holders of claims and equity interests entitled to vote on a plan may not commence until a

court-approved disclosure statement has been transmitted to such holders. *See* 11 U.S.C. §1125(b);

*see also* Fed. R. Bankr. P. 3017(a)-(b). The standard for approval of such a disclosure statement is

whether the disclosure statement contains "adequate information." *See* 11 U.S.C. §1125(b).

"Adequate information" is defined within section 1125(a) of the Bankruptcy Code as:

> information of a kind, and in sufficient detail, as far as is reasonably
> practicable in light of the nature and history of the debtor and the condition
> of the debtor's books and records, including a discussion of the potential
> material Federal tax consequences of the plan to the debtor, any successor

to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

11.    The determination of whether a disclosure statement contains "adequate information" is made on a case-by-case basis in the broad discretion of the Court. *See, e.g., Abel v. Shugrue (In re Ionosphere Clubs. lnc.)*, 179 B.R. 24, 29 (S.D.N.Y. 1995); *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1156-57 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988); *In re Dakota Rail, Inc.*, 104 B.R. 138, 143 (Bankr. D. Minn. 1989) ("[t]he statutory definition of 'adequate information' leaves the Court wide discretion to determine on a case by case basis whether a disclosure statement contains adequate information, without burdensome, unnecessary, and cumbersome detail."). The following list of factors have been identified by courts as relevant in considering the adequacy of information:

   a.   the circumstances that gave rise to the filing of the bankruptcy petition;

   b.   a complete description of the available assets and their value;

   c.   the anticipated future of the debtor;

   d.   the source of the information provided in the disclosure statement;

   e.   a notice indicating that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

   f.   the financial condition and performance of the debtor while in Chapter 11;

   g.   information regarding claims against the debtor's estate;

h. a liquidation analysis identifying the estimated return that creditors would receive if the debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code;

i. the accounting and valuation methods used to produce the financial information in the disclosure statement;

j. information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors or officers of the debtor;

k. summary of the plan of reorganization;

l. an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

m. the collectability of any accounts receivable;

n. any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan of reorganization;

o. information relevant to the risks being taken by the creditors and interest holders;

p. the actual or projected value that could be obtained from avoidable transfers;

q. the existence, likelihood and possible success of nonbankruptcy litigation;

r. the tax consequences of the plan of reorganization; and

s. the relationship of the debtor with its affiliates.

*See, e.g., In re Puff*, No. 10-01877, 2011 Bankr. LEXIS 2445, at \*9 (Bankr. N.D. Iowa June 30, 2011) (citing cases); *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (same). The above list is not meant to be comprehensive. *See Puff* at \*10 ("Disclosure of all factors, however, is not necessary in every case. Cases have specified that these factors are only a general 'yardstick' and need to be modified as the circumstances and size of each case warrant.") (internal citation omitted).

### B. The Disclosure Statement Contains Adequate Information in Accordance with Section 1125 of the Bankruptcy Code

12. In this case, the Debtor submits that the Disclosure Statement contains adequate information, as required by section 1125 of the Bankruptcy Code, so that the voting classes (should the Court determine that there are any) will be able to make an informed decision in voting to accept or reject the Plan. Many of the categories of information identified in *Puff* do not apply to this Debtor's case. The Debtor submits, however, that the Disclosure Statement is comprehensive and contains, among other things, a discussion of:

| Topic | Summary | Location in Disclosure Statement |
|---|---|---|
| Disclaimer | A disclaimer, which indicates that no statement or information concerning the Debtor or its assets are authorized, other than those set forth in the Disclosure Statement. | Disclaimer, Pg. 1 |
| Overview of the Plan | A general summary of the Debtor's Plan. | Article 1, Pg. 3 |
| Solicitation and Voting Procedures | A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan. | Article I, Pg. 4 |
| Events Leading up to the Chapter 11 Filing | An overview of the major events that ultimately led to the Debtor's Chapter 11 filing. | Article II, Pg. 7 |
| Events During the Chapter 11 Case | An overview of some of the first day relief requested and other achievements in the Debtor's Chapter 11 Case. | Article II, Pg. 10 |
| Means for Implementation of the Plan | A summary of the carrying out and execution of the Debtor's Plan. | Article III, Pg. 14 |
| Provisions Governing Distributions under the Plan | A summary outlining the procedures for the resolution of disputed, | Article III, Pg. 19 |

| | contingent and unliquidated claims or equity interests. | |
|---|---|---|
| Provisions Governing Distributions under the Plan | An overview of how distributions will be made under the Plan. | Article III, Pg. 19 |
| Liquidation Analysis | A liquidation analysis. | Article VI, Pg. 25 |
| Recommendation of the Debtor | A recommendation by the Debtor that the Plan should be confirmed. | Article VII, Pg. 26 |

13.     Based on the foregoing, the Debtor submits that the Disclosure Statement complies

with all aspects of section 1125 of the Bankruptcy Code. Accordingly, the Debtor requests that the

Court approve the Disclosure Statement as containing adequate information within the meaning of

section 1125(a)(1) of the Bankruptcy Code.

