# EXHIBIT

# "B"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                    Chapter 11

FRALEG GROUP, INC.,                                       Case No.: 22-41410-jmm

                              Debtor.
-------------------------------------------------------------X

**ORDER: (I) APPROVING THE DEBTOR'S DISCLOSURE STATEMENT;
(II) SCHEDULING THE PLAN CONFIRMATION HEARING; (III) ESTABLISHING
VOTING AND OBJECTION DEADLINES TO THE PLAN; AND (IV) APPROVING
THE BALLOTING, SOLICITATION, NOTICING AND VOTING PROCEDURES**

Fraleg Group, Inc., the debtor and debtor-in-possession (the "Debtor"), by its counsel, the

Law Offices of Avrum J. Rosen, PLLC, having filed with the Court the Debtor's Disclosure

Statement dated September 15, 2022 [Dkt. No. 43] (as it may be supplemented or amended, the

"Disclosure Statement") and the Debtor's Plan of Reorganization dated September 15, 2022 [Dkt.

No. 42] (as such plan may be supplemented or amended, the "Plan"); and upon the Debtor's

application [Dkt. No. 44] (the "Application")[1], seeking the entry of an order (the "Order"): (i)

approving the Debtor's Disclosure Statement with respect to the Debtor's Plan, as each may be

supplemented or amended; (ii) scheduling a hearing to consider confirmation of the Plan (the

"Confirmation Hearing"); (iii) establishing voting and objection deadlines to the Plan; and (iv)

approving the Debtor's proposed balloting, solicitation, noticing and voting procedures; and after

due deliberation and sufficient cause having been shown for the relief requested in the Application,

IT IS HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

---

[1] All capitalized terms not defined herein shall be ascribed the same meaning as set forth in the Application, the
Disclosure Statement and/or the Plan.

**A.    Approval of the Disclosure Statement**

2.    The Disclosure Statement, as the same may be amended and modified to incorporate modifications and reflect any modifications that the Debtor determines to be appropriate, which do not materially change the substantive disclosure provided by the document or materially affect any rights of a party in interest, is hereby approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

**B.    Hearing on Confirmation**

3.    The Court shall hold a hearing to consider confirmation of the Plan on _____ at _____ :00 __.m. (Eastern).

4.    Pursuant to the Bankruptcy Court's Emergency Procedures during the COVID-19 Pandemic, the Confirmation Hearing shall not be held in person but shall be held telephonically or by video. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy for instructions at (347) 394-1844, JMM_Hearings@nyeb.uscourts.gov.

**C.    Voting and Objection Deadlines**

5.    The date of entry of this Order shall be the Record Date for the purposes of determining: (a) which eligible holders of Claims and Equity Interests are entitled to vote on the Plan; and (b) which holders Claims and Equity Interests are entitled to receive other notices described herein.

6.     To be counted as a vote to accept or reject the Plan, a Ballot must be properly executed, completed by no later than **5:00 p.m. (Eastern) on _____, 2022** (the "Voting Deadline") by regular mail, overnight mail, hand delivery, electronic mail, or facsimile to:

> If by regular mail, overnight mail or hand delivery:
> Law Offices of Avrum J. Rosen, PLLC
> Attn: Avrum J. Rosen, Esq.
> 38 New Street
> Huntington, New York 11743
>
> If by electronic mail:
> arosen@ajrlawny.com
>
> If by facsimile:
> (631) 423-4536

7.     Except as otherwise provided in this Order, for purposes of determining whether the numerosity and claim amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, only Ballots cast by the Voting Deadline will be counted.

8.     Objections to the confirmation of the Plan, if any, must be filed with the Court by no later than **5:00 p.m. (Eastern) on _____, 2022** (the "Objection Deadline"), and served on the Debtor's counsel and the Office of the United States Trustee (at the addresses listed below) by not later than the Objection Deadline:

> Counsel to the Debtor:
> Avrum J. Rosen, Esq.
> Law Offices of Avrum J. Rosen, PLLC
> 38 New Street
> Huntington, New York 11743
> Email: arosen@ajrlawny.com
>
> United States Trustee:
> Nazar Khodorovsky, Esq., Trial Attorney
> Office of the United States Trustee
> 201 Varick Street, Suite 1006
> New York, New York 10014

Email: Nazar.khodorovsky@usdoj.gov

9.     Objections to the confirmation of the Plan, if any, must: (a) be in writing; (b) state with particularity the grounds (including applicable legal authority) for the objection including, but not limited to, identifying the specific section(s) of the Plan to which the objection is focused.

10.    Objections to the confirmation of the Plan, if any, which do not comply with this Order, or which are not timely filed and served by the Objection Deadline, will not be considered and shall be deemed waived and/or overruled.

11.    Replies to objections to the confirmation of the Plan, if any, must be filed with the Court on or before_____, **2022 by 5:00 p.m. (Eastern)**.

**D.     Ballots, Solicitation, Voting and Notice Procedures**

12.    The form Ballot substantially in the form annexed hereto as **Exhibit "A"** is approved for distribution to the known Holders of impaired Claims entitled to vote on the Plan as of the Record Date.

