Hearing Date: November 9, 2022 at 10:00 a.m. ET
Response Deadline: November 2, 2022

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In re:

Fraleg Group, Inc.,                      Case No. 22-41410-jmm

         Debtor.                         Chapter 11

_____

## NOTICE OF HEARING ON:
## NOVEMBER 9, 2022

PLEASE TAKE FURTHER NOTICE that a hearing before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800 shall be held on November 9, 2022 at 10:00 a.m. on the motion filed by CAF Borrower GS, LLC ("**Lender**") seeking Relief From the Automatic Stay for Setoff (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing and filed with the Bankruptcy Court by November 2, 2022 (the "**Objection Deadline**") through the Court's electronic filing system. Instructions for electronically filing an objection can be found at www.nyeb.uscourts.gov. A copy of the objection must also be mailed, so as to be received by the Objection Deadline, to the undersigned counsel below.

**PLEASE TAKE FURTHER NOTICE** that the hearing shall not be held in person but shall be held telephonically or by video. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise

unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy for instructions at (347) 39401844, JMM_Hearings@nyeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without notice other than an announcement in open Court.

Dated: October 18, 2022

                                        Respectfully submitted,

                                        POLSINELLI PC

                                        By: */s/ David D. Ferguson*
                                              MORGAN C. FIANDER
                                              600 Third Avenue, 42nd Floor
                                              New York, New York 10016
                                              (212) 684-0199
                                              mfiander@polsinelli.com

                                              DAVID D. FERGUSON
                                              900 West 48th Place, Suite 900
                                              Kansas City, Missouri 64112
                                              (816) 360-4311
                                              dferguson@polsinelli.com

                                        *Attorneys for Lender CAF Borrower GS, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

In re:

Fraleg Group, Inc.,                               Case No. 22-41410-jmm

        Debtor.                                  Chapter 11

───────────────────────────────────────────

## CONSENT MOTION FOR RELIEF FROM THE AUTOMATIC STAY FOR SETOFF

CAF Borrower GS LLC ("**Lender**"), by and through its undersigned counsel, hereby files this Consent Motion for Relief from the Automatic Stay, pursuant to Section 362(d) of the United States Bankruptcy Code (the "**Code**"), and moves the Court for entry of an Order, submitted herewith, approving an agreement between Lender and Debtor Fraleg Group, Inc. ("**Debtor**") for relief from the automatic stay for purposes of a setoff. In support of this Motion, Lender states as follows.

1. This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. Section 157(a), (b)(1) and (b)(2)(A), (G) and (O).  This Motion is filed pursuant to Code § 362(d) and Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure (the "**Rules**").

### I.  Relevant Factual History

2. Given the extensive development of the factual background of this matter through the prior motion practice, hearings, and other, Lender provides an abbreviated factual and procedural history in this Motion.

3. On January 23, 2019, Corevest American Finance Lender LLC ("**Original Lender**") and the Debtor entered into a $8,000,000.00 commercial mortgage loan transaction, evidenced by a Loan Agreement dated as of January 23, 2019 (the "**Loan Agreement**"). To

evidence its repayment obligations under the Loan, Debtor executed and delivered to Original Lender a certain promissory note dated January 23, 2019, in the original principal amount of $8,000,000.00 (the "**Note**"). Under the terms of the Loan Agreement, on each Monthly Payment Date (as defined in the Loan Agreement), the Debtor was to pay a monthly payment of interest equal to the Monthly Debt Service Payment (as defined in the Loan Agreement). All principal, interest and other fees due under the Note and the Loan Documents (defined below) were to become due and payable on July 23, 2020 (the "**Maturity Date**").

4. The Debtor secured its obligations under the Loan by executing and delivering to Original Lender a certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of April 5, 2019 (the "**Mortgage**"), pursuant to which Debtor mortgaged to Original Lender certain real property known as 112 N. Walnut St., East Orange, NJ 07017, and also known as Lot 15 in Block 360 on the Tax Map of East Orange (the "**Building**"). The Mortgage was duly recorded with the Essex County Register's Office on April 12, 2019 as Instrument No. 2019034120.

*5.* The Note, the Loan Agreement, the Mortgage and all other documents executed in connection with or further securing the amounts owed under the Note (collectively, the "**Loan Documents**") were later

6. As of the Petition Date, Lender asserts that the total amount due and owing to Lender under the Loan Documents was $6,610.31.27. The Debtor disagreed with that calculation. The parties' dispute is being resolved by the bankruptcy plan filed or to be filed by the Debtor.

