UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                    Chapter 11

FRALEG GROUP, INC.,                                          Case No.: 22-41410-jmm

                                      Debtor.
-----------------------------------------------------------X

## ORDER CONFIRMING DEBTOR'S
## AMENDED PLAN OF REORGANIZATION AND
## FINAL APPROVAL OF THE AMENDED DISCLOSURE STATEMENT

Upon the Debtor's Amended Plan of Reorganization dated October ~~13~~, **18 (JMM)**, 2022 [Dkt. No. 52] (the "Plan")[1], attached hereto as **Exhibit "A"**; and upon the Amended Order dated October 19, 2022 (I) Conditionally Approving the Amended Disclosure Statement Filed by the Debtor; (II) Approving Solicitation Procedures; and (III) Fixing the Date for a Hearing on the Confirmation of the Plan of Reorganization [Dkt. No. 56] (the "Disclosure Statement Order");[2] and upon the Affidavit of Service evidencing proof of service of the Solicitation Package [Dkt. No. 59] (the "Service Affidavit"); and upon the Declaration of Avrum J. Rosen, Esq. Regarding Certification of Vote Pursuant to Local Rule 3018-1(a) [Dkt. No. 61] (the "Voting Certification"); and upon the Declaration of Andy Alege in Support of Confirmation of Amended Plan of Reorganization Pursuant to 11 U.S.C. § 1129 (the "Alege Declaration") **[Dkt. No. 62] (JMM)**; and upon the hearing conducted on November 16, 2022 (the "Hearing"); and upon the Court's review of, among other things, the (i) Plan; **(ii) (JMM)** Service Affidavit; (iii) Voting Certification; (iv) Alege Declaration; (v) representations and arguments of counsel at the Hearing; (vi) the docket of this Case; and (vii) other relevant factors affecting this Case; and the Debtor having satisfied all

---

[1] Which Plan includes the terms of the Plan Supplement [Dkt. No. 60].
[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Disclosure Statement Order and/or the Plan.

of the elements of confirmation, based upon the revisions and additional relief set forth in this Order; and it having been determined after hearing on notice that the requirements for Confirmation set forth in Section 1129(a) of the Bankruptcy Code having been satisfied; and

**IT IS HEREBY ORDERED**

1.   That based on the record at the final hearing on the Amended Disclosure Statement [Dkt. No. 53] (the "Disclosure Statement") held on November 16, 2022, the Disclosure Statement is approved.

2.   That based on the record at the confirmation hearing held on November 16, 2022, the Plan is confirmed.

3.   The Debtor shall make such disbursements to the creditors entitled thereto as required under the Plan in accordance with the provisions of the Plan.

4.   Following the effective date of the Plan, the Debtor shall file quarterly reports as provided in the Plan using the forms promulgated by the U.S. Trustee in compliance with 28 C.F.R. § 58.8, which reports shall be filed by the 20th day after the conclusion of the relevant reporting quarter until the case is closed by means of a final decree, dismissed or converted, whichever happens first. The Debtor shall pay statutory fees and interest due to the United States Trustee arising under 28 U.S.C. section 1930 and 31 U.S.C. section 3717 until the case is closed by means of a final decree, dismissed or converted, whichever happens first.

5.   Pursuant to Section 4.02(f) of the Plan, all filing officers, (including all filing officers in the City of New York and State of New Jersey):

> "To the maximum extent provided by section 1146(a) of the Bankruptcy Code, any transfer of the Properties pursuant to this Plan and any mortgage or instrument recorded in connection with such transfer shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the

appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment."

6. Within 14 days following the full administration of the estate, but not later than 18 months following the entry of this Order, the Debtor shall file, on notice to the United States Trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.

7. The Debtor shall be required to file a notice of the Amended Plan's effective date with the Court within three (3) business days of the occurrence of the effective date

8. The Debtor shall file all required reports through the entry of a Final Decree and pay all quarterly fees.

9. This Court shall retain jurisdiction over this case as provided for by the terms of the Plan, including, but not limited to the Court, entering a Final Order or Decree in the Debtor's Chapter 11 case.

10. The Court shall hold a post-confirmation status conference on January 18, 2023 at 10:30 a.m., before the Honorable Jil Mazer-Marino, using eCourt Appearances. Participants may register for the post-confirmation status conference at ~~https://ecf.nyeb.uscourts.gov/cgi-bin/eCourtAppearances.pl~~.  https://www.nyeb.uscourts.gov/node/2126.



Dated: December 1, 2022
Brooklyn, New York

Jil Mazer-Marino
United States Bankruptcy Judge