| | |
|---|---|
| **Law Offices of Avrum J. Rosen, PLLC** | **Hearing Date: January 18, 2023** |
| 38 New Street | **Hearing Time: 10:30 am** |
| Huntington, New York 11743 | **Objection Deadline: January 11, 2023** |
| (631) 423-8527 | |
| Avrum J. Rosen, Esq. | |
| Nico G. Pizzo, Esq. | |

*Counsel for the Reorganized Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                                            Chapter 11

FRALEG GROUP, INC.,                                             Case No.: 22-41410-jmm

                              Debtor.
-------------------------------------------------------------X

### REORGANIZED DEBTOR'S OBJECTION PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING AN ORDER REDUCING PROOFS OF CLAIM NUMBERS 2 AND 3 FILED BY NEW YORK CITY <u>DEPARTMENT OF TAXATION AND FINANCE</u>

**TO:   THE HONORABLE JIL MAZER MARINO,
        UNITED STATES BANKRUPTCY JUDGE:**

Fraleg Group, Inc., the reorganized debtor (the "<u>Debtor</u>") in the above-captioned chapter 11 case, by and through its counsel, the Law Offices of Avrum J. Rosen, PLLC, hereby submits this objection (the "<u>Objection</u>") pursuant to section 502 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the E.D.N.Y. Local Bankruptcy Rules, seeking entry of an order (the "<u>Proposed Order</u>") reducing identical proofs of claim, identified on the claims register as claims 2 and 3 by $45,644.86 each ($91,289.72 together) or in an amount to be determined by the Court, filed by New York City Department of Finance (the "<u>NYCDOF</u>"), a copy of proof of claim number 2 is annexed hereto as **Exhibit "A"** ("<u>NYCDOF Claim 2</u>"), and a copy of proof of claim number 3 is

annexed hereto as **Exhibit "B"** ("NYCDOF Claim 3"), and for such other and further relief as this Court deems just, proper and equitable, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Objection under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

2. The relief sought in this Objection is based upon Section 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

## BACKGROUND

### *The Debtor's Chapter 11 Case*

3. The Debtor commenced a voluntary petition for relief from its creditors under chapter 11 of the Bankruptcy Code on June 17, 2022 (the "Petition Date").

4. The Debtor continues to operate its business as a debtor-in-possession under Bankruptcy Code Sections 1107(a) and 1108. No committee, examiner or trustee has been appointed in this case.

5. The Debtor is a real estate investment company formed in or around 2017 and its business involves the purchase, ownership, management, rental and/or sale of real estate for profit.

6. The Debtor's primary assets consist of two real property development projects located in New Jersey. As of the Petition Date, the value of the Debtor's assets total approximately $8,900,200.00. The Debtor secured debt consists of a mortgage held by CAF Borrower GS LLC.

### *The Real Properties*

7. The Debtor's largest asset is the real property commonly known as and located at 112 North Walnut Street, East Orange, New Jersey 07017 (the "Property"). The Property is improved by a 29-unit residential building, which is currently vacant.

8. The Debtor is also the fee owner of the vacant unimproved land commonly known as and located at 116 North Walnut Street, East Orange, New Jersey 07017 (the "Vacant Lot"). The Vacant Lot is adjacent to the Property and solely used for parking. At this time, the Debtor does not own or manage any other real estate.

9. The Debtor does not own any real property in the State of New York.

### *The Proof of Claim*

10. On July 8, 2022, NYCDOF filed NYCDOF Claim 2 and NYCDOF Claim 3 each in the amount of $45,644,86 for amounts in connection with "Business taxes". *See* Exhibit A and B.

11. The NYCDOF Claim 2 and NYCDOF Claim 3 do not specific which "Business taxes" are owed or the tax years.

12. More questionably, the NYCDOF Claim 2 and NYCDOF Claim 3 are identical, including the exact same date and time stamp from the Clerk's Office of the United States Bankruptcy Court, Eastern District of New York, which stamps indicate that the NYCDOF Claim 2 and NYCDOF Claim 3 were both received on July 8, 2022 at 9:35am.

13. The NYCDOF Claim 2 and NYCDOF Claim 3 did not attach supporting documents to the claims.

14. The NYCDOF Claim 2 and NYCDOF Claim 3 do not specify what years the alleged "Business taxes" are owed from. The Debtor has not earned business income because it has not completed the construction necessary to sell the units.

