**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.

*Counsel for the Reorganized Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re: Chapter 11

FRALEG GROUP, INC., Case No.: 22-41410-jmm

Debtor.
-----------------------------------------------------X

**REORGANIZED DEBTOR'S APPLICATION FOR RETENTION OF MYC & ASSOCIATES, INC. AS REAL ESTATE BROKER EFFECTIVE AS OF DECEMBER 1, 2022**

**TO: THE HONORABLE JIL MAZER-MARINO, UNITED STATES BANKRUPTCY JUDGE:**

Fraleg Group, Inc., the reorganized debtor (the "Debtor"), respectfully submits this as and for its application (the "Application"), pursuant to sections 105, 327 and 328 of Title 11, United States Code (the "Bankruptcy Code"); Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and E.D.N.Y. Local Bankruptcy Rules, for the entry of an order, substantially the form of the proposed order annexed hereto, retaining MYC & Associates, Inc. ("MYC"), as real estate broker for the Debtor, effective as of December 1, 2022, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1408 *et seq*.

3. The statutory bases for the relief sought herein are sections 105, 327 and 328 of the Bankruptcy Code, and Bankruptcy Rule 2014.

## BACKGROUND

### A. Bankruptcy Filing and the Debtor's Business

4. On June 17, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in this case.

6. The Debtor is a New York corporation, with its corporate office located at 931 Lincoln Place, Brooklyn, New York 11213.

7. The Debtor is a real estate investment company formed in or around 2017 and its business involves the purchase, ownership, management, rental and/or sale of real estate for profit.

8. On December 1, 2022 this Court entered an Order [Dkt. No. 65] confirming, among other things, the Debtor's Amended Plan of Reorganization [Dkt. No. 52] (the "Plan").

9. According to the Plan, "If the Refinance has not closed by December 15, 2022, the Debtor's duly retained broker, MYC & Associates, Inc. shall commence marketing efforts and shall start expending funds for the marketing on December 16, 2022" (Plan § 4.02).

### B. The Firm

10. Prior to the confirmation of the Plan, the Debtor made diligent inquiry into the qualifications of MYC. As such, the Debtor seeks to engage the services of MYC to market the Debtor's real property known and located at 112 North Walnut Street, East Orange, New Jersey 07017; (the "Property") to identify and locate a *bona fide* third-party purchaser, in order to sell the

Property for the benefit of the Debtor's creditors. Specifically, the Debtor entered into a proposed exclusive right-to-sell marketing and sales agreement (the "Agreement") with MYC under which MYC agreed to assist the Debtor with the marketing and selling of the Property. A true and accurate copy of the Agreement between the Debtor and MYC is annexed as **Exhibit "A"**.

11. MYC has no connection with any creditor or interested party herein and represents no interest adverse to the estate or to the Debtor.

**RELIEF REQUESTED**

12. By this Application, the Debtor seeks entry of the Proposed Order, authorizing and approving the employment and retention of MYC as real estate broker to the Trustee, effective as of December 1, 2022.

**BASIS FOR RELIEF REQUESTED**

13. Sections 327(a) and 328(a) of the Bankruptcy Code provide that a trustee, subject to court approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title. *See* 11 U.S.C. §§ 327, 328.

14. Furthermore, Bankruptcy Rule 2014(a) provides that an "order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to §327…of the Code shall be made only on application of the trustee or committee." Fed. R. Bankr. P. 2014. Bankruptcy Rule 2014 requires that an application for retention of a professional includes specific facts showing the necessity for employment, the name of the firm to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the firm's

connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. *Id.*

**DISCUSSION**

15. As more fully set forth in Marc P. Yaverbaum's affidavit in support for the retention of MYC (the "Yaverbaum Affidavit"), the Debtor requires the assistance of MYC to market the Property in order to sell it pursuant to the Plan. A true and accurate copy Yaverbaum Affidavit is annexed as **Exhibit "B"**.

16. The Debtor made diligent inquiry into the qualifications and competence of Marc P. Yaverbaum, a member of MYC, and MYC, and is advised that by reasons of ability, integrity and professional experience, that MYC is capable of providing the required ability to successfully market the subject Property. Further, the Debtor believes that MYC has no connection with any creditor or interested party herein and represents no adverse interest to the Debtor or to its creditors.

17. Pursuant to the Agreement, the total commissions shall be paid at closing by the buyer as a buyer's premium. MYC will be entitled to a broker's commission of six percent (6%) of the amount of any proposed contract of sale of the Property, provided however that such contract of sale closes. MYC may split the brokerage commission with a cooperating broker. Assuming the sale process results in consummated sales of the Property, MYC's total commission, as real estate broker, of 6% would cover all marketing and other related sale expenses. Any proposed contract of sale shall be subject to higher and better offers.

18. The compensation to MYC & Associates shall in any event be subject to all terms of Debtor's confirmed bankruptcy plan and the Bankruptcy Court's order confirming the plan, and CAF Borrower GS, LLC shall bear no responsibility or obligation for any commission to MYC, it

being agreed that any commission would be payable solely from any net proceeds from sale in excess of the amount required to pay the claim of CAF Borrower GS, LLC (as set forth Debtor's confirmed bankruptcy plan) in full.

19. In the event the Debtor closes on the refinance of the scheduled mortgage before an auction takes place, and after MYC is retained by an Order of the Court, MYC will be entitled to seek its reasonable and customary fees for the time spent in connection with the marketing of the Property.

20. Compensation to MYC, as Broker to the Debtor, as to all matters, is only to be awarded upon proper application to the Court, subject to notice and a hearing and final approval of the Court.

21. The Debtor believes that MYC is disinterested as that term is defined in section 101(14) of the Bankruptcy Code since:

(a) MYC is not a creditor of the Debtor, nor an equity security holder or insider;

(b) MYC is not, and has never been an employee of the Debtor or any investment banker; and

(c) MYC does not have any interest materially adverse to the interest of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor.

22. In support of this Application, is the Yaverbaum Affidavit, which details MYC's qualifications and sets forth that MYC is well qualified to assist the Debtor in this matter. Moreover, the affidavit represents that MYC shall be paid, only upon proper notice and application to this Court.

23. Under the circumstances, the Debtor respectfully requests that this Court authorize the Debtor to retain MYC to assist the Debtor in reducing the equity value of the Property, pursuant

to the Plan, to cash for the benefit of creditors herein.

24. The Debtor requests the Firm's retention to be effective as of December 1, 2022.

**NO PREVIOUS REQUEST**

25. No prior motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests: (i) the appointment of MYC as real estate broker for the Debtor, effective as of December 1, 2022; together with (ii) such other, further and different relief as this Court deems just, proper and equitable.

Dated: December 20, 2022
Huntington, New York

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**

By: *<u>/s/ Nico G. Pizzo</u>*

Nico G. Pizzo, Esq.
Avrum J. Rosen, Esq.
38 New Street
Huntington, NY 11743
Tel: (631) 423-8527
Email: npizzo@ajrlawny.com
Email: arosen@ajrlawny.com

*Counsel to the Reorganized Debtor*