UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                                    Chapter 11

FRALEG GROUP, INC.,                                                    Case No.: 22-41410-jmm

                                             Debtor.
---------------------------------------------------------X

## ORDER RETAINING MYC & ASSOCIATES, INC. AS REAL ESTATE BROKER FOR THE DEBTOR EFFECTIVE AS OF DECEMBER 1, 2022

UPON the application [Dkt. No. 71] (the "Application") of Fraleg Group, Inc., the reorganized debtor (the "Debtor"), by and through its attorneys, the Law Offices of Avrum J. Rosen, PLLC, seeking entry of an Order authorizing the Debtor to retain MYC & Associates, Inc., as real estate broker to the Debtor under sections 105, 327(a) and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule"), and the E.D.N.Y. Local Bankruptcy Rules (the "Local Rules"), to assist the Debtor in the marketing and selling of the real property commonly known as 112 North Walnut Street, East Orange, New Jersey 07017 (the "Property"); and upon the Affidavit of Marc P. Yaverbaum, a member of MYC & Associates Inc., as well as a licensed real estate broker, sworn to on December 19, 2022; and it appearing that MYC & Associates, Inc., does not hold or represent an interest adverse to the Debtor's estate and is a "disinterested person" as that term is used in section 101(14) of the Bankruptcy Code; and there being no opposition thereto; and it appearing sufficient notice of the Application has been given; and that MYC & Associates Inc.'s employment will be in the best interests of the estate; and it appearing to the Court that the relief sought by the Debtor is appropriate and should be granted; it is hereby

**ORDERED**, that the Debtor is authorized to retain MYC & Associates, Inc. in accordance with sections 327(a) of the Bankruptcy Code to assist the Debtor in acting as a real estate broker

for the Debtor for the sole purpose of marketing the estate's interest in the Property, effective as of December 1, 2022; and it is further

**ORDERED**, that the Debtor is authorized to enter into the Exclusive Right-To-Sell Marketing and Sales Agreement (the "Agreement") between the Debtor and MYC & Associates, Inc. and any amendments to the terms of the Agreement would need to be subject to a separate application to be brought before the Court; and it is further

**ORDERED**, that MYC & Associates, Inc. may place the listing for the Property on the "Multiple Listing Service" (the "MLS"); and it is further

**ORDERED**, that the total commission earned by all real estate professionals shall be six percent (6%) of the gross proceeds realized from the sale of the Property inclusive of expenses and MYC & Associates, Inc. shall not receive any reimbursement of disbursements related to the marketing, advertising and sale of the Property (the compensation to MYC & Associates shall in any event be subject to all terms of Debtor's confirmed bankruptcy plan and the Bankruptcy Court's order confirming the plan); and it is further

**ORDERED**, that in the event the sale of the Property is not consummated due to the Debtor having closed on the refinance of the scheduled mortgage pursuant to Debtor's Amended Plan of Reorganization [Dkt. No. 52] before a scheduled auction takes place, or the Lender being the successful bidder at the Sale for an amount equal to or less than its allowed credit bid, MYC shall be entitled to seek its reasonable and customary fees and expenses for the time spent in connection with the marketing of the Property during the administration of the Debtor's estate and a 1% Brokerage fee to be paid solely by the Debtor's estate; and it is further

**ORDERED**, that MYC & Associates, Inc., and/or any other cooperating broker on the MLS who finds the purchaser of the Property, shall be compensated only upon application and

upon notice and opportunity to object, and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules as may be applicable from time to time, the Local Rules, and such procedures as may be fixed by order of this Court; and it is further

**ORDERED**, that MYC & Associates, Inc. shall not share its compensation with any other individuals or entities, other than any cooperating broker on the MLS who finds the purchaser of the Property, and those agents and/or employees who are or were employed by MYC & Associates, Inc. that are entitled to wages and/or commission from the sale of the Property; and it is further

**ORDERED**, that pursuant to section 327(a) of the Bankruptcy Code, MYC & Associates, Inc. shall seek compensation upon completion of services rendered to the Debtor, upon proper application to the Court, and upon notice and a hearing, under sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2014, E.D.N.Y. LBR 2014-1, and the Guidelines of the Office of the United States Trustee; and it is further

**ORDERED**, that the United States Trustee retains all rights to object to MYC & Associates, Inc.'s and/or any other than cooperating broker's interim and final fee applications on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review the interim and final fee applications pursuant to section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that such other services as may be requested by the Debtor and agreed to by MYC & Associates, Inc. shall be subject to separate approval by Court order; and it is further

[*Remainder of Page Intentionally Left Blank*]

**ORDERED**, that to the extend the Application and/or the Agreement are inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that the Court may retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**NO OBJECTION:**
**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By: _____

    Trial Attorney
    Office of the United States Debtor
    201 Varick Street, Suite 1006
    New York, New York 10014

Dated: New York, New York
        December \_\_, 2022

Dated: February 16, 2023
       Brooklyn, New York



                                                                      Jil Mazer-Marino
                                            United States Bankruptcy Judge