UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In re:

Fraleg Group, Inc.,                              Case No. 22-41410-jmm

            Debtor.                     Chapter 11


_____

## REPLY IN SUPPORT OF
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND *IN REM* RELIEF
## OR, IN THE ALTERNATIVE, LEAVE TO EXERCISE REMEDIES

CAF Borrower GS LLC ("**Lender**"), for its Reply in Support of Motion for Relief from the Automatic Stay and *In Rem* Relief or, In the Alternative, Leave to Exercise Remedies, states:

1.        Fraleg Group, Inc. (the "**Debtor**") is seeking to unilaterally modify the Debtor's Plan of Reorganization (the "**Plan**") confirmed by the Court on October 18, 2022. [Docket #52]. The Plan was the product of settlement negotiations between the Debtor and Lender. Lender filed its ballot accepting the Plan in good faith based on the terms the parties negotiated and incorporated into the Plan. Per Sections 3.01 and 4.02(e) of the Plan, Lender's collateral (defined in Lender's Motion as the "**Property**") was required to be sold at an auction to be scheduled for January 31, 2023, or earlier. Debtor failed to schedule the sale. Debtor now proposes to change the January 31, 2023 sale deadline set forth in the Plan, to April 18, 2023.

2.        Debtor's failure to hold the auction by January 31, 2023, is a breach of Sections 3.01 and 4.02(e) of the Plan. Moreover, Debtor's proposed change of the sale deadline to April 18, 2023, is also a breach of the Plan because Debtor agreed at Section 11.01 of the Plan that the Plan could not be amended without Lender's written consent. Lender has not consented to Debtor's unilateral attempt to change the Plan and objects to Debtor's proposed revision of the Plan.

3.      Debtor's proposed amendment of the Plan also violates Bankruptcy Code § 1127. To start with, once a plan is confirmed it may be modified only by the filing of a modified plan. Bankruptcy Code § 1127(a). Debtor has not filed a modification of the Plan. Second, Debtor would be required to comply with Bankruptcy Code § 1125 with respect to any modification of the Plan. Bankruptcy Code § 1127(c). Debtor has failed to comply with §1125. Third, a modified plan supersedes a confirmed plan "only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129…." Debtor has not filed a modification of the Plan and there are no circumstances warranting a modification of the Plan. Finally, holders of claims and interests are entitled to change their acceptances of a plan in response to a proposed modification of a confirmed plan. Bankruptcy Code § 1127(d).

4.      If debtors or other plan proponents were permitted to unilaterally modify consensual bankruptcy plans reached through negotiations and agreements among the parties, then consensual plans would become pointless. Creditors would have little reason to negotiate if their agreement was subject to unilateral modification by the debtor after confirmation, especially where the plan itself forbids modifications without the creditor's consent (as the Plan in this case does).

5.      Debtor argues that it needs additional time to sell its properties and that there would be a great loss of value if Lender is permitted to foreclose. Those issues were resolved in the negotiations that resulted in the confirmed Plan in this case. Debtor has had many months to find financing or to sell its properties.

6.      Debtor's story is always the same—it claims there will be take-out financing or a sale of the Property just around the corner, just a little more time is needed. Here, Debtor and Lender specifically negotiated a deadline of January 31, 2023, for a sale of the Property. *A huge motivation for Lender was to obtain certainty as to the date that its collateral would be liquidated.*

Lender agreed to a discounted payoff of $4.5 million under the Plan in exchange for the certainty that the Property would be sold by January 31, 2023. Debtor has breached the settlement terms incorporated in the confirmed Plan, asserting its self-serving opinion that changing the negotiated sale deadline "does not represent a material change under the Plan." Debtor's objection, Docket #79, paragraph 1. *Debtor and Lender specifically agreed that the Plan could not be modified without Lender's consent.* Plan, Section 11.01. The Court should reject Debtor's attempt to circumvent the parties' settlement as incorporated in the Plan as well as Debtor's attempt to modify the Plan in blatant disregard of the requirements of Bankruptcy Code § 1127.

7.      Debtor's breach of the Plan terms qualifies as cause for the Court to grant leave for Lender to exercise its right of foreclosure. Further, even if relief from the automatic stay is required (and Lender contends that stay relief is not required because the automatic stay ceased to be effective upon confirmation of the Plan), Debtor's breach of the Plan and inability to meet its obligations under the Plan easily qualifies as cause for relief from the automatic stay pursuant to Bankruptcy Code § 362(d)(1).

8.      Debtor's claim to have any equity in the Property is belied by the fact that Debtor has never been able to produce a buyer for the Property or a lender willing to provide takeout financing to Debtor. Debtor had its shot at reorganization. The Bankruptcy Code does not provide for an endless series of opportunities for a debtor.

