UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

In re:

Fraleg Group, Inc.,                                  Case No. 22-41410-jmm

        Debtor.                                        Chapter 11

───────────────────────────────────────────────

### ORDER DENYING, WITHOUT PREJUDICE, MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND IN REM RELIEF, OR IN THE ALTERNATIVE, <u>LEAVE TO EXERCISE REMEDIES</u>

Upon the Motion for Relief from the Automatic Stay and *In Rem* Relief or, in the Alternative, Leave to Exercise Remedies (the "**Motion**") filed by CAF Borrower GS LLC ("**Lender**") [Dkt. No. 77]; and upon the Opposition to the Motion filed by Debtor Fraleg Group, Inc. ("**Debtor**") [Dkt. No. 79]; and due and proper notice of the Motion having been made on all necessary parties; and upon the hearing held and the statements of counsel for Lender and counsel Debtor at the hearing held on the Motion on March 8, 2023; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing; **<u>and for the reasons set forth on the record of the March 8, 2023 hearing</u>** (JMM)

IT IS HEREBY ORDERED

1.      The Motion is denied, without prejudice.

2.      ~~The automatic stay does not apply to Lender's rights with respect to enforcement of its Mortgage (as defined at Section 1.36 of the Debtor's Amended Plan of Reorganization) on the Property (as defined at Section 4.02(e) of the Debtor's Amended Plan of Reorganization). Rather, Lender's rights with respect to enforcement of the Mortgage are governed by the Debtor's Amended Plan of Reorganization (the "**Plan**").~~

~~3. Pursuant to Section 4.02(k) of the Plan, the Debtor is required to deed the Property to Lender no later than April 5, 2023, if a Sale (as defined in the Plan) of the Property has not closed by March 31, 2023.~~

~~4. Lender has expressed concern that receipt of a deed to the Property may be an insufficient remedy to the extent the Property is subject to junior liens and that Lender may instead prefer to foreclose its Mortgage (as defined in the Plan) rather than accepting a deed to the Property.~~

5. ~~The Court makes no rulings with respect to Lender's concerns in Paragraph 4, *supra*, at this time. Lender, however, is entitled to pursue relief from the Court on or after April 6, 2023, to address Lender's concerns, and this Order shall be without prejudice to any claims or arguments Lender may have with respect to its concerns, including, without limitation, claims for damages, claims for equitable relief, claims that Lender should be entitled to foreclose its Mortgage rather than accept a deed to the Property, and claims relating to removal or challenge of junior liens on the Property.~~ **(JMM)**



Dated: March 28, 2023
      Brooklyn, New York

_____
Jil Mazer-Marino
United States Bankruptcy Judge