| | |
|---|---|
| SYLVIA HINDS-RADIX<br>Corporation Counsel of the City of New York<br>Attorney for the City of New York<br>　Department of Finance<br>100 Church Street<br>New York, New York 10007<br>(212) 356-2138<br>By: Hugh H. Shull, Ass't. Corp. Counsel<br>hughs@law.nyc.gov | Hearing Date and Time:<br>**April 12, 2022 at 11:00 am** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　　：　Chapter 11
FRALEG GROUP, INC.,　　　　　　　　　　　　：　Case No. 22-41410 (JMM)
　　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　Debtor.　　　　　　　　　　：
---------------------------------------------------------------x

### NYC DEPARTMENT OF FINANCE'S RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO PROOFS OF CLAIM NOS. 2 AND 3

　　　　The New York City Department of Finance ("DOF"), by its counsel SYLVIA HINDS-RADIX, Corporation Counsel of the City of New York, hereby submits its Response in Opposition to the Objections to DOF Claims Nos. 2 and 3 dated December 14, 2022 (the "Objection") filed by Fraleg Group Inc. (the "Debtor"), and respectfully states:

　　　　1.　　DOF filed 2 proofs of claims in the identical amount of $45,644.86 for business taxes which are claim nos. 2 and 3 on the claims register. Claim no. 3 is a duplicate of claim no. 2 and will be withdrawn.

　　　　2.　　As the objection notes, no specific tax year period was provided on the proofs of claim. Inadvertently, a schedule of the taxes and periods which make up the amount claim was

not attached to the claims. Attached hereto as Exhibit A is a schedule of the taxes and periods for which the claim is asserted.

3, The Debtor is a non-filer of City business tax returns for the tax years in question. Although the debtor appears to be a corporation, DOF's bankruptcy claims auditor filed both an Unincorporated Business Tax ("UBT") portion of the claim and a Corporation Tax ("CT") portion of the claim. Limited Liability Companies can make an election for treatment as a corporation or partnership. Because the auditor determined that the Debtor had applied to the U.S. Small Business Administration ("SBA") for a Paycheck Protection Program ("PPP") loan during the pandemic as a partnership, he asserted both types of tax to cover whatever election or determination was made as to business form. It is not DOF's intention to seek a distribution on both portions.

4. Because the Debtor is a non-filer, DOF is allowed to assess a tax based on any information available to it. See 11-674 of the NYC Administrative Code ("Admin. Code") with respect to CT and 11-521 with respect to UBT. A corporation must file a report with DOF under 11-605 of the Admin. Code.

5. SBA's website and Federalpay.org have PPP reporting information. These appear to indicate that the Debtor obtained a PPP loan of $652,875.00. This would imply a fairly significant work force. Based on this and other information DOF prepared estimated claims for the tax years as set forth on the schedule annexed as Exhibit A.

6. The claim can be broken down as follows: (i) UBT taxes in the principal amount of $17,500 with interest of $1560.29 and penalty of $3,750 or ii) CT in the principal amount of $17,550, with interest of $1,474.01 and penalty of $3,810.56.

7. Assuming the Debtor is a corporation unless determined otherwise, the claim should be allowed as a priority claim under 507(a)(8) for CT based on income on the principal and interest portion of the CT claim in the amount of $19,024.01 and a general unsecured claim in the amount of $3,810.56 for the penalty portion.

8. DOF sent an Information Document Request ("IDR") to the Debtor seeking returns, and the Debtor has provided some federal returns and other information, but has not filed City income tax returns.

9. DOF's and Debtor's counsel have discussed the claims and DOF hope a resolution can be achieved. One of the duplicate claims can be expunged, and the remaining claim reduced to the CT portion, assuming the Debtor is not a partnership. Absent the filing of proper returns and review thereof, the DOF claim should be reduced to the estimated CT claim as indicated and allowed as priority and unsecured claims in that amount.

Dated:    New York, New York
          February 8, 2022

                    GEORGIA PESTANA
                    Corporation Counsel of the City of New York
                    Attorney for the City of New York
                       Department of Finance

By:    /s/ Hugh H. Shull
       Hugh H. Shull
       100 Church Street
       New York, New York 10007
       (212) 356-2138