**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.

*Counsel for the Debtor and Debtor-In-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                Chapter 11

FRALEG GROUP, INC.,                                    Case No.: 22-41410-jmm

                            Debtor.
---------------------------------------------------------X

### AFFIDAVIT OF AVRUM J. ROSEN IN SUPPORT OF APPLICATION OF THE LAW OFFICES OF AVRUM J. ROSEN, PLLC TO WITHDRAW AS COUNSEL FOR FRALEG GROUP, INC., THE DEBTOR AND POST-CONFIRMATION DEBTOR

STATE OF NEW YORK    )
                             ) ss:
COUNTY OF SUFFOLK   )

      Avrum J. Rosen, the Managing Member of the Firm[1], and an attorney duly admitted to practice before the Courts of the State of New York and before this Honorable Court, affirms the following to be true under the penalties of perjury, and states as follows:

      1.    I submit this affidavit in support of the Firm's Application seeking the entry of an order authorizing the Firm to be relieved as counsel of record to Fraleg Group, Inc. the reorganized debtor (the "Debtor").

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

1

## RELEVANT BACKGROUND

**A.      The Bankruptcy Filing and the Debtor's Business**

2.      On June 17, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.      The Debtor continues to operate its business and manage its property as a post-confirmation Debtor pursuant to sections 1107, 1108 and 1129 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in this case.

4.      The Debtor is a real estate investment company formed in or around 2017 and its business involves the purchase, ownership, management, rental and/or sale of real estate for profit. The Debtor is a New York corporation, with its corporate office located at 931 Lincoln Place, Brooklyn, New York 11213.

5.      The Debtor is the fee owner of the of the real property commonly known as 112 North Walnut Street, East Orange, New Jersey 07017 (the "Property"). The Property is improved by a 29-unit residential building, which is currently vacant and partially completed.

6.      In addition, the Debtor is also the fee owner of the real property commonly known as 116 North Walnut Street, East Orange, New Jersey 07017 (the "Vacant Lot" together, the "Properties"). The Vacant Lot is unimproved, is adjacent to the Property, and is currently used solely as parking for the Property. Currently, the Debtor does not own or manage any other real estate.  The full facts of the prior case and this case are set forth in the Debtor's Rule 1007 Affidavit [Dkt. No. 5] and are incorporated herein by reference.

7.      The Debtor was able to confirm a consensual plan of reorganization (the "Plan"). The Confirmation Order was entered on December 1, 2023.  The Plan called for a sale of the Properties by January 31, 2023 if the refinance envisioned by the Plan did not take place.

8. The sale did not take place as planned on January 31, 2023 and the Lender moved to lift the automatic stay/injunction and the Court denied that relief but held that the encumbered Property was to be conveyed by April 5, 2023 if the Lender was not paid by March 31, 2023, as was set forth in the Plan. As this Court is also aware, the Debtor's principals transferred the Vacant Lot, which was not encumbered to a related entity and placed a mortgage upon it for approximately $390,000.00. When the undersigned found out about this transfer, the Court and the Office of the United States Trustee were immediately informed about it and the Status Report [Dkt. No 76] was filed.

9. Thereafter, this Firm managed to eventually restore the Vacant Lot to the Debtor free of that mortgage. After the sale of the Property took place this Firm has attempted to resolve the case. The Debtor's principals continue to attempt to obtain family funds in Nigeria to repurchase the Property and to complete the project. This Firm was repeatedly advised that the principals were in the process of refinancing other properties that they own in order to fund an amended plan that would pay all remaining Administrative and Unsecured Claims in full and let the Debtor retain the Vacant Lot for future development either as part of or separate from the Property. It is estimated that this amount is about $200,000.00. The Debtor's principals have also failed to provide this Firm with the documentation needed to finalize what is due on the New York City Tax Claim, which is under objection, despite multiple requests for same. Thus the amount of that claim is included in the $200,000.00 estimate.

10. For months this Firm has endeavored to bring this matter to a conclusion. One of the Debtor's principals, (one of them has been hospitalized) have been uncommunicative for weeks because he was in Nigeria attempting to obtain the funds. The undersigned was advised that upon his return on June 5th, the refinance would take place. We were then told it would take place on

June 14th and then on June 15th, which was the date of the last status conference. On June 17th, we were then told that there were "issues" with closing as a new lawsuit had shown up on the title report and they were trying to resolve them. The undersigned made it clear that given the past failures to come up with funds, that a motion to amend the Plan to pay all claims would not be filed until and unless the funds were deposited in this Firm's IOLA account.

11. Since that date, despite this Firm's clear instruction that a Motion to amend the plan or the motion that is now being made, had to be filed before the holiday weekend to be timely for the next adjourned date, the Debtor's principals has refused to communicate with this office. There have been daily calls, texts and emails to both principals with absolutely no response. Under the circumstances, this Firm has no other option than to move to be relieved as counsel. The Debtor's principals have been advised that their inaction will almost certainly lead the Office of the United States Trustee to request that the case be converted to one under chapter 7, so that the Vacant Lot can be monetized for the benefit of all creditors.

12. The Draft of this motion has been shared with the Debtor's principals and there has still been no response and this motion has been held in abeyance for as long as possible to give them a chance to respond. The Firm is also unable to get them to communicate with the Firm as to how to monetize the Vacant Lot for the benefit of the Estate.

13. Under the circumstances, the undersigned does not see how this firm can continue to act in its fiduciary capacity as counsel to the Debtor.

14. Accordingly, for all the reasons stated herein and in the accompanying affidavit to this Application, the Firm respectfully requests the Court to enter an order: (i) authorizing the Firm to be relieved as counsel of record to the Debtor; together with (ii) such other, further and different

relief that this Honorable Court deems just, proper and equitable under the facts and circumstances herein.

15. As such, cause exists to permit the Firm to withdraw as counsel as there has been an irreparable breakdown of the attorney-client relationship such that it is no longer feasible for the Firm to represent the Debtor.

16. This Firm makes this motion with great reluctance. However, its duty as a fiduciary to the Estate leaves it no choice. It is the undersigned's fervent hope that the Debtor's principals will react to this motion and fund the Plan, but failing that action, this is how this case must proceed.

17. Under the circumstances, the undersigned does not see how this firm can continue to act in its fiduciary capacity as counsel to the debtor in possession.

18. Accordingly, for the reasons stated in this affidavit and in the accompanying Application, the Firm respectfully requests the Court to enter an order: (i) authorizing the Firm to be relieved as counsel of record to the Clients; together with (ii) such other, further and different relief that this Honorable Court deems just, proper and equitable under the facts and circumstances herein.

*/s/ Avrum J. Rosen*
Avrum J. Rosen

Sworn to before me this
28th day of June, 2023

*/s/ Nico G. Pizzo*
Nico G. Pizzo
Notary Public State of New York
Qualified in Suffolk County
No. 02PI6384544
Commission Exp. 12/17/2026