UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

FRALEG GROUP, INC.,

              Debtor.

---------------------------------------------------------X

Chapter 11

Case No.: 22-41410 (JMM)


**SUMMARY SHEET OF FIRST AND FINAL APPLICATION FOR ALLOWANCE OF
FEES AND REIMBURSEMENT OF EXPENSES TO MYC & ASSOCIATES, INC.
<u>AS A REAL ESTATE BROKER TO THE DEBTOR</u>**


Name of Applicant:                          MYC & Associates, Inc.

Authorized to Provide Professional Services to:     Fraleg Group, Inc.

Date of Retention:                     Order entered on February 16, 2023
                                              Effective December 1, 2022

Period for which compensation         December 1, 2022 through
reimbursement is sought:               April 1, 2023

Fees requested:                          $16,217.50

Amount of expenses requested:         $1,577.12

Subtotal of Fees and Expenses:        $17,794.62

Less:  Amounts paid to date:           $0.00

Total amount of compensation requested:    $17,794.62


This is a(n): _____ interim   __X__ final application.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

FRALEG GROUP, INC.,

              Debtor.

Chapter 11

Case No.: 22-41410 (JMM)

--------------------------------------------------------X

**FIRST AND FINAL APPLICATION FOR THE ALLOWANCE OF FEES AND
REIMBURSEMENT OF EXPENSES TO MYC & ASSOCIATES, INC.
<u>AS A REAL ESTATE BROKER TO THE DEBTOR</u>**

TO THE HONORABLE JIL MAZER-MARINO,
UNITED STATES BANKRUPTCY JUDGE:

        MYC & ASSOCIATES, INC. ("**<u>MYC</u>**") respectfully represents:

        1.      MYC submits this application ("**<u>Application</u>**") pursuant to sections 328(a) and 330(a) of title 11, U.S. Code ("**<u>Bankruptcy</u>** **<u>Code</u>**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("**<u>Bankruptcy</u>** **<u>Rules</u>**"), Rule 2016-1, 6004-1 and 6005-1 of the Local Bankruptcy Rules for the Eastern District of New York ("**<u>Local</u>** **<u>Rules</u>**"), and the Guidelines For Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted on June 4, 2013 ("**<u>Guidelines</u>**"), for its first and final allowance, and approval of payment, of fees for professional services rendered by MYC from December 1, 2022 through April 1, 2023.

        2.      MYC was retained, pursuant to 11 U.S.C. 327(a), by an Order of this Court entered on February 16, 2023 ("**<u>Retention Order</u>**") [ECF Docket No. 78], as a real estate broker to Fraleg Group, Inc. ("**<u>Debtor</u>**"), effective December 1, 2022.  Annexed to the Application as Exhibit "A" is a copy of MYC's Retention Order.

3.      MYC was retained to market the Debtor's real properties which commonly known as, and located at 112 & 116 N. Walnut Street, East Orange, New Jersey 07017 (the "**Real Properties**").

4.      The Debtor was able to confirm a consensual plan of reorganization (the "**Plan**"). The Confirmation Order was entered on December 1, 2023.  The Plan called for a sale of the Real Properties by January 31, 2023, if the refinance envisioned by the Plan did not take place.  The sale did not take place as planned on January 31, 2023, and the lender moved to lift the automatic stay/injunction and the Court denied that relief but held that the encumbered Real Properties were to be conveyed by April 5, 2023, if the lender was not paid by March 31, 2023, as was set forth in the Plan.  To date, the lender was not paid.

5.      MYC spent considerable time fulfilling the Debtor's obligations under the Plan.  A schedule of MYC's fees showing a description of services, date of service, time performing those services and the employee who performed the service can be found annexed to this Application as Exhibit "B".

6.      The expenses incurred by MYC providing brokerage services are documented in Exhibit "C" of this Application.

7.      In accordance with Bankruptcy Rule 2016(a), Local Rule 2016-1 and the Guidelines, and as set forth on the accompanying Affidavit of Marc P. Yaverbaum ("**Affidavit**") annexed hereto as Exhibit "D", MYC represents that: (i) all services for which compensation is sought herein were rendered to the Trustee solely in connection with this Chapter 11 case; (ii) no agreement or understanding exists between MYC and any other person for a division of compensation to be received for services rendered in, or in connection with, this Chapter 11 case, nor shall MYC share or agree to share the  compensation paid or allowed from the estate for such services with any other person; and (iii) no agreement or understanding prohibited by § 155 of title 18, United States Code or §504 of the Bankruptcy Code has been, or will be, made by MYC.

