| | |
|---|---|
| Hearing Date and Time: | December 6, 2023 at 10:30 a.m. |
| Objection Deadline: | November 29, 2023 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**In re:**

**Fraleg Group, Inc.,**

              **Chapter 7**

      **Debtor.**        **Case No. 22-41410 (JMM)**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800 shall be held on **December 6, 2023 at 10:30 a.m.** on the motion filed by William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), seeking the dismissal of the chapter 11 bankruptcy case of Fraleg Group, Inc. (the "Debtor") under 11 U.S.C. § 1112, or, in the alternative, the conversion of the Debtor's chapter 11 case to a case under chapter 7 (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing and filed with the Bankruptcy Court by November 29, 2023 (the "Objection Deadline") through the Court's electronic filing system. Instructions for electronically filing an objection can be found at www.nyeb.uscourts.gov. A copy of the objection must also be mailed, so as to be received by the Objection Deadline, to the United States Trustee, at the Alexander Hamilton Custom House, One Bowling Green, Suite 510,

New York, New York 10004, to the attention of Nazar Khodorovsky, Esq., Trial Attorney.

**PLEASE TAKE FURTHER NOTICE** that the hearing may be held in person, by phone, or by videoconference. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy for instructions at (347) 394-1844, JMM_Hearings@nyeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without notice other than an announcement in open Court.

Dated: West Orange, New Jersey
October 12, 2023

                                            WILLIAM K. HARRINGTON
                                            UNITED STATES TRUSTEE, REGION 2

*By:*   */s/ Nazar Khodorovsky*
       Nazar Khodorovsky
       Trial Attorney
       One Bowling Green, Suite 510
       New York, New York 10004
       Tel. No. (212) 206-2580
       Fax No. (212) 668-2361

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

Fraleg Group, Inc.,

                                               **Chapter 11**

          **Debtor.**                                 **Case No. 22-41410 (JMM)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DISMISSING CHAPTER 11 CASE, OR, IN THE ALTERNATIVE, CONVERTING THE DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7

TO:    THE HONORABLE JIL MAZER-MARINO,
          UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of the duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (a)(5), does hereby move this Court for an order dismissing this chapter 11 case, or, in the alternative, converting it to a case under chapter 7, pursuant to 11 U.S.C. § 1112(b) (the "Motion"). In support thereof, the United States Trustee represents and alleges as follows:

### SUMMARY

There is cause to dismiss or convert this confirmed chapter 11 case under 11 U.S.C. § 1112(b)(4). Specifically, the debtor Fraleg Group, Inc. (the "Debtor") has failed to file with the Court its quarterly post-confirmation reports for the first quarter of 2023 and the second quarter of 2023 (collectively, the "Reports"), which constitutes cause to dismiss or convert under 11 U.S.C. § 1112(b)(4)(F). The Court's order, signed on December 1, 2022 (the "Confirmation Order"), among other things, directed the Debtor to file quarterly post-confirmation reports no later than by the 20th day after the conclusion of the relevant reporting quarter. The Debtor's

1

failure to comply with the Confirmation Order also constitutes cause to dismiss or convert this case under Section 1112(b)(4)(E). Furthermore, the Debtor has failed to pay its outstanding United States Trustee quarterly fees, in violation of Section 1112(b)(4)(K). Finally, the Court has approved the withdrawal of Debtor's counsel, and the Debtor, a corporation, is attempting to impermissibly continue in this bankruptcy case *pro se*.

The Court should dismiss this case, because even if this case were converted to chapter 7, it would likely need to be dismissed if the Debtor failed to retain counsel to represent it. Because corporate entities are not allowed to prosecute their bankruptcy cases *pro se*, dismissal is preferable to conversion in this case.

