| | |
|---|---|
| **Law Offices of Avrum J. Rosen, PLLC**<br>38 New Street<br>Huntington, New York 11743<br>(631) 423-8527<br>Avrum J. Rosen, Esq.<br>Nico G. Pizzo, Esq. | **Hearing Date: July 26, 2023**<br>**Hearing Time: 10:00 am**<br>**Objection Deadline: July 19, 2023** |

*Former Counsel for the Debtor and Debtor-In-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                   Chapter 11

FRALEG GROUP, INC.,                                       Case No.: 22-41410-jmm

                                        Debtor.
---------------------------------------------------------X

## PARTIAL OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION TO DISMISS THIS CASE

**TO:   THE HONORABLE JIL MAZER-MARINO,
        UNITED STATES BANKRUPTCY JUDGE:**

The Law Offices of Avrum J. Rosen, PLLC (the "Firm"), as FORMER counsel to Fraleg Group, Inc., the reorganized debtor (the "Debtor"), and the largest administrative creditor in this case respectfully submits this as and for the Firm's Partial opposition to the United States Trustees ("UST") Motion to Dismiss this case, respectfully states as follows:

## BACKGROUND

1. On June 17, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor continues to operate its business and manage its property as a post-confirmation Debtor pursuant to sections 1107, 1108 and 1129 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in this case.

3. The Debtor is a real estate investment company formed in or around 2017 and its business involves the purchase, ownership, management, rental and/or sale of real estate for profit. The Debtor is a New York corporation, with its corporate office located at 931 Lincoln Place, Brooklyn, New York 11213.

4. The Debtor was the fee owner of the of the real property commonly known as 112 North Walnut Street, East Orange, New Jersey 07017 (the "Property"). The Property is improved by a 29-unit residential building, which is currently vacant and partially completed. As the Court is aware, the Debtor was unable to either sell or refinance the mortgage on that Property as contemplated by the Plan and the Debtor and the Lender entered into a Stipulation and Order whereby the Lender released all deficiency claims against the Debtor and the guarantors in exchange for the Plan treatment that would have deeded the Property to the Lender. The Lender then foreclosed and took back that Property into an affiliate.

5. In addition, the Debtor is also the fee owner of the real property commonly known as 116 North Walnut Street, East Orange, New Jersey 07017 (the "Vacant Lot" together, the "Properties"). The Vacant Lot is unimproved, is adjacent to the Property, and is currently used solely as parking for the Property. Currently, the Debtor does not own or manage any other real estate. The full facts of the prior case and this case are set forth in the Debtor's Rule 1007 Affidavit [Dkt. No. 5] and are incorporated herein by reference.

6. The Debtor was able to confirm a consensual plan of reorganization (the "Plan"). The Confirmation Order was entered on December 1, 2023. The Plan called for a sale of the Properties by January 31, 2023 if the refinance envisioned by the Plan did not take place.

7. The sale did not take place as planned on January 31, 2023 and the Lender moved to lift the automatic stay/injunction and the Court denied that relief but held that the encumbered

Property was to be conveyed by April 5, 2023 if the Lender was not paid by March 31, 2023, as was set forth in the Plan. As this Court is also aware, the Debtor's principals transferred the Vacant Lot, which was not encumbered, to a related entity and placed a mortgage upon it for approximately $390,000.00. When the undersigned found out about this transfer, the Court and the Office of the United States Trustee were immediately informed about it and the Status Report [Dkt. No 76] was filed.

8. Thereafter, this Firm managed to eventually restore the Vacant Lot to the Debtor free of that mortgage. After the sale of the Property took place this Firm has attempted to resolve the case. The Debtor's principals continue to attempt to obtain family funds in Nigeria to repurchase the Property and to complete the project. This Firm was repeatedly advised that the principals were in the process of refinancing other properties that they own in order to fund an amended plan that would pay all remaining Administrative and Unsecured Claims in full and let the Debtor retain the Vacant Lot for future development either as part of or separate from the Property. It is estimated that this amount is about $200,000.00. The Debtor's principals have also failed to provide this Firm with the documentation needed to finalize what is due on the New York City Tax Claim, which is under objection, despite multiple requests for same. Thus the amount of that claim is included in the $200,000.00 estimate.

9. For months this Firm has endeavored to bring this matter to a conclusion. One of the Debtor's principals, (one of them has been hospitalized) have been uncommunicative for weeks because he was in Nigeria attempting to obtain the funds. The undersigned was advised that upon his return on June 5th, the refinance would take place. We were then told it would take place on June 14th and then on June 15th, which was the date of the last status conference. On June 17th, we were then told that there were "issues" with closing as a new lawsuit had shown up on the title

report and they were trying to resolve them. The undersigned made it clear that given the past failures to come up with funds, that a motion to amend the Plan to pay all claims would not be filed until and unless the funds were deposited in this Firm's IOLA account.

10. Since that date, despite this Firm's clear instruction that a Motion to amend the plan or the motion that is now being made, had to be filed before the holiday weekend to be timely for the next adjourned date, the Debtor's principals has refused to communicate with this office. There have been daily calls, texts and emails to both principals with absolutely no response. Under the circumstances, this Firm has no other option than to move to be relieved as counsel. This Court granted that relief.

11. Since then, the undersigned has continued to forward all pleadings to the Debtor's principals. The undersigned had brief contact after the motion to be relieved was granted and was told, again, that a closing was happening any day and then they went silent.

12. This Firm believes this case should be converted. The Firm understands the UST's concerns about the Debtor being un-represented, but believes that such representation is not required when a corporate Debtor sought bankruptcy protection, had counsel and then simply stopped performing its duties when it suited the principals' purpose.

13. This situation would be akin to not entering an order for relief against a corporate debtor in an involuntary case because the alleged debtor defaulted or not entering a default judgment in an adversary proceeding. In similar situations bankruptcy Courts have not permitted these machinations and have converted cases. *Lawrence Frumusa Land Dev., LLC v. Arnold*, 421 B.R. 110 (W.D.N.Y. 2009)(converting case when debtor had no counsel to avoid abuse of the system).

14. Here there are substantial assets for a trustee to liquidate and substantial administrative and priority claims. The case should be converted and those claims should be paid.

**WHEREFORE**, the Law Offices of Avrum J. Rosen, PLLC seeks the entry of an Order:converting this case to one under Chapter 7; together with (ii) such other, further and different relief that this Honorable Court deems just, proper and equitable under the facts and circumstances herein.

Dated: November 29, 2023					Respectfully submitted,
      Huntington, New York

**Law Offices of Avrum J. Rosen, PLLC**

By: */s/ Avrum J. Rosen*
    Avrum J. Rosen, Esq.
    38 New Street
    Huntington, New York 11743
    (631) 423-8527
    arosen@ajrlawny.com