Richard J. McCord, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Chapter 7 Trustee
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

FRALEG GROUP, INC.,

     Debtor.

-------------------------------------------------------------X

Chapter 7
Case No.: 22-41410-jmm

## APPLICATION FOR AN ORDER AUTHORIZING THE EXAMINATION AND PRODUCTION OF DOCUMENTS OF RON FRASER PURSUANT TO BANKRUPTCY RULE 2004

**TO: THE HONORABLE JIL MAZER-MARINO**
   **UNITED STATES BANKRUPTCY JUDGE**
   **EASTERN DISTRICT OF NEW YORK**

Richard J. McCord, Esq., the Chapter 7 Trustee (the "Trustee") for the estate of Fraleg Group, Inc. (the "Debtor"), by and through his counsel Certilman Balin Adler & Hyman, LLP, as and for his *ex-parte* application (the "Application") for an Order (i) authorizing Ron Fraser ("Fraser") to appear, produce documents, and be examined upon oral deposition under oath pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (ii) authorizing the Trustee to issue one or more Subpoenas to compel the production of documents from Fraser and to compel Fraser to appear for a deposition, by overnight mail, upon Fraser at 249 St. Marks Avenue, Freeport, New York 11520; and (iii) and for such other, further and different relief as this Court may deem just, proper and equitable.

8300659.1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Eastern District of New York, dated July 10, 1984 (Weinstein, Chief Judge). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought in this Application is based upon Bankruptcy Rule 2004.

## PROCEDURAL HISTORY

3. On June 17, 2022 (the "Filing Date"), the Debtor filed a voluntary Chapter 11 petition. On December 18, 2023 (the "Conversion Date"), the case was converted to one under Chapter 7. On December 19, 2023, the Trustee was appointed.

4. The Debtor's first §341A Meeting of Creditors ("341 Meeting") was scheduled for January 10, 2024, at 10:30 a.m. ("341 Meeting"). No party appeared on behalf of the Debtor and the 341 Meeting has been adjourned several times since. The last 341 Meeting was scheduled for May 8, 2024, at 10:00 a.m. at which time Fraser appeared with Andy Alege ("Alege") and requested an adjournment to afford the Debtor an opportunity to retain counsel. The next 341 Meeting is scheduled for June 12, 2024, at 10:00 a.m.

5. The Voluntary Petition for Non-Individuals Filing for Bankruptcy was signed by Alege as President of the Debtor. The Statement of Financial Affairs, at question 28, reflects that Fraser is the Vice President and owns 33% interest in the Debtor. Annexed hereto as **"Exhibit A"** is a copy of the portion of the SOFA which reflects same.

6. Schedule A/B of the Voluntary Petition reflects that the Debtor is the sole owner of real properties located at 112 North Walnut Street, East Orange, New Jersey 07017 (the "First

Property"), which reflects a value of $3,650,000.00, and 116 North Walnut Street, East Orange, New Jersey 07017 (the "Second Property"), which reflects a value of $350,000.00. Annexed hereto as **"Exhibit B"** is a copy of a portion of Schedule A/B which reflects the Debtor's ownership interest in the First Property and the Second Property.

7. Schedule D of the voluntary petition does not reflect any secured claims on the Second Property. Annexed hereto as **"Exhibit C"** is a copy of Schedule D.

8. Pursuant to the Stipulated Order Modifying the Confirmed Plan of Reorganization between the Post-Confirmation Debtor and CAF Borrowers GS LLC as to the Disposition of the Debtor's Property, which was "So Ordered" on April 16, 2023, the First Property was deeded to the secured creditor.

9. Prior to the Conversion Date, counsel for the Debtor during Chapter 11 withdrew as counsel pursuant to Court Order dated August 14, 2023.

10. The Trustee would like to conduct an examination of Fraser to fully investigate the financial affairs of the Debtor, and to obtain documents, including but not limited to, financial documents relating to the Debtor i.e. bank statements, tax returns, documents on the Second Property including documents from the purchase of the Second Property by the Debtor. The information requested by the Trustee is annexed hereto as **"Exhibit D"**.

## RELIEF REQUESTED

11. In view of the foregoing, the Trustee requests an Order authorizing the examination and the production of documents of Fraser, including but not limited to, the documents pertaining to the Second Property, including documents from the Debtor's purchase of the Second Property, and financial documents pertaining to the Debtor, including but not limited to, bank statements, tax returns, leases, pursuant to Bankruptcy Rule 2004.

12. In an effort to administer this bankruptcy proceeding, and to complete a thorough investigation of the Debtors' financial affairs, the Trustee believes that it is necessary to examine Fraser. As such, it is necessary for the Trustee to immediately examine Fraser to properly administer this estate.

13. Bankruptcy Rule 2004 provides "on motion of any party in interest, the court may order the examination of any entity". Fed.R.Bankr.P.2004.

> (b) the examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

Consequently, the Trustee respectfully requests that the Court enter the proposed Rule 2004 Order filed herewith.

14. Additionally, the Trustee seeks authorization to serve the Order and a subpoena deuces tecum ("Subpoena"), by overnight mail, upon Fraser, to compel the production of documents from Fraser and to compel Fraser to appear for a deposition at 249 St, Marks Place, Freeport, New York 11520. The time to produce the documents requested by, object to, move to quash or otherwise response to the Subpoena shall be the time established by Rule 45 of the Federal Rules of Civil Procedure made applicable hereto by Bankruptcy Rule 9016.

15. As there are no novel issues of law, it is respectfully requested that the Court waive the requirement of LBR 9013-1(a) that a separate memorandum of law be submitted in connection with this application.

16. No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** it is respectfully requested that an Order (i) authorizing Ron Fraser ("Fraser") to appear, produce documents and be examined upon oral deposition under oath pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (ii) authorizing the Trustee to issue one or more Subpoenas to compel the production of documents from Fraser and to compel Fraser to appear for a deposition, by overnight mail, upon Fraser at 249 St. Marks Avenue, Freeport, New York 11520; and (iii) and for such other, further and different relief as this Court may deem just, proper and equitable.

Dated: East Meadow, New York
      May 21, 2024

                      **CERTILMAN BALIN ADLER & HYMAN, LLP**
                      Counsel to the Chapter 7 Trustee

                      By:    /s/ Richard J. McCord
                              **RICHARD J. MCCORD, ESQ.**
                              90 Merrick Avenue
                              East Meadow, New York 11554
                              Phone: (516) 296-7000