Richard J. McCord, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Chapter 7 Trustee
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re:

FRALEG GROUP, INC.,

          Debtor.
-----------------------------------------------------------------------X

Chapter 7
Case No.: 22-41410-jmm

### APPLICATION IN SUPPORT OF AN ORDER PURSUANT TO RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING COMPROMISE AND SETTLEMENT

TO:    THE HONORABLE JIL MAZER-MARINO
         UNITED STATES BANKRUPTCY JUDGE

Richard J. McCord, the Chapter 7 Trustee (the "Trustee") for the Estate of Fraleg Group, Inc. (the "Debtor"), by his attorneys, Certilman Balin Adler & Hyman, LLP ("Certilman Balin"), as and for his application (the "Application"), seeking the entry of an Order pursuant to Rules 2002(a)(3) and 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for approval of the Stipulation of Settlement by and between the Trustee and Krishawn Sampson ("Sampson"), resolving the Trustee's claims as to the real property located at 116 North Walnut Street, East Orange, New Jersey 07017, Block 360, Lot No. 14 (the "Stipulation of Settlement"), annexed hereto as **Exhibit "A"**, (the Trustee and Sampson, together referred to as the "Settling Parties"), and respectfully represents as follows:

### JURISDICTION

1.    This Court has subject matter jurisdiction to consider and determine this Application pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C.

1

§157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## PROCEDURAL BACKGROUND

2. On June 17, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

3. On December 18, 2023 (the "Conversion Date"), the Debtor's case was converted to one under Chapter 7, and on December 19, 2023, the Trustee was appointed.

4. The §341A Meeting of Creditors (the "341 Meeting") was initially scheduled for January 10, 2024, however, was adjourned several times due to non-appearance by the Debtor. At the 341 Meeting scheduled for June 26, 2024, the Debtor's principals, Andy Alege and Ronald Fraser, appeared and were examined.

5. Amended Schedule A/B of the Debtor's bankruptcy petition reflects that the Debtor is the owner of real property located at 116 North Walnut Street, East Orange, New Jersey 07017, Block No. 360, Lot No. 14 (the "Real Property"). The Real Property is unimproved vacant land and is adjacent to real property previously owned by the Debtor. Schedule A/B reflects the value of the Real Property at $350,000.00. Annexed hereto as **"Exhibit A"** is a copy of the portion of Schedule A/B that reflects said property.

6. Pursuant to the Deed dated April 5, 2019, the Debtor purchased the Real Property from Penchant for Properties LLC for the sum of $50,000.00. Annexed hereto as **"Exhibit B"** is a copy of the Deed.

7. Schedule D of the Debtor's bankruptcy petition does not reflect any secured debt on the Real Property. Annexed hereto as **"Exhibit C"** is a copy of Schedule D.

8. On January 4, 2024, the Trustee retained MYC & Associates, Inc. ("MYC") as Real Estate Broker to the Chapter 7 Trustee, which was approved pursuant to Court Order dated January 12, 2024.

9. Although offers have been received to purchase the Real Property, the Real Property has not been sold.

10. The Trustee filed a Notice of Discovery of Assets with the Court, and the Court scheduled the bar date for April 24, 2024. The total amount of timely filed claims is $6,458,194.66, which is classified as follows: secured: $5,600,373.27, priority: $48,945.74(it should be noted that claim numbers 2 and 3 filed by the New York City Department of Finance appear to be duplicative) administrative: $144,259.15 unsecured: $664,616.50.

11. Sampson has made an offer to purchase the Trustee's right, title and interest in the Real Property, for the sum of $250,000.00 (the "Settlement Sum"), which the Trustee has accepted. Annexed hereto as "**Exhibit D**" is a copy of the Stipulation of Settlement.

12. Pursuant to the Stipulation of Settlement, Sampson shall pay the Settlement Sum as follows: a 10% deposit of $25,000.00 upon execution of the Stipulation of Settlement, which the Trustee has received; and thereafter the remaining settlement funds in the amount of $225,000.00 to be paid in full within thirty (30) days of the entry of the Order by the United States Bankruptcy Court approving this Stipulation.

13. Pursuant to the Stipulation of Settlement, the sale of the Trustee's right, title and interest in the Real Property is subject to all liens, claims and encumbrances, if any, and is subject to higher and better offers.

14. The Trustee respectfully submits that the proposed settlement with Sampson is fair and reasonable.

15. For all of the foregoing reasons, and due to the cost of proceeding with the sale of the Real Property to another purchaser and because the settlement is fair and reasonable under the circumstances and above the lowest level of reasonableness, the Trustee respectfully requests that this Court approve the Stipulation of Settlement pursuant to Bankruptcy Rule 9019.

