Richard J. McCord, Esq.
Robert D. Nosek, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Chapter 7 Trustee, Richard J. McCord, Esq.
90 Merrick Avenue
East Meadow, NY 11554
Phone: (516) 296-7000

Hearing Date: January 23, 2025
Time:             2:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In Re:

FRALEG GROUP, INC.,

Debtor.

-------------------------------------------------------------X

Chapter 7
Case No. 22-41410-jmm

**CHAPTER 7 TRUSTEE'S JOINDER AND REPLY IN FURTHER SUPPORT OF
APPLICATION IN SUPPORT OF AN ORDER PURSUANT TO RULE 9019(a)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
<u>AUTHORIZING COMPROMISE AND SETTLEMENT</u>**

TO:   THE HONORABLE JIL MAZER-MARINO
        UNITED STATES BANKRUPTCY JUDGE

Richard J. McCord, the Chapter 7 Trustee (the "**Trustee**") for the Estate (the "**Estate**") of Fraleg Group, Inc. ("**Fraleg**" or the "**Debtor**"), by his attorneys, Certilman Balin Adler & Hyman, LLP hereby submits this reply to objections [ECF Doc. Nos. 134, 139, 143] (collectively, the "**East Orange Objection**") filed by the City of East Orange ("**East Orange**") asserted against the Trustee's *Application in Support of an Order Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure Authorizing Compromise and Settlement* [ECF Doc. No. 128] (the "**9019 Motion**"), and joinder in the responses [ECF Doc. Nos. 137, 145] (collectively the "**Rosen Firm Response**") to the East Orange Objection by The Law Offices of Avrum J. Rosen, PLLC (the "**Rosen Firm**"), a chapter 11 administrative expense claim holder against the Debtor's Estate, and

8476624.1

in further support of the 9019 Motion. As such, the Trustee respectfully represents and sets forth as follows:

1. The Trustee is attempting to transfer any and all of the Estate's right, title and interest in and to 116 N. Walnut Street, East Orange, New Jersey, Block 360, Lot 14 (the "**Property**").

2. The Trustee joins in and adopts the legal and factual assertions submitted by the Rosen Firm in the Rosen Firm Response.

3. In further support of his Motion, under the express terms of the Stipulation of Settlement, the Trustee's sale of the "right, title and interest in the Real Property *is subject to* all liens, claims and encumbrances, if any, on said Real Property[.]" Stip. ¶ 2 (emphasis added). Moreover, the sale "is 'as is' condition with all faults and specifically and expressly without any warranties, representations or guarantees from or on [be]half of the Trustee." *Id.* ¶ 3. There has been nothing put before the Court in the East Orange Objection that supports an argument that the Debtor did not own the Property on the Petition Date. Thus, if East Orange has any rights to claim title in the Property, and the Trustee does not concede that they do, such rights are inchoate were not properly exercised prior to the Petition Date. Accordingly, the Trustee's Motion should be granted because, at best, such inchoate rights, if any exist, may or may not be an encumbrance on the Property which the Trustee is transferring subject to.

4. There are also several points that the Trustee believes are cleare after reviewing the East Orange Objection, the Rosen Firm Response and other information and documents available to the Trustee.

**No Reversion of the Property Has Occurred to Date Because the**

2

8476624.1

**City of East Orange Never Complied with the Steps**
**Necessary to Try and Cause Such Reversion**

5.  There is no evidence that East Orange ever notified Penchant or the Debtor that Penchant was in violation of any obligation it may have had or restriction imposed on it whether under the Deed, Contract of Sale, Redevelopment Agreement, any city ordinance or city resolution. Those documents clearly state that any remedy available to East Order for an alleged default must be preceded by written notice and a cure period. Based on the record before the Court, there does not appear to be any such notice. As a result, no exercise of the alleged reversion right can be found to have occurred. The automatic stay prevents such exercise now.

**The City of East Orange Has Known About Fraleg**
**Group Inc. For Years Prior to the Bankruptcy Case**

6.  It is clear from evidence located by the Rosen Firm that East Orange had actual knowledge of the Debtor and its desire to be designated a Redeveloper a full eighteen (18) months after the Debtor took title to the Property. The Debtor did not file for bankruptcy protection for another twenty (20) months after the East Orange committee meeting on September 28, 2020. That is a full three (3) years and two (2) months after acquiring the Property from Penchant. All of that time passed without any evidence that East Orange confronted either Penchant or the Debtor concerning the ongoing development of the Property and the adjacent apartment building. That calls into question East Orange's ability under any set of facts to try and force a reversion now, and certainly not within this bankruptcy case.

