CERTILMAN BALIN ADLER & HYMAN, LLP
Richard J. McCord, Esq.
Counsel to the Chapter 7 Trustee
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000
Fax: (516) 296-7111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

                                            Chapter 7

FRALEG GROUP, INC.,

                                            Case No. 22-41410-jmm

                      Debtor.
-------------------------------------------------------X

## AFFIRMATION OF NON-COMPLIANCE

**RICHARD J. MCCORD,** the undersigned, an attorney duly licensed to practice law in the Courts of the State of New York and admitted in the Eastern District of New York, hereby affirms the following under penalty of perjury:

1. I am the Chapter 7 Trustee for the estate of Fraleg Group, Inc. (the "Debtor") and as such, I am fully familiar with the facts and circumstances set forth herein.

2. Schedule A/B of the Debtor's bankruptcy schedules reflected that the Debtor was the owner of real property located at 116 North Walnut Street, East Orange, New Jersey 07017, Block No. 360, Lot No. 14 (the "Real Property").

3. The Trustee received an offer to purchase the Trustee's right, title and interest in the Real Property for the sum of $250,000.00 from Krishawn Sampson ("Sampson") which the Trustee had accepted.

4. The Trustee and Sampson entered into the Stipulation of Settlement by and Between Richard J. McCord, Esq. as Chapter 7 Trustee of the Estate of Fraleg Group, Inc. and

1

Krishawn Sampson (the "Stipulation of Settlement"). Pursuant to the terms of the Stipulation of Settlement, Sampson was to deposit the sum of $25,000.00 (the "Deposit") to the Trustee and the remaining settlement sum in the amount of $225,000.00 (the "Settlement Sum") shall be paid to the Trustee, by certified bank check, made payable to "Richard J. McCord, Esq., as Chapter 7 Trustee for the Estate of Fraleg Group, Inc." to paid in full within thirty (30) days of the entry of the Order by the United States Bankruptcy Court approving the Stipulation of Settlement. The Trustee received the Deposit and the executed Stipulation of Settlement simultaneously.

5.   On October 24, 2024, the Notice of Presentment and Application in Support for an Order Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure Authorizing Comprise and Settlement (the "9019 Application") (Dkt. No. 128) was filed and served. There were no objections to the 9019 Application and on January 31, 2025, the Order approving the 9019 Application was entered (the "9019 Order") (Dkt. No. 149).

6.   On January 31, 2025, the Trustee sent email correspondence to counsel for Sampson enclosing the Order and advising that the remaining Settlement Sum must be paid to the Trustee within thirty (30) business days of the date of the 9019 Order. Follow up email correspondence was sent on February 6, 2025, February 20, 2025, and February 27, 2025 requesting confirmation that the January 31, 2025 email was received, and requesting a status of Settlement Sum. On February 28, 2025, the Trustee received email correspondence from counsel for Simpson requesting an extension of time to March 21, 2025 for the Settlement Sum to be turned over to the Trustee, to which the Trustee responded with requesting the reason for the extension, with a follow up email on March 4, 2025. On March 7, 2025, the Trustee sent email correspondence to Sampson's counsel advising that if the funds were not received within five (5) business days of the date of the email, the Trustee will file an Affidavit of Non-Compliance with

the Court and the deposit received in the amount of $25,000.00 will be retained by the bankruptcy estate as liquidated damages. Annexed hereto as **"Exhibit A"** is a copy of the email chain to Debtor's counsel.

7. To date, the Trustee has not received the Settlement Sum and Sampson is in breach of the terms of the Stipulation of Settlement.

8. Should Sampson fail to tender the remaining Settlement Sum in the amount of $225,000.00 within five (5) business days of the date of this Affirmation, the Trustee will retain the deposit in the amount of $25,000.00 as liquidated damages for the benefit of the bankruptcy estate.

**WHEREFORE**, in view of the foregoing, the Trustee respectfully requests that in the event that Sampson fails to tender the settlement sum in the amount of $225,000.00 within five (5) business days of the date of this Affirmation, the Stipulation of Settlement will be deemed terminated, and the deposit in the amount of $25,000.00 will be retained by the bankruptcy estate as liquidated damages and; (ii) for such other, further and different relief as this Court deems just, proper and equitable.

Dated: East Meadow, New York
March 27, 2025

        **CERTILMAN BALIN ADLER & HYMAN, LLP**
        Counsel to the Chapter 7 Trustee

        By: /s/ Richard J. McCord
            **RICHARD J. MCCORD, ESQ**.
            90 Merrick Avenue
            East Meadow, New York 11554
            Phone: (516) 296-7000