UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                    Chapter 7

FRALEG GROUP, INC,                                        Case No. 22-41410-jmm

                      Debtor.
-------------------------------------------------------------X

**AFFIRMATION IN SUPPORT FOR AN ORDER (I) DIRECTING COMPLIANCE WITH THE ORDERS OF THE COURT DATED MAY 28, 2024 FOR THE TURNOVER OF INFORMATION AND DOCUMENTATION PERTAINING TO THE DEBTOR; AND (II) AWARDING THE TRUSTEE ATTORNEY'S FEES AND COSTS OF THIS MOTION**

      **RICHARD J. McCORD**, the undersigned, an attorney duly licensed to practice law in the Courts of the State of New York and admitted in the Eastern District of New York, hereby affirms the following under penalty of perjury:

      1.    I am the Chapter 7 Trustee for the estate of Fraleg Group, Inc. (the "Debtor") having been duly appointed on or about December 19, 2023, and as such, I am fully familiar with the facts and circumstances set forth herein.

      2.    I submit this affirmation in support of my request pursuant to 11 U.S.C. §§105, 521(a)(3), (a)(4), 541(a)(1), 542(e), 543(b)(1) and Bankruptcy Rules 4002(a)(1), 9011, 9014 and 9016, for an Order (i) directing Andy Alege ("Alege"), Ron Fraser ("Fraser"), Andre Juman ("Juman") and/or a responsible party of the Debtor to cooperate with the Trustee and comply with the Orders of this Court dated May 28, 2024, to appear for examination and produce documents pursuant to the Subpoena for Rule 2004 Examination and to turn over all documents correspondence and communications relating to the purchase of the real properties located at 112 North Walnut Street, East Orange, New Jersey ("112 North Walnut") and 116 North Walnut Street, East Orange, New Jersey ("116 North Walnut"); (ii) awarding the Trustee's Attorney's fees and

1

costs of this Motion in the amount of $2,500.00; and (iii) for such, other further and related relief as the Court deems just, proper and equitable.

3. That the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §157, 11 U.S.C. §§105, 521(a)(3), (a)(4), 541, 542, 543 and Bankruptcy Rules 4002(a)(1), 9011, 9014 and 9016.

## **BACKGROUND FACTS**

4. On June 17, 2022 (the "Filing Date"), the Debtor filed a voluntary Chapter 11 petition. On December 18, 2023 (the "Conversion Date"), the case was converted to one under Chapter 7. On December 19, 2023, the Trustee was appointed. The petition was signed by Alege as president of the Debtor.

5. The Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy ("SOFA") at Question 28, reflects that the members of the Debtor are as follows: Juman, Vice President/Secretary 33%; Alege, President 33%; and Fraser, Vice President 33%. Annexed hereto as **"Exhibit A"** is a portion of the SOFA that reflects the members.

6. The Debtor's first §341A Meeting of Creditors ("341 Meeting") was scheduled for January 10, 2024, at 10:30 a.m. ("341 Meeting"). No party appeared on behalf of the Debtor, and the 341 Meeting had been adjourned several times. The 341 Meeting that was scheduled for May 8, 2024, at 10:00 a.m. was attended by Alege and Fraser at which an adjournment was requested to afford the Debtor an opportunity to retain counsel. The next 341 Meeting was scheduled for June 12, 2024, at 10:00 a.m. at which time no parties appeared. On June 26, 2024, Alege and Fraser appeared at said meeting with counsel and were examined.

6. Amended Schedule A/B of the Debtor's bankruptcy petition reflects that the Debtor

was the owner of 112 North Walnut, which pursuant to Court Order dated November 21, 2022, the stay was lifted. 116 North Walnut is unimproved vacant land and is adjacent to 112 North Walnut. Schedule A/B reflects the value of 116 North Walnut at $350,000.00. Schedule D of the Debtor's bankruptcy petition does not reflect any secured claims.

7. Pursuant to the Deed dated April 5, 2019, the Debtor purchased 116 North Walnut from Penchant for Properties LLC for the sum of $50,000.00.

8. On May 21, 2024, the Trustee filed the Ex Parte Motion for 2004 Examination Application for an Order Authorizing the Examination and Production of Documents of Andy Alege Pursuant to Bankruptcy Rule 2004 ("Alege 2004 Application")(Dkt. No. 116). On May 28, 2024, the Order Authorizing the Examination and Production of Documents of Andy Alege ("Alege Order")(Dkt. No. 119) was entered.

9. On May 21, 2024, the Ex Parte Motion for 2004 Examination Application for an Order Authorizing the Examination and Production of Documents of Ron Fraser Pursuant to Bankruptcy Rule 2004 ("Fraser 2004 Application")(Dkt. No. 117). On May 28, 2024, the Order Authorizing the Examination and Production of Documents of Ron Fraser ("Fraser Order")(Dkt. No. 120) was entered.