## II.      Setting the Confirmation Hearing

14.     Pursuant to section 1128 of the Bankruptcy Code and Bankruptcy Rule 3017, the

Debtor further requests that the Court schedule a hearing to consider confirmation of the Plan.

15.     Bankruptcy Rule 3017(c) provides as follows:

> On or before approval of the disclosure statement, the court shall fix a time
> within which the holders of claims and interests may accept or reject the
> plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c)

16.     The Debtor respectfully requests that the hearing on confirmation of the Plan be

scheduled as part of the Disclosure Statement Order.

## III.      Establishing Voting and Objection Deadlines

### A.      Voting Deadlines

17.     Bankruptcy Rule 3017(d) provides that, for purposes of soliciting votes in

connection with the confirmation of a chapter 11 plan, "creditors and equity security holders shall

include holders of stock, bonds, debentures, notes, and other securities of record on the date the

order approving the disclosure statement is entered or another date fixed by the court …" Fed. R.

Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision with respect to

determining the record date for voting purposes. *See* Fed. R. Bankr. P.  3018(a).

18.    The Debtor requests that the Court establish as the Record Date in this Case the

date on which the Disclosure Statement Order is entered by the Court for the purposes of

determining: (a) which eligible holders of Claims and Equity Interests are entitled to vote on the

Plan; and (b) which holders Claims and Equity Interests are entitled to receive other notices

described herein.

### B.    Voting Deadline

19.    In connection with approval of a disclosure statement, Bankruptcy Rule 3017

requires the establishment of a deadline for the submission of votes on a plan. *See* Fed. R. Bankr.

P. 3017(c) ("Following the hearing the court shall determine whether the disclosure statement

should be approved.").

20.    Here, the Debtor requests that the deadline for the submission of votes on the Plan

be established (the "Voting Deadline"). The Debtor proposes that completed Ballots must be

actually received by the Voting Deadline by regular mail, overnight mail, hand delivery, electronic

mail, or facsimile to:

> If by regular mail, overnight mail or hand delivery:
> Law Offices of Avrum J. Rosen, PLLC
> Attn: Avrum J. Rosen, Esq.
> 38 New Street
> Huntington, New York 11743
>
> If by electronic mail:
> arosen@ajrlawny.com
>
> If by facsimile:
> (631) 423-4536

21.      It is the Debtor's position that none of the classes of creditors are impaired, and as a result, are not entitled to vote on the Plan; however, in the event that the Court finds that a class is impaired and is entitled to vote, the Debtor intends to transmit the Solicitation Package to all Holders of impaired Claims entitled to vote on the Plan at least 31 days prior to the Voting Deadline.

22.      To ensure that no dispute arises as to the date of service of completed Ballots, the Debtor requests that the Disclosure Statement Order specify that, in the absence of an extension of the Voting Deadline by order of the Court permitting a late submission, a completed Ballot must be **actually received** by counsel to the Debtor by not later than the Voting Deadline to deem the ballot timely and counted.

### C.      Objections and Reply Deadlines

23.      Pursuant to Bankruptcy Rules 2002 and 3017, creditors and equity-interest holders must also be given at least 28 days' notice of the deadline for the filing of objections to confirmation of the Plan. *See* Fed. R. Bankr. P. 2002(b)(2); 3017(d). In this case, the Debtor requests that objections, if any, to approval of the Disclosure Statement or confirmation of the Plan (collectively, the "Objections") be fixed as the same date as the Voting Deadline (the "Objection Deadline").

24.      In addition, the Debtor requests that any Objections must: (a) be in writing; (b) state with particularity the grounds (including applicable legal authority) for the objection including, but not limited to, identifying the specific section(s) of the Plan to which the objection is focused; and (c) be filed with the Court and served on the Debtor's undersigned counsel and the United

States Trustee (at the addresses listed below) by not later than the Objection Deadline.