13.    The Debtor shall cause to be served **on or before _____, 2022 by 5:00 p.m. (Eastern)** by first class mail to Holders of impaired Claims entitled to vote on the Plan as of the Record Date the Solicitation Package, which shall consist of the following solicitation materials:

      a.   the Confirmation Hearing Notice;

      b.   a copy of this Order;

      c.   Copies of the Disclosure Statement and Plan, with exhibits; and

      d.   the Ballot.

14.    The Debtor shall cause to be served **on or before _____, 2022 by 5:00 p.m. (Eastern)**, by first class mail or e-mail if known, copies of the Confirmation Hearing Notice, this Order, and the Plan and Disclosure Statement, with exhibits to:

4

a.  the United States Trustee;

b.  all entities who have requested notice under Bankruptcy Rule 2002; and

c.  the Securities and Exchange Commission.

15.    The notice in the time and manner set forth above shall be adequate and sufficient notification of the information contained therein to all creditors and other parties in interest, and no further notice shall be necessary or required.

16.    The following Voting Procedures are approved:

a.  With respect to a Claim as to which a proof of Claim has not been filed as of the General Bar Date[2], the voting amount of such Claim (subject to any applicable limitations set forth below) shall be equal to the amount listed, if any, in respect of such Claim in the Debtor's Schedules to the extent such Claim is not listed as contingent, unliquidated, undetermined or disputed. Such Claim shall be placed in the appropriate Class based upon the Debtor's Schedules and the classification scheme set forth in the Plan.

b.  With respect to a proof of Claim which, according to the Clerk of the Court's records, was not filed as of the General Bar Date and is not subject to the provisions of the immediately preceding paragraph, such Claim shall be provisionally disallowed for voting purposes.

c.  With respect to a liquidated, non-contingent, undisputed Claim as to which: (i) a proof of Claim has been filed as of the General Bar Date; (ii) a Claim has been listed in the Debtor's Schedules that conflicts in amount with such proof of Claim; and (iii) an objection has not been filed, the classification of such Claim shall be that specified in such proof of Claim and that proof of Claim shall be accorded one vote and assigned a value, for purposes of section 1126(c) of the Bankruptcy Code (subject to any applicable limitations set forth below), equal to the amount of the proof of Claim.

d.  With respect to a liquidated, non-contingent, undisputed Claim as to which: (i) a proof of Claim has been filed as of the General Bar Date; (ii) a Claim is not listed in the Debtor's Schedules that conflicts in amount with such proof of Claim; and (iii) an objection has not been filed, the classification of such Claim shall be that specified in such proof of Claim and that proof of Claim shall be accorded one vote and assigned a value, for purposes of section 1126(c) of the

---

[2] "General Bar Date" means August 31, 2022, the deadline to file proofs of claim against the Debtor, which arose prior to the Filing Date.

Bankruptcy Code (subject to any applicable limitations set forth below), equal to the amount of the proof of claim.

e.   With respect to a proof of Claim which is the subject of an objection filed by the Debtor, the Claim represented by such proof of Claim shall be provisionally disallowed for voting purposes, except to the extent and in the manner that: (i) the Debtor indicates in their objection the extent to which such Claim should be allowed; or (ii) the Court otherwise orders.

f.   A timely filed proof of Claim that is designated as wholly unliquidated or contingent shall be accorded one vote and assigned a value of one dollar for purposes of section 1126(c) of the Bankruptcy Code, unless the Claim is disputed as set forth in the immediately preceding paragraph.

g.   With respect to a Claim that has been estimated or otherwise allowed for voting purposes by order of the Court, the amount and classification of such Claim shall be that set by the Court.

h.   With respect to a Claim, any portion of which is unliquidated, contingent or disputed, the holder of the Claim shall be entitled to vote that portion of the Claim that is liquidated, non-contingent and undisputed, subject to any limitations set forth herein and unless otherwise ordered by the Court.

i.   Holders of Claims shall not be entitled to vote Claims to the extent such Claims duplicate or have been superseded by other Claims of such holders of Claims.

j.   If the Holder of a Claim submits more than one Ballot voting the same Claim or Equity Interest prior to the deadline for submission of Ballots, the first of such Ballots filed (and only such Ballot) shall be counted in accordance with the Voting Procedures unless either: (i) the Debtor consents to the filing and counting of a superseding Ballot, or (ii) the Court, after notice and a hearing, orders otherwise.

k.   The authority of the signatory of each Ballot to complete and execute such Ballot shall be presumed.

l.   Any Ballot which is executed and returned, but does not indicate an acceptance or rejection of the applicable Plan, shall be deemed to be an acceptance of the Plan.

m.   For the purpose of voting on the Plan, the Debtor will be deemed to be in constructive receipt of any Ballot timely delivered to any address designated for the receipt of Ballots cast in connection with the Plan.

n.  Any Ballot received by the Debtor after the Voting Deadline shall not be accepted or used by the Debtor in connection with the Debtor's request for Confirmation of the Plan unless the Court orders such Ballot to be counted.

o.  All Ballots must be cast using the Ballots distributed to the holders of Claims. Votes cast in any manner other than by using such Ballots will not be counted.

17.    The Debtor shall tabulate and file a summary of Ballots in accordance with Local Rule 3018-1(a) **by 5:00 p.m. on _____, 2022**.

18.    The Debtor is authorized to do such things, execute such documents and expend such funds as may be reasonably necessary to effectuate the terms and conditions of this Order.

19.    The Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.