7. Pursuant to the Loan Documents, certain amounts were held in reserve after origination of the Loan, for the purpose of construction draws. As of the Petition Date, Lender held $1,400,000.00 in reserves on the Loan.

8. Lender seeks, and Debtor consents to, relief from the automatic stay to allow Lender to offset and apply the Reserve Funds against the amounts owed by Debtor to Lender under the Loan Documents.

9. Applying the setoff reduces the amount owed by Debtor to Lender, as of the Petition Date, to $5,210,313.27. However, the amount of Lender's secured claim has been resolved pursuant to the bankruptcy plan filed or to be filed by the Debtor, with Lender's claim being allowed at $4,500,000.00 pursuant to the terms of the Plan. The $4,500,000.00 amount of the CAF Agreed Secured Claim is already net of the $1,400,000.00 Reserve Funds (and will not change if this motion is granted).

## II. Argument

10. To effectuate the right to setoff after a debtor has filed for bankruptcy, a creditor must seek relief from the automatic stay under Code § 362(d) which provides for relief from the automatic stay for "cause." Bankruptcy courts generally conclude that once a creditor establishes a right to setoff, the creditor has established its initial burden to show that cause exists to grant the creditor relief from the automatic stay to exercise its setoff right. *In re Nuclear Imaging Systems, Inc.*, 260 B.R. 724, 730 (Bankr. E.D.Pa. 2000). Once that burden is met, the creditor has made a *prima facie* showing of entitlement to relief from the automatic stay for cause, pursuant to § 362(d)(1). *In re Cullen*, 329 B.R. 52, 54 (Bankr. N.D. Iowa 2005).

11. Further, under Code § 553, a creditor has the right to offset a mutual debt owed to it by a debtor that arose prior to the filing of a bankruptcy case, against a claim by the creditor against the debtor that also arose prior to the filing of the bankruptcy case. *In re Meyer Medial Physicians Group, Ltd.*, 385 F.3d 1039, 1041–42 (7th Cir. 2004). "The prerequisites for a valid setoff under Section 553(a) of the Bankruptcy Code include that '(1) the amount owed by the

debtor must be a prepetition debt; (2) the debtor's claim against the creditor must also be prepetition; and (3) the debtor's claim against the creditor and the debt owed the creditor must be mutual.'" *In re Arcapita Bank B.S.C.(c)*, 628 B.R. 414, 434 (Bankr. S.D.N.Y. 2021) (quoting *In re Lehman Bros. Holdings*, 404 B.R. 752, 757 (Bankr. S.D.N.Y. 2009)).

12. In the instant case, the Reserve Funds constitute a "debt" owing from Lender to Debtor that may be offset against the indebtedness owed by Debtor to Lender under the Loan Documents. The indebtedness owed by Debtor to Lender under the Loan Documents arose prepetition; the debt owed to Debtor, the Reserve Funds, arose prepetition; and the claims are mutual as they arise from the same documents and obligations and are between the same parties.

13. Accordingly, Lender is entitled to relief form the automatic stay to setoff the Reserve Funds against the indebtedness owed to Lender by Debtor.

14. Debtor has consented to Lender's right and request for relief from the automatic stay for purposes of setting off the Reserve Funds against the debt owed by Debtor to Lender.

## CONCLUSION

15. Lender therefore respectfully requests that the Court grant Lender relief from the Automatic Stay for purposes of setting off the $1,400,000.00 in Reserve Funds against the indebtedness owed to Lender by Debtor.

Dated:  October 18, 2022

                              Respectfully submitted,

                              POLSINELLI PC

                         By:   */s/ David D. Ferguson*
                              MORGAN C. FIANDER
                              600 Third Avenue, 42nd Floor
                              New York, New York 10016
                              (212) 684-0199
                              mfiander@polsinelli.com

                              DAVID D. FERGUSON
                              900 West 48th Place, Suite 900
                              Kansas City, Missouri 64112
                              (816) 360-4311
                              dferguson@polsinelli.com

                         ATTORNEYS FOR CAF BORROWER GS LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of October, 2022, a true and correct copy of the foregoing was served electronically to Debtor's counsel, the U.S. Trustee and the interested parties receiving ECF notification from the court in this case.

                                                   */s/ David D. Ferguson*

86274780