15. The Debtor is current on its tax return filings.

16. In an attempt to resolve the NYCDOF Claim 2 and NYCDOF Claim 3 with NYCDOF, the Debtor, by and through his counsel, contacted the Supervisor-Bankruptcy representative who completed and signed NYCDOF Claim 2 and NYCDOF Claim 3. Attached hereto as **Exhibit "C"** is a copy of the email. To date, there has been no response.

## RELIEF REQUESTED

17. By this Objection, the Debtor respectfully requests the Court enter the Proposed Order and reduce NYCDOF Claim 2 and NYCDOF Claim 3, as indicated in further detail below.

## DISCUSSION

### *Claims and the Shifting Burden*

18. Section 502(a) of the Bankruptcy Code states in pertinent part that:

> "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects."

11 U.S.C. § 502(a).

19. "The party objecting to the proof of claim has the burden of going forward with sufficient evidence (i) to rebut the validity or amount of the claim asserted or (ii) to show the claim should be disallowed." *In re Ideal Mortg. Bankers, Ltd.*, 539 B.R. 409, 425 (Bankr. E.D.N.Y. 2015).

20. "Once the objecting party succeeds in overcoming the *prima facie* effect given to a proof of claim, the burden shifts back to the claimant to provide support for the validity of its claim by preponderance of the evidence that the claim should be allowed under applicable law. *Id.*

21. Section 502(b)(1) of the Bankruptcy Code States:

> "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured"

11 U.S.C. § 502(b)(1).

22. "To determine whether a claim is allowable by law, bankruptcy courts look to 'applicable nonbankruptcy law.'" *In re Residential Capital, LLC*, No. 12-12020, 2014 Bankr. LEXIS 481, at *11 (Bankr. S.D.N.Y. Feb. 5, 2014).

23. "The ultimate burden of proof with respect to a disputed claim lies with the claimant." *In re 37-02 Plaza LLC*, 387 B.R. 413, 417 (Bankr. E.D.N.Y. 2008).

## ANALYSIS

24. In the case at bar, NYCDOF alleged the Debtor owes it $91,289.72 based on two (2) tax deficiency pursuant to unpaid "business taxes". However, NYCDOF Claim 2 and NYCDOF Claim 3 do not specify what type of "business taxes" are allegedly owed nor what tax year the alleged taxes were due.

25. Here, the Debtor owns real property in the state of New Jersey. Although the Debtor initially started construction in 2019 all construction had ceased by the end of that year just before the foreclosure litigation commenced. The Debtor has not done business since.

26. Since the construction had not been completed, the 29-unit residential building, which sits on the Property, remains vacant. Accordingly, the Debtor has never had income.

27. The Debtor has filed it tax returns and asserts that it does not owe any taxes to the NYCDOF.

28. When the Debtor contacted the NYCDOF to inquire on the disputed NYCDOF Claim 2 and NYCDOF Claim 3 and requesting supporting documents and information relating to when and how the alleged claims originated from, the NYCDOF was unresponsive.

29. Accordingly, the Debtor objects to NYCDOF Claim 2 and NYCDOF Claim 3 and requests entry of the Proposed Order reducing both claims in the amount of $45,644.86 ($91,289.72 together) or in an amount to be determined by the Court.

## **RESERVATION OF RIGHTS**

30. The Debtor expressly reserves the right to amend, modify or supplement the Objection. Should this Objection be overruled, the Debtor reserves its right to object to the NYCDOF Claim 2 and NYCDOF Claim 3 on other grounds or any other grounds that it discovers.

[*Remainder of Page Intentionally Left Blank*]

## NO PRIOR REQUEST

31.     No prior request for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Debtor respectfully requests that the Court (i) sustain the Debtor's Objection reducing the NYCDOF's claim number 2 by $45,644.86 or in an amount to be determined by the Court; (ii) sustain the Debtor's Objection reducing the NYCDOF's claim number 3 by $45,644.86 or in an amount to be determined by the Court; together with (ii) such other further and different relief that this Court deems just, proper and equitable.

Dated: December 14, 2022    Respectfully submitted,
Huntington, New York

**The Law Offices of
Avrum J. Rosen, PLLC**

By:    */s/ Avrum J. Rosen*
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.
38 New Street
Huntington, NY 11743
(631) 423-8527
arosen@ajrlawny.com
npizzo@ajrlawny.com

*Attorneys for the Reorganized Debtor*