9.      Here, Lender's efforts to foreclose on the Property have been delayed for over two and one-half years as a result of two separate bankruptcy filings by Debtor. Debtor has not made *any* payments to Lender in either of its two bankruptcy cases, and in fact Debtor has not made a payment to Lender for over three years. Lender negotiated a consensual bankruptcy plan with Debtor and Debtor breached its obligation to sell the Property.

3

88494581.1

10.     Contrary to Debtor's intimations, Lender has never consented or agreed to any change in the Plan, including the requirement for the Property to be sold by January 31, 2023. Debtor did ask, after confirmation of the Plan, whether Lender would be willing to pay a portion of the Debtor's broker's fee. Lender declined to do that, as the parties specifically negotiated on that point and the Plan expressly provides that Lender shall not be responsible for marketing costs or the broker's fees. Plan, Section 4.02(r). Lender did not "work out" any deal to change the deadline for the auction required by the Plan. Lender did not agree to any revision of the Plan language stating that Lender is not responsible for the fees of the broker retained by Debtor. Retention of the broker does not modify the Plan including the deadline for the sale of the Property. That Debtor seeks to use the services of the broker to sell property of Debtor *not encumbered* by Lender's Mortgage Lender in no way modifies the Plan's requirement that the Property be sold by January 31, 2023.

11.     Further, the Plan specifically requires Debtor to deed the Property to Lender if there was no buyer for the Property at the auction. Debtor was required to have deeded the Property to Lender within five days of the conclusion of the auction. Plan, Section 4.02(k). Had Debtor conducted the auction on January 31, 2023, Debtor would have been required to deed the Property to Lender no later than February 7, 2023, if there was no buyer. *Id*. Debtor is seeking to circumvent Section 4.02(k) of the Plan by failing to hold the auction by the required deadline.

12.     Moreover, Section 4.02(k) of the Plan states: "Notwithstanding any other provision of this Plan, if a Sale of the Property has not Closed by March 31, 2023*, then the Debtor shall deed the Property to Lender no later than April 5, 2023*." (Emphasis added). Debtor's request to modify the April 5, 2023 deadline to April 18, 2023 is a clear breach of the Plan. Lender did not consent to any such modification of the Plan.

4

13.     Worse yet, Debtor has significantly impaired Lender's rights under the Plan in such as way as to moot Lender's remedy under Section 4.02(k) of the Plan. Lender discovered that Debtor granted a mortgage on the Property in November of 2022—*during the pendency of this bankruptcy case—without* Court approval, without Lender's knowledge, and without the knowledge of Debtor's counsel. Debtor also conveyed the Property to Debtor's affiliate while the bankruptcy case was pending, again without Court approval, without the knowledge of Lender, and without the knowledge of Debtor's counsel.

14.     After being alerted to these violations of the Bankruptcy Code by Lender's counsel, Debtor's counsel brought these matters to the attention of the Court and counsel for the United States Trustee. These blemishes on title to the Property greatly diminished the value of Lender's remedy created by the requirement for Debtor to deed the Property to Lender if the Property could not be sold. Now it is necessary for Lender to foreclose its Mortgage to ensure that title is not further affected by Debtor's unauthorized post-petition transfers of the Property.

15.     Lender does not agree to and has not agreed to any modification of the terms of the Plan. Lender respectfully requests that the Court lift the stay to allow it to enforce its rights against the Property and grant the Lender *in rem* relief as to the Debtor's rights in the Property. In the alternative, Lender requests that the Court grant Lender leave under the Plan to enforce Lender's remedies including, without limitation, foreclosure of Lender's Mortgage on the Property.

Dated:  March 7, 2023

Respectfully submitted,

POLSINELLI PC


By: _____*/s/ David D. Ferguson*_____
      MORGAN C. FIANDER
      600 Third Avenue, 42nd Floor
      New York, New York 10016
      (212) 684-0199
      mfiander@polsinelli.com

      DAVID D. FERGUSON
      900 West 48th Place, Suite 900
      Kansas City, Missouri 64112
      (816) 360-4311
      dferguson@polsinelli.com

ATTORNEYS FOR CAF BORROWER GS LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of March, 2023, a true and correct copy of the

foregoing *Reply in Support of Motion for Relief from the Automatic Stay and* In Rem *Relief or, in*

*the Alternative, Leave to Exercise Remedies* was served electronically to Debtor's counsel, the

U.S. Trustee, and the parties who have requested notice by ECF notification from the court in

this case.


         */s/  David D. Ferguson   *

88494581.1