8.      Upon information and belief, the Debtor has the funds necessary to pay the fees and expenses requested by MYC herein.

9.      MYC submits that considering (a) the time and labor required of MYC; (b) the skill required of MYC to perform the services involved; (c) MYC's customary fees for such work; (d) the time limitations upon and pressures borne by MYC; (e) MYC's experience, reputation and ability; (f) the awards under similar circumstances; and (g) the favorable results obtained, the commissions, fees and disbursements sought in this Application are fair and reasonable.

10.      No previous application for the relief requested herein has been made to this or any Court.

WHEREFORE, MYC seeks entry of an order: (a) awarding MYC its fees in the amount of $4,307.50; (b) reimbursing MYC $925.00 for expenses incurred; (c) authorizing the Trustee to pay these awards; and (d) such other relief as is just and proper.

Dated:  June 29, 2023                              MYC & Associates, Inc.

By: _/s/ Marc P. Yaverbaum_

Its:  Vice President

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                              Chapter 11

FRALEG GROUP, INC.,                                    Case No.: 22-41410-jmm

                                    Debtor.
--------------------------------------------------------X

## ORDER RETAINING MYC & ASSOCIATES, INC. AS REAL ESTATE BROKER FOR THE DEBTOR EFFECTIVE AS OF DECEMBER 1, 2022

UPON the application [Dkt. No. 71] (the "Application") of Fraleg Group, Inc., the reorganized debtor (the "Debtor"), by and through its attorneys, the Law Offices of Avrum J. Rosen, PLLC, seeking entry of an Order authorizing the Debtor to retain MYC & Associates, Inc., as real estate broker to the Debtor under sections 105, 327(a) and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule"), and the E.D.N.Y. Local Bankruptcy Rules (the "Local Rules"), to assist the Debtor in the marketing and selling of the real property commonly known as 112 North Walnut Street, East Orange, New Jersey 07017 (the "Property"); and upon the Affidavit of Marc P. Yaverbaum, a member of MYC & Associates Inc., as well as a licensed real estate broker, sworn to on December 19, 2022; and it appearing that MYC & Associates, Inc., does not hold or represent an interest adverse to the Debtor's estate and is a "disinterested person" as that term is used in section 101(14) of the Bankruptcy Code; and there being no opposition thereto; and it appearing sufficient notice of the Application has been given; and that MYC & Associates Inc.'s employment will be in the best interests of the estate; and it appearing to the Court that the relief sought by the Debtor is appropriate and should be granted; it is hereby

ORDERED, that the Debtor is authorized to retain MYC & Associates, Inc. in accordance with sections 327(a) of the Bankruptcy Code to assist the Debtor in acting as a real estate broker

for the Debtor for the sole purpose of marketing the estate's interest in the Property, effective as of December 1, 2022; and it is further

**ORDERED**, that the Debtor is authorized to enter into the Exclusive Right-To-Sell Marketing and Sales Agreement (the "Agreement") between the Debtor and MYC & Associates, Inc. and any amendments to the terms of the Agreement would need to be subject to a separate application to be brought before the Court; and it is further

**ORDERED**, that MYC & Associates, Inc. may place the listing for the Property on the "Multiple Listing Service" (the "MLS"); and it is further

**ORDERED**, that the total commission earned by all real estate professionals shall be six percent (6%) of the gross proceeds realized from the sale of the Property inclusive of expenses and MYC & Associates, Inc. shall not receive any reimbursement of disbursements related to the marketing, advertising and sale of the Property (the compensation to MYC & Associates shall in any event be subject to all terms of Debtor's confirmed bankruptcy plan and the Bankruptcy Court's order confirming the plan); and it is further