## BACKGROUND

On June 17, 2022 (the "Filing Date"), the Debtor, a corporation, commenced this bankruptcy case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. *See* ECF Doc. No. 1. The United States Trustee did not appoint an official committee of unsecured creditors in this chapter 11 case. *See* Declaration of Michelle Leary in Support of the Motion (the "Leary Declaration"), ¶ 2. By order signed on August 18, 2022, the Court authorized the Debtor to employ the Law Offices of Avrum J. Rosen, PLLC ("the Rosen Firm") as its counsel effective as of the Filing Date. *See* ECF Doc. No. 39.

With the Confirmation Order, the Court confirmed the Debtor's amended plan of reorganization (the "Plan"). *See* ECF Doc. No. 65. The Plan went effective on December 16, 2022 (the "Effective Date"). *See* ECF Doc. No. 69 (notice of effective date). The Confirmation Order required the Debtor to:

> Following the effective date of the Plan … file quarterly reports as provided in the Plan using the forms promulgated by the U.S. Trustee in compliance with 28 C.F.R. § 58.8, which reports shall be filed by the 20th day after the conclusion of

> the relevant reporting quarter until the case is closed by means of a final decree, dismissed or converted, whichever happens first.

See ECF Doc. No. 65.

However, the Debtor has failed to file with the Court its post-confirmation quarterly reports for the first quarter of 2023 and the second quarter of 2023. *See* Leary Decl., ¶ 5. The Debtor owes $1,000 in estimated quarterly fees, pursuant to 28 U.S.C. § 1930(a)(6), and any applicable interest thereon, pursuant to 31 U.S.C. § 3717. *See* Leary Decl., ¶ 7. Quarterly fees and applicable interest will continue to accrue until the case is dismissed, converted, or closed by means of a final decree, whichever happens earlier.

By order signed on August 14, 2023 (the "Withdrawal Order"), the Court authorized the Rosen Firm to withdraw as counsel to the Debtor. *See* ECF Doc. No. 100. To date, the Debtor has not retained substitute bankruptcy counsel and remains *pro se* in this chapter 11 case. *See* Leary Decl., ¶ 9.

## ARGUMENT

**A.     There is Cause to Dismiss or Convert this Chapter 11 Case Because the Debtor Has Failed to Comply with the Administrative Requirements of the Bankruptcy Code.**

Due to the Debtor's failure to file post-confirmation reports, violations of court orders, failure to pay United States Trustee quarterly fees, and its on-going prosecution of this case without counsel, the United States Trustee finds material grounds for relief under 11 U.S.C. § 1112.[1] 28 U.S.C. § 586(a)(8). These reasons also provide express cause for the dismissal or

---

[2]  Under the BAPCPA, "in any case in which the United States trustee finds material grounds for relief under section 1112 [ ], the United States trustee shall apply promptly [for such] relief." 28 U.S.C. § 586(8). *See also* 11 U.S.C. § 307 (providing that United States Trustee may raise and may appear and be heard on any issue in any case or proceeding under Title 11).

conversion of this chapter 11 case under Section 1112(b)(4).  11 U.S.C. §§ 1112(b)(4) (E), (F), (K).

Section 1112(b) of the Bankruptcy Code provides, in part, that, on request of a party in interest, and after notice and a hearing,

> the Court <u>shall</u> convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (emphasis added) (as amended by the Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327 (Dec. 22, 2010)).

Here, the following enumerated factors exist**:**

(a) failure to comply with court orders in violation of 11 U.S.C. § 1112(b)(4)(E); and

(b) failure to comply with periodic reporting requirements in violation of 11 U.S.C. § 1112(b)(4)(F); and

(c) failure to pay United States Trustee quarterly fees in violation of 11 U.S.C. § 1112(b)(4)(K).

11 U.S.C. § 1112(b)(4).

**Failure to File Post-Confirmation Reports**

Under 11 U.S.C. § 704(a)(8), as made applicable through 11 U.S.C. §§ 1107(a) and 1106(a)(1), and Rule 2015(a) of the Federal Rules of Bankruptcy Procedure, chapter 11 debtors are required to file periodic financial reports during the case.  "[T]imely and accurate financial disclosure is the lifeblood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of chapter 11 proceeding); *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors'

failure to file reports for ten months warranted conversion or dismissal). Thus, the failure to disclose timely and accurate financial information constitutes cause to dismiss or convert under Section 1112(b)(4)(F).