## BASIS FOR RELIEF

16. Bankruptcy Rule 9019 (a) provides that "[on motion by the Trustee and after notice and a hearing, the Court may approve a compromise or settlement." Fed. R. Bank. P. 9019(a). The elements that a court should evaluate in considering the reasonableness of a proposed compromise and settlement include:

   (i) the probability of success in the litigation;
   (ii) the difficulty in collecting after obtaining a judgment in the litigation;
   (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
   (iv) the interest of creditors and stockholders and a proper deference to their reasonable view of the settlement.

*Protective Comm. for Index. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) [hereinafter "TMT"]; *see also SEC v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 960 F.2d 285, 292 (2d Cir., 1992), *cert. dismissed*, 506 U.S. 1088 (1993); *Airline Pilots Assen v. Am. Natal Bank & Trust Co. (In re Ionosphere Clubs, Inc.)*, 156 BR. 414 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

17. Courts in this Circuit have elaborated on the *TMT* factors and have held it is also proper to consider:

   (1) The balance between the likelihood of success compared to the present and future benefits offered by the settlement;
   (2) Prospect of complex and protracted litigation if settlement is not approved.

4

(3) Proportion of the class members who do not object or who affirmatively support the proposed settlement;
(4) The competency and experience of counsel who support the settlement;
(5) The relative benefits to be received by individuals or groups within the class;
(6) The nature and breadth of releases to be obtained by officers and directors; and
(7) The extent to which settlement is the product of arm's length bargaining.

*Nellis v. Shugrue*, 165 BR. 115, 122 (S.D.N.Y. 1994).

18. In applying the *TMT* test, the reasonableness of a proposed compromise and settlement does not depend on a determination that the settlement reached is the best that could possibly be obtained, but rather, as articulated by the United States Court of Appeals for the Second Circuit, whether the settlement "*fall[s] below the lowest point in the range of reasonableness.*" *In re W.T. Grant Co.* 699 F.2d 599, 608 (2d Cir.) (*emphasis added*), *cert. denied*, 464 U.S. 822 (1983).

19. Courts that have considered compromises and settlements under the *TMT* standard make clear that in evaluating a proposed settlement, a bankruptcy judge need not hold a "mini-trial" on the claims involved. *See, e.g. In re Purofied Down Prods. Corp.*, 150 BR. 519 (S.D.N.Y. 1993) (refusing to conduct mini-trial of claims to determine whether settlement should be approved). All that the proponent of the settlement must do is establish that it is "prudent to eliminate the risks of litigation to achieve specific certainty though admittedly [the settlement] might be considerably less (or more) than were the case fought to the bitter end." *Fla. Trailer & Equip. Co. v. Deal*, 284 F.2d 567, 573 (5th Cir. 1960); *see also United States v. Alaska Nat'l Bank of N. (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982) (bankruptcy court need not conduct "exhaustive investigation into the validity of the asserted claim").

5

20. In the instant case, the Settlement is fair and equitable and falls within the range of reasonableness under TMT.

21. The Trustee believes that the Settlement is in the best interest of the estate and creditors.

## WAIVER OF MEMORANDUM OF LAW

22. As the issues raised herein are neither novel nor difficult, the Trustee cites to the relevant statutory and caselaw, the Trustee respectfully submits that a memorandum of law is not necessary in this instance pursuant to Local Bankruptcy Rule 9013-1(a).

23. No prior application for relief requested herein has been made to this or any other court.

## NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST

24. Pursuant to Bankruptcy Rules 2002(a)(3) and 9019, copies of the Notice of Presentment, Application to Compromise and Settle and a proposed Order Authorizing Compromise and Settlement, are being served by regular mail upon (a) counsel for the Debtor; (b) the Debtor; (c) counsel for Sampson (d) the United States Trustee; (e) all parties that filed a notice of appearance; and (f) all creditors in the bankruptcy estate of the Debtor.

## CONCLUSION

**WHEREFORE**, in view of the foregoing, the Trustee respectfully requests the entry of an Order pursuant to Bankruptcy Rules 9019 and 2002(a)(3) authorizing the compromise and settlement of the Trustee's interest in the Real Property, together with such other and further relief as this Court deems just and proper.

Dated: East Meadow, New York
       October 23, 2024

                              **CERTILMAN BALIN ADLER & HYMAN, LLP**
                              Counsel for the Trustee

                        By:     /s/ Richard J. McCord
                              **RICHARD J. MCCORD, ESQ.**
                              90 Merrick Avenue
                              East Meadow, New York 11554
                              Phone: (516) 296-7000