7.  Resolution No. 68 (*see* East Orange Obj. Exhibit A) reflects that before that resolution was passed, East Orange investigated Penchant ("the interested party was preliminarily interviewed by representatives of the Policy, Planning and Development Department" and "the

3

City Counsil's Business Development and Zoning Commiittee [ ] did approve the proposed development project") and knew that it owned the apartment building property (*id.*) and proposed to purchase the Property (*id.*) for its redevelopment plan. There is no evidence that East Orange failed to undertake the same level of due diligence about the Debtor prior to putting a proposed resolution on its City Council meeting agenda for the September 28, 2020 meeting to have the Debtor designated as a Developer. *See* Rosen Firm Response Exhibit A (Counsel Meeting Agenda).

8. As a result, East Orange has known or should have known that the Debtor acquired the Property from Penchant several years prior to the bankruptcy case and did nothing in response.

**New Jersey Land Records Do Not Support East Orange's**
**Claim to Have a Right of Reversion Binding on the Property and the Debtor**

9. Under Section 3.6 of the Redevelopment Agreement, East Orange had an obligation to record the Redevelopment Agreement with the Deed and any other related documents as determined by the City. Although not expressly stated therein, it would have been reasonable to record the Contract of Sale as well. In fact, the Contract of Sale required Penchant to record the Contract of Sale as required under Section 3.6 of the Redevelopment Agreement. However, neither party fulfilled its recording obligations, with such reciprocating breaches occurring more than six years prior to the Petition Date.

10. Furthermore, the Redevelopment Agreement required that "the Deed shall contain, a condition subsequent to the effect that in the event of any default, failure, violation, or other action or inaction by the redeveloper specified in subdivisions (a), (b), and (c) of this Section 704, failure on the part of the Redeveloper to remedy, end, or abrogate such default, failure, violation

4

8476624.1

or other action or inaction, within the period and in the manner stated in such subdivisions, the Agency at its option may declare a termination in favor of the Agency of the title, and of all the rights and interests in and to the Property conveyed by the Deed to the Redeveloper, and that such title and all rights and interests of the Redeveloper, and any assigns or *successors* in interest to and int the Property shall revert to the Agency[.]" However, the Deed contains no such condition.

11. The Deed does contain a provision which provides that

> This transfer or sale of the subject property is also subject to the stipulation that the Grantee may not convey the property except as set forth in the Redevelopment Plan including amendments thereto and Contract of Sale.

However, the land records are devoid of any recording of a Redevelopment Plan, which is separate from the Redevelopment Agreement which itself was never recorded, and neither was the Contract of Sale. Thus, East Orange tries to rely on a provision that is several layers under the Deed, but with none of the referenced documents are recorded.

12. As such, the Trustee believes that the Rosen Firm's submission of New Jersey law is the better interpretation and any alleged right of reversion would be unenforceable based on the state of the land records recordings in New Jersey and the total lack of recording of the Redevelopment Agreement, the Contract of Sale and the Redevelopment Plan.

13. Nothing brought forward in the East Orange Objection rises to the level of preventing this Court from finding that the terms of the Stipulation of Settlement fall above the lowest level in a range of reasonableness, and, regardless, any alleged right of reversion to East Orange has not yet been exercised and is not before the Court. The 9019 Motion should be granted and the Settlement approved.

**WHEREFORE**, for the reasons set forth herein, in the Motion and based on other documents and information spread across the record of this case, the Trustee respectfully requests that the Court deny the East Orange Objection, enter an Order granting the Motion and approving the Stipulation of Settlement, and grant such other and further relief as may be just and proper.

Dated: East Meadow, New York
      January 17, 2025

                  **CERTILMAN BALIN ADLER & HYMAN, LLP**
                  Attorneys for Richard J. McCord, Esq., as Chapter 7 Trustee
                  of the Estate of Fraleg Group Inc.

      BY:   /s/ Robert D. Nosek
               **RICHARD J. MCCORD, ESQ.**
               **Robert D. Nosek, Esq.**
               90 Merrick Avenue
               East Meadow, New York 11554
               (516) 296-7000