10. On May 21, 2024, the Ex Parte Motion for 2004 Examination Application for an Order Authorizing the Examination and Production of Documents of Andre Juman Pursuant to Bankruptcy Rule 2004 ("Juman 2004 Application")(Dkt. No. 118). On May 28, 2024, the Order Authorizing the Examination and Production of Documents of Andre Juman ("Juman Order")(Dkt. No. 121) was entered.

11. Pursuant to the Alege Order, on June 11, 2024, the Subpoena for Rule 2004 Examination ("Alege Subpoena") was served upon Alege via Federal Express. Pursuant to the

Alege Subpoena, various documents were requested pertaining to the Debtor, including all documents from the Debtor's purchase of the real property located at 116 North Walnut. Annexed hereto as **"Exhibit B"** is a copy of the Alege Subpoena. The documents were to be produced by June 28, 2024.

12. As the documents were not received pursuant to the Alege Subpoena, on July 17, 2024, correspondence was sent to Alege via first class mail and certified mail requesting the documents pursuant to the Alege Subpoena. The letter was received by Alege, and the certified mail card was signed by him on July 20, 2024. Annexed hereto as **"Exhibit C"** is a copy of said correspondence and the certified mail card.

13. Pursuant to the Fraser Order, on June 11, 2024, the Subpoena for Rule 2004 Examination ("Fraser Subpoena") was served upon Fraser via Federal Express. Pursuant to the Fraser Subpoena, various documents were requested pertaining to the Debtor, including all documents from the Debtor's purchase of 116 North Walnut. Annexed hereto as **"Exhibit D"** is a copy of the Fraser Subpoena. The documents were to be produced by June 28, 2024.

14. As the documents were not received pursuant to the Fraser Subpoena, on July 17, 2024, correspondence was sent to Fraser via first class mail and certified mail, requesting the documents pertaining to the Fraser Subpoena. The certified letter was returned as undeliverable. Annexed hereto as **"Exhibit E"** is a copy of said correspondence.

15. Pursuant to the Juman Order, on June 17, 2024, the Subpoena for Rule 2004 Examination ("Juman Subpoena") was served upon Juman via Federal Express. Pursuant to the Juman Subpoena, various documents were requested pertaining to the Debtor, including all documents from the Debtor's purchase of 116 North Walnut. Annexed hereto **as "Exhibit F"** is a copy of the Juman Subpoena. The documents were to be produced by June 28, 2024. As with Alege

and Fraser, Juman did not comply with the Juman Subpoena and turnover the documents requested. Correspondence was sent to him on July 17, 2024, via certified mail and first class mail. The certified mailed envelope was returned as unclaimed. Annexed hereto as **"Exhibit G"** is a copy of said correspondence.

16. On August 20, 2024, the Trustee received the Response by Debtor to the Trustee's Request for Production of Documents, by its officers and shareholders, Alege, Fraser and Juman ("Response"). Certain documents were produced but not all documents that were requested by the Trustee in the Alege Subpoena, Fraser Subpoena and Juman Subpoena. Annexed hereto as **"Exhibit H"** is a copy of the Response (not including the documents).

17. On or about December 13, 2024, Trustee submitted a Notice Of Claim to Chicago Title Insurance Company ("Chicago Title") on behalf of Debtor under title policy number ending 0738 (the "Policy") insuring properties commonly known as 112 North Walnut and 116 North Walnut related to the City of East Orange's objection to the sale of 116 North Walnut. On January 28, 2025, Chicago Title accepted the tender of defense related to East Orange's claims subject to the terms and conditions of the Policy and subject to a reservation of rights.

18. Chicago Title is conducting its due diligence under the Policy and is investigating this matter. Chicago Title had reached out to counsel for the Debtor and the Debtor to obtain documents relating to the purchase of the Properties. On August 28, 2025, counsel for the Trustee sent correspondence to Raymond Verdi, Esq. ("Verdi") advising of Chicago Title's investigation and requesting the documents. Verdi responded that he has not received cooperation from his client and will contact them to seek the documents requested. Annexed hereto as **"Exhibit I"** is a copy of said correspondence and the response.

19. It is imperative that the Debtor, its principals/members, Alege, Fraser and Juman,

and/or a responsible party of the Debtor, cooperate with the Trustee and turnover the documents pertaining to the Properties including but not limited to, all documents, correspondence and communications in its possession relating to the purchase of the Properties.

20.  To date, despite requests, and the Trustee obtaining Orders of this Court, the Trustee has not received the requested financial documents of the Debtor.