> Counsel to the Debtor:
> Avrum J. Rosen, Esq.
> Law Offices of Avrum J. Rosen, PLLC
> 38 New Street
> Huntington, New York 11743
> Email: arosen@ajrlawny.com
>
> United States Trustee:
> Nazar Khodorovsky, Esq., Trial Attorney
> Office of the United States Trustee
> 201 Varick Street, Suite 1006
> New York, New York 10014
> Email: Nazar.khodorovsky@usdoj.gov

25.     The Debtor further requests that the Disclosure Statement Order specify that untimely and non-compliant Objections may not be considered by the Court.

## IV.     Approval of Ballots, Solicitation, Voting and Notice Procedures

### A.     Ballot Form

26.     Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3017, the Debtor requests this Court's approval of the form of ballot to be utilized to cast votes on the Plan. The proposed form of ballot (the "Ballot") is attached as **Exhibit "C"**. The Debtor submits that the proposed form of Ballot substantially conforms with Official Form 314.

### B.     Solicitation and Notice Procedures

27.     The Debtor requests approval of solicitation, notice and voting procedures pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 3017 and 3018.

28.     Bankruptcy Rule 3017 specifies the materials that must be provided to creditors and equity interest holders in connection with a confirmation hearing and the solicitation of votes on a plan. In relevant part, it provides:

> Upon approval of a disclosure statement,…the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors

and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,

(1) the plan or a court-approved summary of the plan;

(2) the disclosure statement approved by the court;

(3) notice of the time within which acceptances and rejections of the plan may be filed; and

(4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

29.     Here, to comply with Bankruptcy Rules 3017 and 2002(b), and to effectively solicit votes on the Plan in a manner that is consistent with all other pertinent provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, the Debtor requests the Court's approval of the following solicitation materials (collectively, the "Solicitation Package"):

a.   the notice attached as **Exhibit "D"** providing pertinent deadlines and information relating to the Confirmation Hearing (the "Confirmation Hearing Notice");

b.   a copy of the Disclosure Statement Order;

c.   Copies of the Disclosure Statement and Plan, with exhibits; and

d.   the Ballot.

30.     The Debtor proposes to serve the Solicitation Package by first class mail at least thirty-one (31) days prior to the scheduled Confirmation Hearing to Holders of impaired Claims entitled to vote on the Plan. The Debtor requests such service shall be deemed to constitute

adequate and proper notice of the scheduled Confirmation Hearing, the Voting Deadline and the Objection Deadline, consistent with the requirements of Bankruptcy Rules 2002 and 3017.

31.    Additionally, in accordance with bankruptcy Rule 3017(d), the Debtor proposes to serve copies of: (i) Confirmation Hearing Notice; (ii) the Disclosure Statement Order; and (iii) the Disclosure Statement and Plan, with exhibits, by first-class mail, or email (if known) at least 31 days prior to the scheduled Confirmation Hearing to:

   a.   the United States Trustee;

   b.   all entities who have requested notice under Bankruptcy Rule 2002; and

   c.   the Securities and Exchange Commission.

The Debtor requests such service shall be deemed to constitute adequate and proper notice of the Confirmation Hearing, the Voting Deadline and the Objection Deadline, consistent with the requirements of Bankruptcy Rules 2002 and 3017.

32.    No interested party will be prejudiced by the proposed notice procedures. All of the Debtor's impaired creditors entitled to vote on the Plan (to the extent the Court determines there are any) will be served with a Solicitation Package. Additionally, copies of the Disclosure Statement Order, Plan and Disclosure Statement, with exhibits, or any other part of the Solicitation Package, may be obtained by any interested party on written request or e-mail to the Debtor's counsel at the following address:

> Avrum J. Rosen, Esq.
> Law Offices of Avrum J. Rosen, PLLC
> 38 New Street
> Huntington, New York 11743
> Email: arosen@ajrlawny.com

## C.    <u>Voting Procedures</u>

33.    The Debtor requests that the Court approve the following procedures in relating to

the determination and tabulation of votes on the Plan (collectively, the "<u>Voting Procedures</u>"):

a.  With respect to a Claim as to which a proof of Claim has not been filed as of the General Bar Date[2], the voting amount of such Claim (subject to any applicable limitations set forth below) shall be equal to the amount listed, if any, in respect of such Claim in the Debtor's Schedules to the extent such Claim is not listed as contingent, unliquidated, undetermined or disputed. Such Claim shall be placed in the appropriate Class based upon the Debtor's Schedules and the classification scheme set forth in the Plan.

b.  With respect to a proof of Claim which, according to the Clerk of the Court's records, was not filed as of the General Bar Date and is not subject to the provisions of the immediately preceding paragraph, such Claim shall be provisionally disallowed for voting purposes.