**ORDERED**, that in the event the sale of the Property is not consummated due to the Debtor having closed on the refinance of the scheduled mortgage pursuant to Debtor's Amended Plan of Reorganization [Dkt. No. 52] before a scheduled auction takes place, or the Lender being the successful bidder at the Sale for an amount equal to or less than its allowed credit bid, MYC shall be entitled to seek its reasonable and customary fees and expenses for the time spent in connection with the marketing of the Property during the administration of the Debtor's estate and a 1% Brokerage fee to be paid solely by the Debtor's estate; and it is further

**ORDERED**, that MYC & Associates, Inc., and/or any other cooperating broker on the MLS who finds the purchaser of the Property, shall be compensated only upon application and

upon notice and opportunity to object, and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules as may be applicable from time to time, the Local Rules, and such procedures as may be fixed by order of this Court; and it is further

**ORDERED**, that MYC & Associates, Inc. shall not share its compensation with any other individuals or entities, other than any cooperating broker on the MLS who finds the purchaser of the Property, and those agents and/or employees who are or were employed by MYC & Associates, Inc. that are entitled to wages and/or commission from the sale of the Property; and it is further

**ORDERED**, that pursuant to section 327(a) of the Bankruptcy Code, MYC & Associates, Inc. shall seek compensation upon completion of services rendered to the Debtor, upon proper application to the Court, and upon notice and a hearing, under sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2014, E.D.N.Y. LBR 2014-1, and the Guidelines of the Office of the United States Trustee; and it is further

**ORDERED**, that the United States Trustee retains all rights to object to MYC & Associates, Inc.'s and/or any other than cooperating broker's interim and final fee applications on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review the interim and final fee applications pursuant to section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that such other services as may be requested by the Debtor and agreed to by MYC & Associates, Inc. shall be subject to separate approval by Court order; and it is further

*[Remainder of Page Intentionally Left Blank]*

**ORDERED**, that to the extend the Application and/or the Agreement are inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that the Court may retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**NO OBJECTION:**
**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By: _____

Trial Attorney
Office of the United States Debtor
201 Varick Street, Suite 1006
New York, New York 10014

Dated: New York, New York
        December __, 2022



Dated: February 16, 2023
        Brooklyn, New York

Jil Mazer-Marino
**United States Bankruptcy Judge**

4

# EXCLUSIVE RIGHT-TO-SELL
# MARKETING AND SALES AGREEMENT

This agreement ("**Agreement**") made and entered into on this 12th day of February 2023 ("**Effective Date**"), by and between MYC & Associates, Inc., hereinafter ("**MYC**"), maintaining its corporate address at 1110 South Avenue, Suite 22, Staten Island, NY 10314; and Fraleg Group. Inc. ("**Debtor**") as Chapter 11 debtor-in-possession, contains the terms and conditions which will govern the marketing and sale of the Real Properties, as defined below as of the Effective Date.

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York ("**Bankruptcy Court**"), commencing Case No. 22-41410 (JMM).

Pursuant to the Plan, the Debtor seeks for MYC to market and sell certain real properties, including any improvements and fixtures thereon, commonly known as, and located at 112 & 116 N. Walnut Street, East Orange, New Jersey 07017 (the "**Real Properties**").

The Debtor and MYC hereby agree that:

1.      EXCLUSIVITY. The Debtor wishes to sell the Real Properties and, accordingly, grants MYC the sole and exclusive right-to-sell the Real Properties as of the Effective Date. MYC shall be permitted to co-broker the Real Properties as they deem appropriate and necessary to maximize the sale price of the Real Properties. In no event, regardless of the number of the co-brokers, shall the commission exceed the rate or alter the terms described in paragraph 4 below.

2.      TERM. The initial term of this Agreement is one hundred eighty (180) days from the Effective Date ("**Initial Term**"). This Agreement shall renew automatically for succeeding terms of sixty (60) days, under the same terms and conditions, unless either party provides written notice to the other party, no less than thirty (30) days in advance of any renewal date, stating that the party wishes to terminate this Agreement.