By failing to file any quarterly post-confirmation reports for the first quarter of 2023 and the second quarter of 2023, the Debtor has engaged in "an unexcused failure to satisfy timely any filing or reporting requirement," 11 U.S.C. § 1112(b)(4)(F). The Debtor's failure to fulfill this important fiduciary obligation denies all parties in interest, including creditors, the Court, and the United States Trustee, access to important information regarding the Debtor's financial affairs. For instance, the cash balance in the Debtor's estate, and the Debtor's solvency are unknown.

### Failure to Comply with Court Orders

Section 1112(b)(4)(E) provides that cause exists to dismiss or convert a chapter 11 case if a debtor "[fails] to comply with an order of the court." 11 U.S.C. § 1112(b)(4)(E). Here, the Debtor has violated the Confirmation Order, which directed that the Debtor file and serve quarterly post-confirmation reports by the twentieth day following the reporting period. *See* ECF Doc. No. 65. The Debtor failed to file any quarterly post-confirmation reports for the first quarter of 2023 and the second quarter of 2023. Cause, therefore, exists to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b)(4)(E).

### Failure to Pay United States Trustee Quarterly Fees

There is cause to dismiss or convert this case because the Debtor has failed to pay statutory fees due to the United States Trustee, as required by 28 U.S.C. § 1930(a)(6). See 11 U.S.C. § 1112(b)(4)(K). The Debtor's liability for such fees and applicable interest is estimated at $1,000. *See In re Ad-Brite Corp.*, 290 B.R. 209, 220 (Bankr. S.D.N.Y. 2003) (converting

reorganization case to chapter 7 due to debtor's failure to pay statutory fees, among other reasons).

## The Debtor, A Corporation, Remains *Pro Se* In this Chapter 11 Case

A corporation, or other artificial entity, may appear in the federal courts only through licensed counsel. *Rowland v. Cal. Men's Colony*, 113 S. Ct. 716, 721 (1993); *Jones* v. *Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (a corporation involved in a legal proceeding must be represented by counsel); FED. R. BANKR. P. 9010 (Advisory Committee Note states that the rule does not purport to change prior holdings prohibiting a corporation from appearing *pro se*) (citing *In re Las Colinas Dev. Corp.*, 585 F.2d 7 (1st Cir. 1978)). In addition, this Court has noted that the *pro se* filing of a bankruptcy petition by a corporation is impermissible. *See In re Hartford & York LLC,* Case No. 13-45563-ess, 2014 Bankr. LEXIS 997, at *7-8 (Bankr. E.D.N.Y. Mar. 13, 2014) (holding that it "is beyond reasonable dispute that a corporation must appear by counsel in this Court"); *In re BSL Operating Corp.*, 57 B.R. 945, 947 (Bankr. S.D.N.Y. 1986); s*ee also In re Bellerive Springs Bldg. Corp.*, 127 B.R. 219, 220 (Bankr. E.D. Mo. 1991) (chapter 11 petition filed on behalf of corporation by non-attorney dismissed since corporate chapter 11 petition could only be filed by attorney); *In re Global Constr. and Supply, Inc.*, 126 B.R. 573, 575 (Bankr. E.D. Mo. 1991) (chapter 11 petition filed on behalf of corporation dismissed as null and void and subsequent entry of appearance by attorney on behalf of corporation did not cure improper filing).

In this case, the Debtor, a corporation, has been without counsel since the entry of the Withdrawal Order. *See* ECF Doc. No. 100. Since the entry of the Withdrawal Order, no attorney has filed a notice of appearance on the Debtor's behalf. The Debtor, therefore, is currently *pro*

6

*se* in this bankruptcy case and, unless the Debtor appears through counsel, cause to dismiss under Section 1112 exists.