21.  It is imperative that the Trustee receives any and all documents in the Debtor's possession pertaining to the Debtor's purchase of the Properties, including but not limited to, all documents, correspondence and communications relating to the purchase of 112 North Walnut and 116 North Walnut.

22.  The Debtor and its members have a duty to cooperate with the Trustee and comply with the Alege Order, Alege Subpoena, Fraser Order, Fraser Subpoena, Juman Order and Juman Subpoena.

23.  The Trustee respectfully requests that the Court award Attorneys' Fees and costs incurred in connection with the filing of this Motion in the amount of $2,500.00. If the Debtor and/or its members/principals fail to comply with the Order entered granting this Motion, it is respectfully requested that sanctions against the Debtor, Alege, Fraser and Juman be awarded in the amount of $1,000.00 per day until the documents are received.

24.  Once the Trustee receives the documents requested, the Trustee will schedule the 2004 examinations at a mutual date and time for the parties.

## BASIS FOR RELIEF

25.  Section 521(a)(3) of the Bankruptcy Code provides "the debtor shall… if a trustee is serving in a case or an auditor is serving under section 586(f) of title 28, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title. 11 U.S.C.

8648948.1

§521(a)(3).

26. Section 521(a)(4) of the Bankruptcy Code provides "the debtor shall… if a trustee is serving in a case or an auditor is serving under section 586(f) of title 28, surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate". 11 U.S.C. §521(a)(4).

27. Section 541(a)(1) of the Bankruptcy Code provides "the commencement of a case under section 301, 302, or 303 of this title created an estate. Such estate is comprised of all of the following property, wherever located and by whomever held... (1) except as provided in subsections (b) and (c)(2) of this section, all legal and equitable interest of the debtor in property as of the commencement of the case". 11 U.S.C. §541(a)(1).

28. Section 542(e) of the Bankruptcy Code provides "after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee". 11 U.S.C. §542(e).

29. Bankruptcy Rule 4002(a)(1) provides "in addition to performing other duties prescribed by the Code and rules, the debtor shall… attend and submit to examination at the times ordered by the Court". Bankruptcy Rule 4002(a)(1).

30. Bankruptcy Rule 4002(a)(4) states "in addition to performing other duties prescribed by the Code and rules, the debtor shall.. cooperate with the trustee in preparation of an inventory, the examination of proofs of claim, and the administration of the estate". Bankruptcy Rule 4002(a)(4).

31.     Clearly, the Debtor and its members/principals have a duty under the Bankruptcy Code to immediately cooperate with the Trustee in order for the Trustee to carry out his fiduciary duties.

32.     By virtue of the foregoing, it is respectfully requested that an Order be entered directing the Debtor and/or a responsible party of the Debtor, Alege, Fraser and Juman, and/or a responsible party of the Debtor to cooperate with the Trustee, produce documents pursuant to the Alege Subpoena, Fraser Subpoena and Juman Subpoena, and documentation pertaining to the Properties including but not limited to, all documents, correspondence and communications in its possession relating to the purchase of the Properties.

33.     As the issues herein are neither novel nor difficult and the Trustee cites to the relevant statutory and case law, the Trustee respectfully submits that a memorandum of law is not necessary in this instance pursuant to Local Bankruptcy Rule 9013-1(a).

**WHEREFORE**, in view of the foregoing, it is respectfully requested that an Order be entered Order (i) 11 U.S.C. §§105, 521(a)(3), (a)(4), 541(a)(1), 542(a)(e), 543(b)(1) and Bankruptcy Rules 4002(a)(1), 9011, 9014 and 9016, for an Order (i) directing Andy Alege ("Alege"), Ron Fraser ("Frasier"), Andre Juman ("Juman") and/or a responsible party of the Debtor to cooperate with the Trustee and comply with the Orders of this Court dated May 28, 2024, to appear for examination and produce documents pursuant to the Subpoena for Rule 2004 Examination and to turn over all documents correspondence and communications relating to the purchase of the real properties located at 112 North Walnut Street, East Orange, New and 116 North Walnut Street, East Orange, New Jersey; (ii) awarding the Trustee's Attorney's fees and costs of this Motion in the amount of $2,500.00;

and (iii) for such, other further and related relief as the Court deems just, proper and equitable.

Dated: East Meadow, New York
September 9, 2025

                                   **CERTILMAN BALIN ADLER & HYMAN, LLP**
                                   Counsel to the Chapter 7 Trustee

                                   By: /s/ Richard J. McCord
                                       **RICHARD J. MCCORD, ESQ**.
                                       90 Merrick Avenue
                                       East Meadow, New York 11554
                                       Phone: (516) 296-7000