c.  With respect to a liquidated, non-contingent, undisputed Claim as to which: (i) a proof of Claim has been filed as of the General Bar Date; (ii) a Claim has been listed in the Debtor's Schedules that conflicts in amount with such proof of Claim; and (iii) an objection has not been filed, the classification of such Claim shall be that specified in such proof of Claim and that proof of Claim shall be accorded one vote and assigned a value, for purposes of section 1126(c) of the Bankruptcy Code (subject to any applicable limitations set forth below), equal to the amount of the proof of Claim.

d.  With respect to a liquidated, non-contingent, undisputed Claim as to which: (i) a proof of Claim has been filed as of the General Bar Date; (ii) a Claim is not listed in the Debtor's Schedules that conflicts in amount with such proof of Claim; and (iii) an objection has not been filed, the classification of such Claim shall be that specified in such proof of Claim and that proof of Claim shall be accorded one vote and assigned a value, for purposes of section 1126(c) of the Bankruptcy Code (subject to any applicable limitations set forth below), equal to the amount of the proof of claim.

e.  With respect to a proof of Claim which is the subject of an objection filed by the Debtor, the Claim represented by such proof of Claim shall be provisionally disallowed for voting purposes, except to the extent and in the manner that: (i) the Debtor indicates in their objection the extent to which such Claim should be allowed; or (ii) the Court otherwise orders.

---

[2] "<u>General Bar Date</u>" means August 31, 2022, the deadline to file proofs of claim against the Debtor, which arose prior to the Filing Date.

f.   A timely filed proof of Claim that is designated as wholly unliquidated or contingent shall be accorded one vote and assigned a value of one dollar for purposes of section 1126(c) of the Bankruptcy Code, unless the Claim is disputed as set forth in the immediately preceding paragraph.

g.   With respect to a Claim that has been estimated or otherwise allowed for voting purposes by order of the Court, the amount and classification of such Claim shall be that set by the Court.

h.   With respect to a Claim, any portion of which is unliquidated, contingent or disputed, the holder of the Claim shall be entitled to vote that portion of the Claim that is liquidated, non-contingent and undisputed, subject to any limitations set forth herein and unless otherwise ordered by the Court.

i.   Holders of Claims shall not be entitled to vote Claims to the extent such Claims duplicate or have been superseded by other Claims of such holders of Claims.

j.   If the Holder of a Claim submits more than one Ballot voting the same Claim or Equity Interest prior to the deadline for submission of Ballots, the first of such Ballots filed (and only such Ballot) shall be counted in accordance with the Voting Procedures unless either: (i) the Debtor consents to the filing and counting of a superseding Ballot, or (ii) the Court, after notice and a hearing, orders otherwise.

k.   The authority of the signatory of each Ballot to complete and execute such Ballot shall be presumed.

l.   Any Ballot which is executed and returned, but does not indicate an acceptance or rejection of the applicable Plan, shall be deemed to be an acceptance of the Plan.

m.  For the purpose of voting on the Plan, the Debtor will be deemed to be in constructive receipt of any Ballot timely delivered to any address designated for the receipt of Ballots cast in connection with the Plan.

n.   Any Ballot received by the Debtor after the Voting Deadline shall not be accepted or used by the Debtor in connection with the Debtor's request for Confirmation of the Plan unless the Court orders such Ballot to be counted.

o.   All Ballots must be cast using the Ballots distributed to the holders of Claims. Votes cast in any manner other than by using such Ballots will not be counted.

34.     The Debtor believes that approval of the Voting Procedures is necessary to avoid any confusion in determining votes on the Plan, and will ensure that all creditors are treated fairly and appropriately.

35.     Prior to the Confirmation Hearing, the Debtor will file with the Court and serve on the Office of the United States Trustee a certification, as required by Local Rule 3018-1.

## NO PRIOR REQUEST

36.     No prior request for the relief requested in this Application has been made by the Debtor to this Court or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of the Disclosure Statement Order granting: (i) the relief sought herein; together with (ii) such other and further relief as is just and proper.

Dated:  September 16, 2022                            Respectfully submitted,
        Huntington, New York

                                            **Law Offices of Avrum J. Rosen, PLLC**

                            By:    */s/ Avrum J. Rosen*
                                   Avrum J. Rosen, Esq.
                                   Nico G. Pizzo, Esq.
                                   38 New Street
                                   Huntington, New York 11743
                                   (631) 423-8527
                                   arosen @ajrlawny.com
                                   npizzo@ajrlawny.com

                                   *Attorneys for the Debtor*
                                   *and Debtor-in-Possession*