3.      TERMS OF SALE. Any sale contract may be subject to the Debtor's and/or MYC's receipt of higher and/or better bids which shall be made at an auction ("**Auction**") to be conducted in accordance with the plan confirmation order entered by the Bankruptcy Court. Any sale of the Real Properties shall be free and clear of all liens, claims, and encumbrances, and security interests with such liens, claims, and encumbrances, and security interests to attach to the proceeds of sale.

4.      COMPENSATION.  MYC's compensation shall be as follows:  (i) If the Real Properties successfully sell to any party other than the Debtor or the secured creditor, MYC will charge a broker's commission in the amount of six percent (6%) of the gross proceeds realized from the sale of the Real Properties ("**Third-Party Commission**") as a buyer's premium.  The Commission earned by MYC will be paid at the closing by the proposed buyer;  (ii) if the closing to refinance the mortgage on the Real Properties takes place before any scheduled auction takes place, MYC shall be entitled to seek a reduced commission of one percent (1%) calculated from the total refinance amount plus reimbursement of all expenses ("**Refinance Commission**"), with such amount of the Refinance Commission to be paid upon the submission of a proper application,

and approval thereof, made to the Bankruptcy Court; and (iii) in the event the secured creditor successfully credit bids at the Auction and is deemed by the Court to be the successful bidder, MYC shall be entitled to seek a reduced commission of one percent (1%) calculated from the full amount of the secured creditor's claim plus reimbursement of all expenses ("**Credit Bid Commission**"). Collectively, the Third-Party Commission, Refinance Commission and Credit Bid Commission shall herein be referred to as the "**Commission**". The engagement and compensation of MYC are subject to the Bankruptcy Court's Order confirming the bankruptcy plan of Debtor [Dkt. No. 65].

5.    REPRESENTATIONS, WARRANTIES & OBLIGATIONS. (a) MYC agrees to promote and broker the Real Properties in its usual way as to obtain the highest possible selling price for the Real Properties, (b) MYC shall furnish at the time of the Auction such assistants and other help as may be required to handle the Auction and shall in every way endeavor to sell the Real Properties for as high, a price as may be obtained, and (c) shall conduct the Auction in accordance with the terms and conditions of sale and/or bidding  procedures that are approved by the Bankruptcy Court.

6.    MISCELLANEOUS. This Agreement shall be binding upon the parties hereto and their respective successors, heirs, and assignees. Nothing in this Agreement, express or implied, is intended to confer or does confer on any person or entity, other than the parties hereto and their respective successors, heirs, and assigns any rights or remedies under or by reason of this Agreement. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect pursuant to the terms hereof. This Agreement incorporates the entire understanding of the parties regarding the subject matter hereof and supersedes all previous agreements or understandings regarding the same, whether written or oral. This Agreement may not be amended, and no portion hereof may be waived, except in a writing duly executed by the parties. The parties hereto acknowledge and agree that this Agreement has been negotiated at arm's length and among parties equally sophisticated and knowledgeable in the matters dealt with in this Agreement. Accordingly, any rule of law or legal decision that would require interpretation of any ambiguities in this Agreement against the party that has drafted it is not applicable and is waived. The provisions of this Agreement shall be interpreted in a reasonable manner to affect the intent of the parties as set forth in this Agreement.

7.    EXPENSES. If MYC is entitled to reimbursement of expenses under the Agreement, said reimbursement of expenses are to be paid upon the submission of a proper application, and approval thereof, made to the Bankruptcy Court.  If MYC earns a Third-Party Commission in full, it shall not be permitted to seek reimbursement of expenses relating to the marketing and advertising of the Real Properties; however, MYC may submit a proper application for reimbursement of all other expenses relating to the administration of the estate which shall only be paid upon the approval said application by the Bankruptcy Court.

8.    This Agreement shall be governed by the laws of the State of New York, without regard to such state's rules concerning conflicts of laws. Each party irrevocably waives any right to trial by jury in any action, proceeding, or counterclaim (whether based upon contract, tort, or otherwise) related to or arising out of this Agreement.

9.      This Agreement is subject to Bankruptcy Court approval and the parties irrevocably consent to the Bankruptcy Court's jurisdiction with respect to any action to approve or enforce this Agreement and expressly waive any right to commence any action in any other forum or to contest the Bankruptcy Court's jurisdiction.