**B.      The Court Should Dismiss this Case.**

The United States Trustee respectfully requests that the Court dismiss this chapter 11 case rather than convert it to chapter 7. Dismissal in this case is preferable to conversion because, as a corporation, the Debtor cannot continue prosecuting this bankruptcy case without counsel. Because the Debtor would remain *pro se* in chapter 7, conversion could likely lead to the dismissal of this case if the Debtor fails to retain counsel during the pendency of the chapter 7 matter.

**C.      Notice**

The United States Trustee will serve the Motion and the Leary Declaration by first class mail upon the Debtor, and all other parties that filed a notice of appearance in the case. The Court will serve a notice of motion on all creditors and parties in interest. The United States Trustee respectfully requests that this be deemed good and sufficient notice of the motion, and that no further notice is necessary or required.

**WHEREFORE,** the United States Trustee respectfully requests that the Court enter an order dismissing this chapter 11 case, pursuant to 11 U.S.C. § 1112(b), or, in the alternative, converting this chapter 11 case to chapter 7, and granting such other and further relief as may be

deemed just and proper.

Dated: West Orange, New Jersey
       October 12, 2023                      WILLIAM K. HARRINGTON
                                                UNITED STATES TRUSTEE, REGION 2

                                   ***By:***    ***/s/ Nazar Khodorovsky***
                                                 Nazar Khodorovsky
                                                 Trial Attorney
                                                 Alexander Hamilton Custom House
                                                 One Bowling Green, Room 510
                                                 New York, NY 10004-1408
                                                 Tel. No. (212) 206-2580
                                                 Fax No. (212) 668-2361

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

**Fraleg Group, Inc.,**

                                                   **Chapter 11**

             **Debtor.**                              **Case No. 22-41410 (JMM)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**DECLARATION OF MICHELLE LEARY IN SUPPORT**
**OF THE UNITED STATES TRUSTEE'S MOTION FOR AN ORDER**
**DISMISSING CHAPTER 11 CASE, OR, IN THE ALTERNATIVE, CONVERTING THE**
**DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7**

      I am a Bankruptcy Auditor for the movant, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee").  Within his Office, I am responsible for monitoring this chapter 11 case captioned above on his behalf.  I make this declaration based on personal knowledge, information and belief formed from records of the Office of the United States Trustee, kept in the ordinary course of its business, and my personal review earlier today of the docket of this case on the PACER information system.  If called, I would testify to the following:

      1.     On June 17, 2022 (the "Filing Date"), Fraleg Group, Inc. (the "Debtor"), a corporation, commenced this bankruptcy case by filing a voluntary petition under chapter 11 of the Bankruptcy Code.

      2.     The United States Trustee has not been able to appoint an official committee of unsecured creditors in the Debtor's case.

      3.     By order signed on December 1, 2022 (the "Confirmation Order"), the Court confirmed the Debtor's amended chapter 11 plan of reorganization (the "Plan").

      4.     The Plan went effective on December 16, 2022.

5. The Debtor has failed to file with the Court its post-confirmation quarterly reports for the first quarter of 2023 and the second quarter of 2023.

6. Under the Confirmation Order, the post-confirmation quarterly report for the third quarter of 2023 will be due by October 20, 2023.

7. The Debtor owes $1,000 in estimated United States Trustee quarterly fees pursuant to 28 U.S.C. § 1930, and any applicable interest thereon, pursuant to 31 U.S.C. § 3717.

8. By order signed on August 14, 2023, the Court authorized Law Offices of Avrum J. Rosen, PLLC to withdraw as counsel to the Debtor.

9. The Debtor remains *pro se* in this chapter 11 case to date.

I declare under penalty of perjury that the information contained in this Declaration is true and correct.

Dated: New York, New York
      October 11, 2023

                                  */s/ Michelle_Leary*
                                  Michelle Leary