10.     The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Agreement, including, but not limited to, the implementation and interpretation of the terms and conditions herein.

11.     This Agreement may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document. Facsimile signatures and signatures in portable document format (.pdf) are deemed originals for the purposes of this Agreement.

12.     The persons executing this Agreement on the parties' behalf warrant and represent that they are authorized and empowered to execute and deliver this Agreement on behalf of such party.

AGREED TO AND ACCEPTED BY:


Fraleg Group, Inc.

BY:          _____

PRINT:       _____

ITS:         _____

DATE:        _____


MYC & Associates, Inc.

BY:          */s/ Marc P. Yaverbaum*
             Marc P. Yaverbaum

ITS:         Vice President

DATE:        February 12, 2023

Exhibit "B"

In re: Fraleg Group, Inc.

## **Schedule of Fees**

MYC Associates, Inc.

| Date | Description | Time | Rate | Total | ID |
|---|---|---|---|---|---|
| 1/1/2023 | Review profile of interested party. | 0.5 | $ 325.00 | $ 162.50 | Marc P. Yaverbaum |
| 1/1/2023 | Corresponded w/ Debtor's counsel re status of sale. | 0.2 | $ 325.00 | $ 65.00 | Marc P. Yaverbaum |
| 1/20/2023 | Review email exchange between debtor's and lender's counsel. | 0.3 | $ 325.00 | $ 97.50 | Marc P. Yaverbaum |
| 2/2/2023 | Reviewed appraisals of both properties. | 1.6 | $ 325.00 | $ 520.00 | Marc P. Yaverbaum |
| 2/2/2023 | Research the debtor's properties. | 1.3 | $ 325.00 | $ 422.50 | Marc P. Yaverbaum |
| 2/3/2023 | Review e-mail correspondence re payoff. | 0.5 | $ 325.00 | $ 162.50 | Marc P. Yaverbaum |
| 2/3/2023 | Conference w/ interested party. | 0.8 | $ 325.00 | $ 260.00 | Marc P. Yaverbaum |
| 2/3/2023 | Review e-mails re funding. | 0.3 | $ 325.00 | $ 97.50 | Marc P. Yaverbaum |
| 2/3/2023 | Conferenced w/ debtor's counsel re sale dates. | 0.7 | $ 325.00 | $ 227.50 | Marc P. Yaverbaum |
| 2/3/2023 | Corresponded w/ another interested party. | 0.5 | $ 325.00 | $ 162.50 | Marc P. Yaverbaum |
| 2/4/2023 | Conference w/ interested party. | 1.3 | $ 325.00 | $ 422.50 | Marc P. Yaverbaum |
| 2/4/2023 | Show the properties. | 2.5 | $ 325.00 | $ 812.50 | Marc P. Yaverbaum |
| 2/5/2023 | Conference w/ interested party. | 0.7 | $ 325.00 | $ 227.50 | Marc P. Yaverbaum |
| 2/6/2023 | Corresponded w/ debtor's counsel re deadlines and sale. | 0.4 | $ 325.00 | $ 130.00 | Marc P. Yaverbaum |
| 2/7/2023 | Conference w/ interested party. | 1.2 | $ 325.00 | $ 390.00 | Marc P. Yaverbaum |
| 2/7/2023 | Negotiating terms of an offer. | 2.2 | $ 325.00 | $ 715.00 | Marc P. Yaverbaum |
| 2/7/2023 | Advise debtor's counsel of an offer to purchase the property. | 0.5 | $ 325.00 | $ 162.50 | Marc P. Yaverbaum |
| 2/8/2023 | Show the properties. | 2 | $ 325.00 | $ 650.00 | Marc P. Yaverbaum |
| 2/8/2023 | Conference w/ interested party. | 0.4 | $ 325.00 | $ 130.00 | Marc P. Yaverbaum |
| 2/8/2023 | Review of survey, plans, and other documents re debtor's properties. | 1.8 | $ 325.00 | $ 585.00 | Marc P. Yaverbaum |
| 2/8/2023 | Additional document request from the debtor. | 0.3 | $ 325.00 | $ 97.50 | Marc P. Yaverbaum |
| 2/9/2023 | Conferenced w/ debtor's counsel re sale. | 0.5 | $ 325.00 | $ 162.50 | Marc P. Yaverbaum |
| 2/9/2023 | Conference w/ interested party. | 0.6 | $ 325.00 | $ 195.00 | Marc P. Yaverbaum |
| 2/9/2023 | Conference w/ debtor's attorney and clients. | 0.8 | $ 325.00 | $ 260.00 | Marc P. Yaverbaum |
| 2/9/2023 | Schedule professional photogrpahs. | 0.3 | $ 325.00 | $ 97.50 | Marc P. Yaverbaum |
| 2/9/2023 | Schedule sign installation. | 0.2 | $ 325.00 | $ 65.00 | Marc P. Yaverbaum |
| 2/10/2023 | Showing of real properties. | 1.3 | $ 325.00 | $ 422.50 | Marc P. Yaverbaum |
| 2/11/2023 | Insert data for listing on MYC's website. | 2.6 | $ 325.00 | $ 845.00 | Marc P. Yaverbaum |
| 2/12/2023 | Corresponding w/ debtor's counsel re information needed. | 0.2 | $ 325.00 | $ 65.00 | Marc P. Yaverbaum |

In re: Fraleg Group, Inc.

## Schedule of Fees

MYC Associates, Inc.

| Date | Description | Time | Rate | Total | ID |
|------|-------------|------|------|-------|-----|
| 2/14/2023 | Showing to prospective purchaser. | 1.3 | $ 325.00 | $ 422.50 | Marc P. Yaverbaum |
| 2/14/2023 | Walkthrough w/ debtor's principals. | 1.1 | $ 325.00 | $ 357.50 | Marc P. Yaverbaum |
| 2/14/2023 | Permit access to photographer for professional photos and drone video. | 1.8 | $ 325.00 | $ 585.00 | Marc P. Yaverbaum |
| 2/15/2023 | Attend hearing at request of debtor's counsel. | 1.2 | $ 325.00 | $ 390.00 | Marc P. Yaverbaum |
| 2/17/2023 | Update data on website. | 0.5 | $ 325.00 | $ 162.50 | Marc P. Yaverbaum |
| 2/17/2023 | Corresponded w/ Debtor's counsel re status of sale. | 0.2 | $ 325.00 | $ 65.00 | Marc P. Yaverbaum |
| | | | | $ - | Marc P. Yaverbaum |
| 2/19/2023 | Showing to prospective purchaser. | 1.4 | $ 325.00 | $ 455.00 | Marc P. Yaverbaum |
| 2/20/2023 | Upload professional photos to website. | 0.7 | $ 325.00 | $ 227.50 | Marc P. Yaverbaum |
| | | | | $ - | Marc P. Yaverbaum |
| | | | | $ - | Marc P. Yaverbaum |
| 2/21/2023 | Conference w/ potential bidder. | 0.7 | $ 325.00 | $ 227.50 | Marc P. Yaverbaum |
| 2/21/2023 | Provide information to interested party. | 0.3 | $ 325.00 | $ 97.50 | Marc P. Yaverbaum |
| 2/22/2023 | Provide information to interested party. | 0.5 | $ 325.00 | $ 162.50 | Marc P. Yaverbaum |
| 2/23/2023 | Review correspondence between debtor's and lender's counsel. | 0.3 | $ 325.00 | $ 97.50 | Marc P. Yaverbaum |
| 2/24/2023 | Review correspondence between debtor's and lender's counsel. | 0.2 | $ 325.00 | $ 65.00 | Marc P. Yaverbaum |
| 2/28/2023 | Corresponded w/ debtor's counsel re auction date. | 0.2 | $ 325.00 | $ 65.00 | Marc P. Yaverbaum |
| 2/28/2023 | Show real properties. | 1.7 | $ 325.00 | $ 552.50 | Marc P. Yaverbaum |
| 3/1/2023 | Review opposition to motion for lift of stay. | 0.6 | $ 325.00 | $ 195.00 | Marc P. Yaverbaum |
| 3/5/2023 | Show real properties. | 1.3 | $ 325.00 | $ 422.50 | Marc P. Yaverbaum |
| 3/6/2023 | Comparable sale review of similar properties. | 2.2 | $ 325.00 | $ 715.00 | Marc P. Yaverbaum |
| 3/6/2023 | Conference w/ potential bidder. | 0.8 | $ 325.00 | $ 260.00 | Marc P. Yaverbaum |
| 3/6/2023 | Review LOI for properties. | 0.3 | $ 325.00 | $ 97.50 | Marc P. Yaverbaum |
| 3/7/2023 | Showing of real properties. | 1.2 | $ 325.00 | $ 390.00 | Marc P. Yaverbaum |
| 3/7/2023 | Corresponded w/ debtor's counsel re status and LOI. | 0.5 | $ 325.00 | $ 162.50 | Marc P. Yaverbaum |
| 3/8/2023 | Appear at Court hearing at the request of debtor's counsel. | 0.8 | $ 325.00 | $ 260.00 | Marc P. Yaverbaum |
| 3/10/2023 | Showing of real properties. | 1.4 | $ 325.00 | $ 455.00 | Marc P. Yaverbaum |
| 3/12/2023 | Conference w/ potential bidder. | 0.5 | $ 325.00 | $ 162.50 | Marc P. Yaverbaum |
| 3/16/2023 | Corresponded w/ potential bidder. | 1 | $ 325.00 | $ 325.00 | Marc P. Yaverbaum |

In re: Fraleg Group, Inc.

## **Schedule of Fees**

MYC Associates, Inc.

| Date | Description | Time | Rate | Total | ID |
|------|-------------|------|------|-------|-----|
| 3/21/2023 | Corresponded w/ debtor's counsel re refinancing. | 0.2 | $ 325.00 | $ 65.00 | Marc P. Yaverbaum |
| 3/23/2023 | Conference w/ potential bidder. | 0.5 | $ 325.00 | $ 162.50 | Marc P. Yaverbaum |
| | | | | | |
| | | | **TOTAL** | **$ 16,217.50** | |

Exhibit "C"



**165 INDUSTRIAL LOOP**
**STATEN ISLAND, NY 10309**
**718-227-6000**
sales@madsignsinc.com

# Invoice

| Date | Invoice # |
|---|---|
| 12/8/2022 | 10940 |

**CUSTOMER INFO**

MYC & ASSOCIATES, INC.
1110 SOUTH AVE, SUITE 61
STATEN ISLAND, N.Y. 10314
347-273-1258

| Description | Qty | Amount |
|---|---|---|
| FABRICATE (6) 3'  X 4' COROPLAST SIGNS | 6 | 576.00 |

**PLEASE MAKE CHECKS PAYABLE TO**
**RGM MAD SIGNS**

**ADMINISTRATIVE CREDIT CARD OF 3% WILL BE CHARGED**
**IF PAYING BY CREDIT CARD**

| | |
|---|---|
| **Subtotal** | $576.00 |
| **Sales Tax  (8.875%)** | $51.12 |
| **Total** | $627.12 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $627.12 |

**Oleg Davidoff Photographer Co.**
10563 Plainview Cir
Boca Raton, FL  33498 US
info@olegdavidoff.com



# INVOICE

*Fiales*

**BILL TO**
Marc Yaverbaum
MYC & Associates
1110 South Avenue
Staten Island, NY

**INVOICE #** 00342
**DATE** 02/22/2023
**DUE DATE** 03/24/2023
**TERMS** Net 30

| ACTIVITY | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| Photography | 110 South Bridge St - Staten Island, NY - 02/06/23 | 15 | 55.00 | 825.00 |
| Aerial Drone Add-On | 110 South Bridge St - Staten Island, NY - 02/06/23 | 1 | 350.00 | 350.00 |
| Photography | Advanced Retouching - 110 South Bridge St - Staten Island, NJ | 3 | 25.00 | 75.00 |
| Photography | 114/116 N Walnut St - East Orange, NJ - 02/14/23 | 10 | 55.00 | 550.00 |
| Aerial Drone Add-On | 114/116 N Walnut St - East Orange, NJ - 02/14/23 | 1 | 350.00 | 350.00 |
| Aerial Drone Add-On | 114/116 N Walnut St - East Orange, NJ - Waiver Fee EWR Proximity | 1 | 50.00 | 50.00 |
| Photography | 518 Metropolitan Ave - Brooklyn, NY - 02/14/23 | 9 | 55.00 | 495.00 |
| Aerial Drone Add-On | 518 Metropolitan Ave - Brooklyn, NY - 02/14/23 | 1 | 350.00 | 350.00 |
| Aerial Drone Add-On | 518 Metropolitan Ave - Brooklyn, NY - Waiver Fee LGA Proximity | 1 | 50.00 | 50.00 |
| Floor Plan Drawing | 518 Metropolitan Ave - Brooklyn, NY - Approx Sq. Footage 6,000 | 4 | 225.00 | 900.00 |

**BALANCE DUE**   $~~3,995.00~~

950.-

Exhibit "D"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

                                                              Chapter 11

FRALEG GROUP, INC.,

                                                              Case No.: 22-41410 (JMM)

                         Debtor.


---------------------------------------------------------X


**AFFIDAVIT OF MARC P. YAVERBAUM IN SUPPORT FOR THE FIRST AND FINAL
APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES TO MYC & ASSOCIATES, INC.
<u>AS A REAL ESTATE BROKER TO THE DEBTOR</u>**

State of New York        )
                         ) ss:
County of Richmond  )

        **MARC P. YAVERBAUM**, being duly sworn, deposes and says:

        1.        I am a principal shareholder of the firm MYC & Associates, Inc. ("**<u>MYC</u>**" or

"**<u>Applicant</u>**"), maintaining its offices at 1110 South Avenue, Suite 22, Staten Island, New York

10314.  I am the Certifying Professional in accordance with the Guidelines.

        2.        I make this affidavit in connection with the application ("**<u>Application</u>**") of MYC

pursuant to sections 327(a), 328(a) and 330(a) of title 11, U.S. Code ("**<u>Bankruptcy Code</u>**"), Rule

2016 of the Federal Rules of Bankruptcy Procedure ("**<u>Bankruptcy Rules</u>**"), Rules 2016-1 of the

Local Bankruptcy Rules for the Eastern District of New York ("**<u>Local Rules</u>**"), and the Guidelines

For Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases

("**<u>Guidelines</u>**"), for its final allowance and approval of payment of commissions and reimbursement

of expenses for the professional services rendered by the Applicant from December 1, 2022 through

April 1, 2023.

        3.        In accordance with Bankruptcy Rule 2016(a) and Local Rule 2016-1, I hereby state

that to the best of my knowledge: (i) all services for which compensation is sought herein were

rendered to the Debtor's estate solely in connection with this Chapter 11 case and not on behalf of

any individual creditors and/or other persons; (ii) no agreement or understanding exists between MYC and any other person for a division of compensation to be received for services rendered in, or in connection with, this Chapter 11 case, nor shall MYC share or agree to share the compensation paid or allowed from the Estate for such services with any other person; (iii) no agreement or understanding prohibited by §155 of title 18, United States Code or § 504 of the Bankruptcy Code has been, or will be, made, and (iv) the Application complies with the Guidelines.

4.      In accordance with the Guidelines, I hereby state that I have read the Application, and to the best of my knowledge, information and belief formed after reasonable inquiry: (a) the commission and fees sought fall within the Guidelines, except as specifically noted in this Affidavit and described in the Application; (b) except to the extent that the commission and fees are prohibited by the Amended Guidelines, the commission and fees sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients; and (c) in providing a reimbursable service, the Applicant does not make a profit on the service, whether the service is performed by the Applicant in-house or through a third party.

5.      In accordance with the Guidelines, the United States Trustee and the chair of each official committee, if any, have all been provided with a copy of the Application at least 21 days before the date set by the Court or any applicable rules for filing fee applications.

*/s/ Marc P. Yaverbaum*
Marc P. Yaverbaum

Sworn to me before this
29th Day of June 2023

*/s/ Victor M. Moneypenny*
Victor M. Moneypenny
Notary Public, State of New York
No. 01MO0004655
Qualified in Richmond County
Commission Expires 03/31/2027